UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:08-CV-00119

|  |  |
|---|---|
| EDWARD CARRINGTON, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) |
| DUKE UNIVERSITY, et al., Defendants. | ) |

**BRIEF IN SUPPORT OF CITY DEFENDANTS' JOINDER IN
DUKE DEFENDANTS' MOTION REGARDING ATTORNEY-INITIATED
AND ATTORNEY-SANCTIONED CONTACT WITH THE MEDIA**
*(EXPEDITED CONSIDERATION REQUESTED)*

NOW COME Defendants the City of Durham, North Carolina, Mark Gottlieb, Benjamin Himan, Patrick Baker, Steven Chalmers, Ronald Hodge, Lee Russ, Stephen Mihaich, Beverly Council, Jeff Lamb, Michael Ripberger, and David Addison (collectively, the "City Defendants"), herein by and through their respective counsel of record, and pursuant to LR7.3(f), MDNC, submit this brief in support of their joinder in the Duke Defendants' Motion Regarding Attorney-Initiated and Attorney-Sanctioned Contact with the Media.

STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT

Defendants Duke University, Duke University Health System, Inc., Richard Brodhead, Peter Lange, Larry Moneta, John Burness, Tallman Trask, Suzanne Wasiolek, Matthew Drummond, Aaron Graves, Robert Dean, Tara Levicy, Theresa Arico, Kate Hendricks, and Victor Dzau (collectively, the "Duke Defendants") have moved the Court

(docket no. 10) to enter an order regarding attorney-initiated and attorney-sanctioned contact with the media. The City Defendants join in that motion.

STATEMENT OF THE FACTS

The City Defendants adopt and incorporate herein by reference the "STATEMENT OF FACTS" set forth at pp. 4-6 of the Memorandum in Support of the Duke Defendants' Motion Regarding Attorney-Initiated and Attorney-Sanctioned Contact with the Media. (Docket no. 11.)

Further, the City Defendants are concerned that statements have been made and will likely be made in the future that have a substantial likelihood of materially prejudicing an adjudicative proceeding in this matter with respect to the City Defendants.

For example, during the February 21, 2008 press conference, before this lawsuit was filed, Plaintiff's counsel made the following statements:

> The individual defendants in this suit are chiefly, one: Durham officials who corruptly seized upon and exploited the accuser's lie and the intense media firestorm that it generated to advance their own career ambitions, to further their own ideological agendas, or to gratify their own personal prejudices.

(Docket no. 10-7, p. 4.)

> Chief among the wrong doers in this case, of course, is Former District Attorney Michael Nifong. As everyone now knows, he and his equally-corrupt police investigators concealed exculpatory evidence; manufactured inculpatory evidence; rigged photo lineups; tampered with and intimidated witnesses and blatantly lied to the court in a determined effort to indict, try, convict and ultimately, to imprison three lacrosse players -- any three would do -- for a crime that the prosecutor and investigators knew had never happened.

(Id.)

Also during the news conference Plaintiff Steve Henkelman accused the City of Durham of producing and distributing "lie-filled CrimeStopper fliers" that "forced my son,

[Plaintiff Erik Henkleman] . . . to leave his house out of fear and find another safe refuge." (Id., p. 7.) He asserted that

> The abuse was relentless. Each day I wondered what would Nifong claim next to further his fraudulent case. What evidence might the police fabricate or conceal?

(Id.) Also during the news conference, Plaintiff Steve Henkelman accused Defendant Mark Gottlieb of engaging in a "perverse pursuit of convictions." (Id. at 8)

The City Defendants join the Duke Defendants' motion and wish to emphasize to the Court that they will likely suffer the same prejudice as the Duke Defendants, from statements made in the February 21, 2008 press conference and on the website, that are designed to engender sympathy for the Plaintiffs and ire for the City Defendants as well as the Duke Defendants.

## QUESTIONS PRESENTED

The City Defendants adopt and incorporate herein by reference the "QUESTIONS PRESENTED" set forth at pp. 6-7 of the Memorandum in Support of the Duke Defendants' Motion Regarding Attorney-Initiated and Attorney-Sanctioned Contact with the Media. (Docket no. 11.)

## ARGUMENT

The City Defendants adopt and incorporate herein by reference the "ARGUMENT" set forth at pp. 7-14 of the Memorandum in Support of the Duke Defendants' Motion Regarding Attorney-Initiated and Attorney-Sanctioned Contact with the Media. (Docket no. 11.)

Rule 3.6(a) of the Revised Rules of Professional Conduct of the North Carolina State

Bar provides as follows:

> A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

Extrajudicial statements that create a "substantial likelihood" of material prejudice include comments that are likely to: "influence the actual outcome of the trial" or "prejudice the jury venire, even if an untainted panel can ultimately be found." Gentile v. State Bar of Nevada, 501 U.S. 1030, 1075 (1991) (noting that "few, if any, interests under the Constitution are more fundamental than the right to a fair trial by 'impartial' jurors, and an outcome affected by extrajudicial statements would violate that fundamental right.")

Plaintiffs have demanded a jury trial. Statements made by the Plaintiffs' attorney and agents appear calculated to "influence the actual outcome of the trial" and/or to "prejudice the jury venire" not only as to the Duke Defendants, but also as to the City Defendants. Protecting against such harm is paramount. See, Gentile, at 1075 (noting that "few, if any, interests under the Constitution are more fundamental than the right to a fair trial by 'impartial' jurors, and an outcome affected by extrajudicial statements would violate that fundamental right.")

Yet, Plaintiffs' counsel, one of the Plaintiffs, and the Plaintiffs' publicist conducted a press conference at the National Press Club in Washington, DC, on February 21, 2008, which lasted for almost an hour. During that news conference, statements such as those quoted above in the Statement of the Facts were made. In the news release from Plaintiff's counsel, and at the press conference, those reading the press release and attending or listening to the

press conference were invited to visit a website developed by Plaintiffs or their agents. (Docket nos. 10-5, p. 3; 10-7, p. 15) That website states that it is "the official source of information" about this case. (Docket no. 10-3, p. 2.). The website, the press conference and statements, and the press release have a substantial likelihood of materially prejudicing this adjudicative proceeding as to the City Defendants as well as the Duke Defendants.

Accordingly, this Court should declare that the existing website, the press conference on February 21, 2008, and the press release issued on February 21, 2008 violate Rule of Professional Conduct 3.6 and LR83.10e(b), MDNC.[1]

## CONCLUSION

WHEREFORE, Defendants City of Durham, North Carolina, Mark Gottlieb, Benjamin Himan, Patrick Baker, Steven Chalmers, Ronald Hodge, Lee Russ, Stephen Mihaich, Beverly Council, Jeff Lamb, Michael Ripberger, and David Addison request that the Court allow the Duke Defendants' motion (docket no. 10), declare that the existing

---

[1] The only public statement in response made by any of the City Defendants was carried on WTVD 11 (Durham, North Carolina ABC TV affiliate), North Carolina Public Radio (WUNC 91.5 FM), NBC17 (Durham, North Carolina NBC TV affiliate), and CNN, was made in response to media inquiries, by a City spokesperson, who simply stated that,

> This lawsuit isn't coming as a surprise to the City. Our attorneys are currently reviewing the complaint since it was just filed today.

(See accompanying Affidavit of Beverly B. Thompson.) Although this statement was not made by a lawyer, even if it had been a lawyer's indirect statement, Rule of Professional Conduct 3.6(c) provides that

> a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client. A statement made pursuant to this paragraph shall be limited to such information as is reasonably necessary to mitigate the recent adverse publicity.

website, the press conference on February 21, 2008, and the press release issued on February 21, 2008 that are the subject of the motion violate Rule of Professional Conduct 3.6 and LR83.10e(b), MDNC, and grant the Duke Defendants and the City Defendants such other relief as the Court deems appropriate.

This the 13th day of March, 2008.

FAISON & GILLESPIE

By: /s/ Reginald B. Gillespie, Jr.
Reginald B. Gillespie, Jr.
North Carolina State Bar No. 10895

Attorneys for Defendant the City of Durham,
North Carolina
Post Office Box 51729 [27717-1729]
5517 Chapel Hill Boulevard, Suite 2000
Durham, North Carolina 27707
Telephone: (919) 489-9001
Fax: (919) 489-5774
E-Mail: rgillespie@faison-gillespie.com

STEPTOE & JOHNSON LLP

By: /s/ Roger E. Warin
Roger E. Warin*
Michael A. Vatis*
Matthew J. Herrington*
John P. Nolan*
Ana H. Voss*

Attorneys for Defendant the City of Durham,
North Carolina
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
E-Mail: rwarin@steptoe.com

*(Motion for Special Appearance to be filed)

***SIGNATURES OF COUNSEL CONTINUED ON NEXT PAGE***

POYNER & SPRUILL LLP

By: /s/ Edwin M. Speas
    Edwin M. Speas
    North Carolina State Bar No. 4112

    Attorneys for Defendant Mark Gottlieb
    3600 Glenwood Avenue
    Raleigh, North Carolina  27612
    Telephone:  (919) 783-6400
    Fax: (919) 783-1075
    E-Mail: espeas@poynerspruill.com

KENNON, CRAVER, BELO, CRAIG & MCKEE, PLLC

By: /s/ Joel M. Craig
    Joel M. Craig
    North Carolina State Bar No. 9179

    Attorneys for Defendant Benjamin Himan
    4011 University Drive, Suite 300
    Post Office Box 51579
    Durham, North Carolina  27717-1579
    Telephone:  (919) 490-0500
    Fax: (919) 490-0873
    E-Mail: jcraig@kennoncraver.com

TROUTMAN SANDERS LLP

By: /s/ Patricia P. Kerner
    Patricia P. Kerner
    North Carolina State Bar No. 13005

    Attorneys for Defendants Patrick Baker, Steven Chalmers, Ronald Hodge, Lee Russ, Stephen Mihaich, Beverly Council, Jeff Lamb, and Michael Ripberger
    434 Fayetteville Street Mall
    Two Hannover Square, Suite 1100
    Raleigh, North Carolina  27601
    Telephone:  (919) 835-4100
    Fax: (919) 829-8714
    E-Mail: tricia.kerner@troutmansanders.com

***SIGNATURES OF COUNSEL CONCLUDED ON NEXT PAGE***

MAXWELL, FREEMAN & BOWMAN, P.A.

By: /s/ James B. Maxwell
    James B. Maxwell
    North Carolina State Bar No. 2933

    Attorneys for Defendant David Addison
    Post Office Box 52396
    Durham, North Carolina 27717
    Telephone: (919) 493-6464
    Fax: (919) 493-1218
    E-Mail: jmaxwell@mfbpa.com

<u>CERTIFICATE OF ELECTRONIC FILING AND SERVICE</u>

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record, to each of whom the NEF will be transmitted, except that, with respect to the following parties, a copy is being transmitted via first class mail to the address listed below:

Mr. Linwood Wilson
*Pro Se*
[Home Address redacted per LR 7.1(b), MDNC and ECF P&P Manual, part J]

Mr. J. Wesley Covington
Bryant, Patterson, Covington, Lewis & Lindsley, P.A.
Post Office Box 341
Durham, North Carolina 27702

This the 13th day of March, 2008.

FAISON & GILLESPIE

By: /s/ Reginald B. Gillespie, Jr.
    Reginald B. Gillespie, Jr.

RBGjr:ms
8838-34\P\003 JOINDER MOTION MEMO