IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:08-cv-119

| | |
|---|---|
| EDWARD CARRINGTON, et al., ) | |
| ) | |
| Plaintiffs, ) | **Plaintiffs' Response to City** |
| ) | **Defendants' Joinder in Duke** |
| v. ) | **Defendants' Motion Regarding** |
| ) | **Attorney-Initiated and** |
| ) | **Attorney-Sanctioned** |
| DUKE UNIVERSITY, et al., ) | **Contact with the Media** |
| ) | |
| Defendants. ) | |

## NATURE OF THE MATTER BEFORE THE COURT

Defendants City of Durham, *et al.* (collectively the "City Defendants") have joined the Duke Defendants' Motion Regarding Attorney-Initiated and Attorney-Sanctioned Contact with the Media ("Duke Mot."), adopted Duke's arguments, *see* City Defendants' Brief ("City Def. Br.") 1-3, and also filed a brief of their own.

## STATEMENT OF FACTS

Plaintiffs in this action, 38 members of the 2006 Duke University Lacrosse team and several parents of certain members, incorporate by reference the "Statement of Facts" set forth at pages 1 through 4 of their Response to [Duke] Defendants' Motion Regarding Attorney-Initiated and Attorney-Sanctioned Contact with the Media ("Response to Duke's Motion") (Docket No. 38).

## QUESTION PRESENTED

Plaintiffs incorporate by reference the "Question Presented" at page 4 of their Response to Duke's Motion (Docket No. 38).

## ARGUMENT

Most of the points made by the City Defendants were answered in Plaintiffs' Response to Duke's Motion, and therefore Plaintiffs wish to make only a few short points in further opposition to the City Defendants' motion.

*First*, the City Defendants, like Duke, object to statements made at the press conference that merely reiterate the Complaint. The City Defendants identify two statements by Mr. Cooper, the first of which is taken almost verbatim from paragraph 3 of the Complaint and second of which is virtually identical to paragraph 5. *See* City Def. Br. 2. The City's motion, like Duke's, therefore collides headlong with Rule 3.6(b)(1) and (2), which expressly provide that, "[n]otwithstanding" the more general prohibition on attorney statements set forth in paragraph (a), a lawyer is free to state publicly "the claim, offense or defense involved" and any "information contained in a public record." Mr. Cooper's statements, which were lifted directly from Plaintiffs' complaint, obviously qualify for Rule 3.6(b)'s explicit safe-harbor. Indeed, most—perhaps all—of this material was in the public record even before the filing of the Complaint in this case due to the similar allegations and claims made in the two separate complaints previously filed on behalf of the three indicted members of the lacrosse team (Messrs. Evans, Finnerty

and Seligmann) and on behalf of team members Ryan McFayden, Matthew Wilson and Breck Archer.

*Second*, the commentary published with Rule 3.6(b) confirms that the safe-harbor provision is just as broad as it appears. Comment Four explains that "[p]aragraph (b) identifies specific matters"—the plaintiffs' claims and any other public-record information—"[that] *should not in any event be considered prohibited by the general prohibition of paragraph (a)*." (Emphasis added). There is no room here for Defendants' proposed "incendiary language" exception to the safe-harbor provision. *See* MONROE H. FREEDMAN & ABBE SMITH, UNDERSTANDING LAWYERS' ETHICS 109 (3 ed., 2004) ("[L]awyers in civil cases can freely discuss any information contained in complaints, answers, motions to dismiss, motions for summary judgment, and any other pleadings or discovery documents that have been filed with the Court and that are not subject to a protective order.").[1] This is further supported by Comment One to the Rule, which recognizes that "there are vital social interests served by the free dissemination of information about events having legal consequences and about legal proceedings themselves. The public has … a legitimate interest in the conduct of judicial proceedings, particularly in matters of general public concern." Surely few matters are of

---

[1] Indeed, Professor Freedman has commented on the merits of Duke's Motion, noting: "There is nothing wrong with trying a case in the press. Speech about a pending case is constitutionally protected. *See* Freedman & Smith , Understanding Lawyer's Ethics 104-109 (3 ed., 2004). And see MR 3.6(b)(2), permitting a lawyer to state publicly any information contained in a public record (and not subject to a protective order)." Legal Ethics Forum, at
http://legalethicsforum.typepad.com/blog/2008/03/website-as-extr.html.

greater public concern than the conduct of government and its agents in the investigation and prosecution of alleged crimes—particularly where, as here, the state's attorney general has been compelled to take over a local government's criminal prosecution and has then castigated local law enforcement officials for appalling abuses of power.

*Third*, the City Defendants, like the Duke Defendants, have not disputed that it is *their* burden to *prove* that the challenged statements to the media "will have a substantial likelihood of materially prejudicing an adjudicative proceeding." Rule 3.6(a). *See, e.g., Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1037-38 (1991) (plurality opinion of Kennedy, J.); *Doe v. Zeder*, 782 N.Y.S.2d 349, 355 (Sup. Ct. N.Y. 2004). Yet the City, like Duke, makes no effort whatsoever to shoulder this burden, offering only conclusory assertions that parrot the language of the rule. *See, e.g.,* City Def. Br. 5.

*Fourth*, like Duke, the City Defendants fail to offer *even one case* where Rule 3.6 has been applied to sanction or to restrict attorney speech in a civil case. Instead, the City relies—inexplicably—on *Gentile*, a *criminal* proceeding where sanctions against an attorney for statements to the press were *overturned* and the state bar's disciplinary rule restricting speech was held *unconstitutional*. *See* 501 U.S. at 1048-49 (opinion of Kennedy, J., for the Court); *id.* at 1082 (O'Connor, J., concurring).

*Fifth,* the City Defendants completely ignore *Hirschkop v. Snead*, 594 F.2d 356 (4th Cir. 1979) (*en banc*), where the Court of Appeals noted the utter "dearth of evidence that lawyers' comments taint civil trials" and concluded that "the rule's restrictions on freedom of speech are not essential to fair civil trials." *Id.* at 373.

4

*Sixth*, and finally, we are constrained to say that the City Defendants' effort to silence the Plaintiff lacrosse players gives new meaning to the concept of gall. The tsunami of negative national media publicity and commentary that engulfed the lacrosse players for months in 2006 was fueled in large measure by negative public comments and information from the City of Durham and its agents, including members of the City Council, City spokesmen, Durham Police Department spokesmen and officers, and of course, District Attorney Michael Nifong, to whom the City had delegated control over the rape investigation. *See* Motion to Change Venue, *North Carolina v. Seligmann, et al.*, Nos. 06 CRS 4334-36, 4331-33, 5581-83 (General Ct. of Justice, Super. Ct. Div.), Dec. 15, 2006 (a copy of the venue motion is attached to our Response to Duke's Motion). Indeed, in disbarring Nifong, the Disciplinary Hearing Commission of the North Carolina State Bar found that Nifong's "conduct was, at least, a major contributing factor in the exceptionally intense national and local media coverage the Duke Lacrosse case received and in the public condemnation heaped upon the [lacrosse players]. As a result of Nifong's misconduct, these young men experienced heightened public scorn and loss of privacy while facing very serious criminal charges of which the Attorney General of North Carolina ultimately concluded they were innocent." Amended Findings of Fact, Conclusions of Law and Order of Discipline, Finding No. 4, 06-DAC35 (July 24, 2007) (a copy of the Disciplinary Hearing Commission's order is attached hereto as Exhibit A). As noted in our Response to Duke's Motion, the Plaintiffs' press release, press conference, and website are plainly within Rule 3.6(c)'s authorization of attorney speech

designed "to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client."[2]

## CONCLUSION

For these reasons and for those set forth in Plaintiffs' Response to the Duke Defendants' motion, the motion regarding attorney contact with the media should be denied.

April 7, 2008                    Respectfully submitted,

**COOPER & KIRK, PLLC**


By:  /s/ Charles J. Cooper
　　　Charles J. Cooper*
　　　Brian S. Koukoutchos*
　　　David H. Thompson*
　　　Nicole Jo Moss (N.C. Bar # 31958)
　　　1523 New Hampshire Avenue, NW
　　　Washington, DC  20036
　　　Tel. (202) 220-9600
　　　Email: ccooper@cooperkirk.com
　　　Email: nmoss@cooperkirk.com

*Attorneys for Plaintiffs*

　　　(* motion for special appearance
　　　　has been filed)

---

[2] Rule 3.6(c) "means that the lawyer may, with impunity, defend her client's reputation, regardless of whether the harmful statements about the client had been made by the other side or by third persons." FREEDMAN & SMITH, UNDERSTANDING LAWYERS' ETHICS 108.

-and-

**THOMAS, FERGUSON & MULLINS, L.L.P.**

By: /s/ William J. Thomas
    William J. Thomas, II (N.C. Bar # 9004)
    119 East Main Street
    Durham, NC  27701
    Tel. (919) 682-5648
    Email: thomas@tfmattorneys.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2008, I electronically filed the foregoing "Plaintiffs' Response to City Defendants' Joinder in Duke Defendants' Motion Regarding Attorney-Initiated and Attorney-Sanctioned Contact with the Media" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

*Counsel for Defendants Duke University, Richard H. Brodhead, Peter Lange, Larry Moneta, John Burness, Tallman Trask, Suzanne Wasiolek, Matthew Drummond, Aaron Graves, Robert Dean, Kate Hendricks and Victor Dzau*

J. Donald Cowan, Jr. (N.C. Bar # 0968)
Dixie T. Wells (N.C. Bar # 26816)
L. Cooper Harrell (N.C. Bar # 27875)
Smith Moore LLP
300 N. Greene Street
Suite 1400
Greensboro, N.C. 27401
Don.cowan@smithmoorelaw.com
Dixie.wells@smithmoorelaw.com
Cooper.harrell@smithmoorelaw.com

*Counsel for Defendants Duke University Health Systems, Inc. Tara Levicy and Theresa Arico*
Dan J. McLamb (N.C. Bar # 6272)
Yates, McLamb & Weyher, L.L.P.
One Bank of America Plaza
421 Fayetteville Street, Suite 1200
Raleigh, North Carolina 27601
dmclam@ymwlaw.com

*Counsel for Duke University, Duke University Health Systems, Inc., Tara Levicy and Theresa Arico, Richard H. Brodhead, Peter Lange, Larry Moneta, John Burness, Tallman Trask, Suzanne Wasiolek, Matthew Drummond, Aaron Graves, Robert Dean, Kate Hendricks and Victor Dzau*

William F. Lee
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
William.lee@wilmerhale.com

Jamie Gorelick
Paul. R. Q. Wolfson
Jennifer M. O'Connor
Wilmer Culter Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Jamie.gorelick@wilmerhale.com
paul.wolfson@wilmerhale.com
Jennifer.oconnor@wilmerhale.com

*Counsel for David W. Addison*
James B. Maxwell
Maxwell, Freeman & Bowman, P.A.
P.O. Box 52396
Durham, NC 27717
Phone: (919) 493-6464
jmaxwell@mfbpa.com

*Counsel for City of Durham*
Reginald B. Gillespie, Jr.
Faison & Gillespie
P.O. Box 5517
Durham, NC 27717
rgillespie@faison-gillespie.com

*Counsel for Benjamin W. Himan*
Joel Miller Craig
4011 University Drive, Suite 300
Durham, North Carolina 27717-1579
jcraig@kennoncraver.com

*Counsel for Beverly Council, Ronald Hodge, Jeff Lamb, Stephen Mihaich, Michael Ripberger, Lee Russ, and Patrick Baker, Steven Chalmers,*

> Patricia P. Kerner
> D. Martin Warf
> Hannah G. Styron
> Troutman Sanders, LLP
> P.O. Drawer 1389
> Raleigh, NC 27602-1389
> tricia.kerner@troumansanders.com
> martin.warf@troutmansanders.com
> hannah.styron@troutmansanders.com

As of the date of this filing, no attorney has made an appearance on behalf of the following Defendants. Based on information and belief, the following Defendants are represented by counsel as indicated below and are being served by email:

> *Counsel for Mark D. Gottlieb*
> Edwin M. Speas, Jr., Esq. (N.C. Bar # 4112)
> P.O. Box 10096
> Raleigh, North Carolina 27605-0096
> espeas@poynerspruill.com

> *Counsel for Steven Chalmers*
> Reginald B. Gillespie, Jr.
> Faison & Gillespie
> P.O. Box 5517
> Durham, NC 27717
> rgillespie@faison-gillespie.com

As of the date of this filing, no attorney has made an appearance on behalf of the following Defendants. I hereby certify that I served the following Defendants by U.S. Mail:

Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503-9700

J. Wesley Covington
Kress Building, Mezzanine Floor
103 W. Main St.
Durham, NC 27701

This 7th day of April 2008.

/s/ Nicole Jo Moss_____
Nicole Jo Moss (N.C. Bar # 31958)
1523 New Hampshire Avenue, NW
Washington, DC  20036
Tel. (202) 220-9600
nmoss@cooperkirk.com