## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## No. 1:08-cv-119

_____
                                                            )
EDWARD CARRINGTON, et al.,            )
                                                            )
                        Plaintiffs,            )
          v.                                          )
                                                            )
DUKE UNIVERSITY, et al.,                   )
                                                            )
                        Defendants.         )
_____ )

## MOTION TO REQUIRE DEFENDANTS TO PARTICIPATE IN THE
## MANDATORY RULE 26(F) DISCOVERY CONFERENCE

Plaintiffs respectfully file this motion requesting that the Court order counsel for the Defendants to participate forthwith in the mandatory discovery conference required by Rule 26(f) of the Federal Rules of Civil Procedure or in the alternative to set an initial scheduling conference pursuant to Rule 16(a), which would then require that Defendants participate in a Rule 26(f) conference at least 21 days in advance thereof. In support of this Motion, the Plaintiffs state as follows:

      1.      Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, it is mandatory, except in certain exempted proceedings which do not apply here, for the parties to confer "as soon as practicable" regarding "the nature and basis of their claims and defenses," the plan for initial disclosures, preservation of relevant evidence, and for creating a discovery plan to govern among other things the timing and form of discovery. The purpose of this mandatory conference is to attempt from the outset of an action to

encourage parties "to frame a mutually agreeable [discovery] plan." *See* Notes of Advisory Committee on 2000 Amendments. In accordance with this goal, discovery is not permitted until "the parties have conferred as required by Rule 26(f)." *See* FED. R. CIV. P. 26(d)(1). The Rules, however, do not contemplate long delays in discovery as the deadline for holding a 26(f) conference is 21 days in advance of the first court-scheduled discovery conference or 21 days in advance of the court-issued scheduling order, *see* FED. R. CIV. P. 26(f)(1), which in turn should be issued under the Rules "the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared." FED. R. CIV. P. 16(b)(2).

2. In accordance with the requirement in the Rules that the mandatory Rule 26(f) conference should occur "as soon as practicable" and certainly in advance of the court issuing its own scheduling order, Plaintiffs' counsel has approached counsel for the Defendants in an attempt to schedule this conference and has been informed that Defendants will not participate in this conference while motions to dismiss are pending or until the Court schedules a discovery conference. Since there can be no discovery until the Rule 26(f) conference occurs, by refusing to meet, Defendants are unilaterally instituting their own de facto stay of discovery without having sought the Court's approval or explained why such a stay should be granted in this case.

3. There are compelling reasons why both the Rule 26(f) conference and discovery should proceed expeditiously in this case. A significant part of a Rule 26(f) conference is discussing the preservation steps the parties are taking to ensure that

relevant evidence is not lost. This concern is especially paramount for electronically stored information ("ESI") such as email that due to the routine operation of a computer system may get overwritten or made significantly more burdensome and expensive to retrieve with the passage of time. Waiting months, if not longer, while a motion to dismiss is pending to discuss what sort of information will be required in discovery, how ESI will be preserved, and how ESI and other information will be produced will likely create far more disputes and difficulties than if those issues are dealt with at the outset as Rule 26 intended. Moreover, it is a simple fact that time is not the friend of discovery. The more time that passes, the more opportunity there is for relevant information to be lost or destroyed. Memories fade, servers crash, backup tapes get overwritten, etcetera. While the parties should be able to agree on some reasonable limitations on discovery while motions to dismiss are pending (and indeed the good faith attempt by parties to fashion these sorts of resolutions for a discovery plan is what Rule 26(f) contemplates), for the most vulnerable of evidence, such as email, discovery should not have to wait until the end of the motions practice or there is a very high chance that some relevant evidence will no longer exist. Certainly the decision to forgo or otherwise frustrate any discovery, including discovery into email and other vulnerable ESI, should not be made by Defendants' unilateral refusal to participate in the mandatory Rule 26(f) conference.

4. A Rule 26(f) conference specifically contemplates that the parties attempt to fashion a discovery plan that addresses the sorts of issues implicated by the filing of a motion to dismiss. What is not contemplated under the Rules, and is contrary to the

requirement that the parties attempt to work out a discovery plan in good faith, is Defendants' refusal to meet at all and thus effectively to stay discovery unilaterally.

5. Defendants,[1] for the reason stated herein that motions to dismiss will be filed, are opposed to this motion.

For the foregoing reasons, Plaintiffs respectfully request that the Court either order the Defendants to participate forthwith in a Rule 26(f) conference or that the Court schedule an initial discovery hearing pursuant to Rule 16(a) of the Federal Rules, which will trigger the requirement that Defendants participate at least 21 days in advance in a Rule 26(f) conference. A proposed order is attached.

Dated: May 22, 2008.  Respectfully submitted,

**COOPER & KIRK, PLLC**

/s/ Charles J. Cooper
Charles J. Cooper*
David H. Thompson*
Nicole Jo Moss (N.C. Bar # 31958)
1523 New Hampshire Avenue, NW
Washington, DC 20036
Tel: (202) 220-9600
Email: ccooper@cooperkirk.com
Email: dthompson@cooperkirk.com
Email: nmoss@cooperkirk.com

(* motion for special appearance has been filed)

-and-

---

[1] There is one Defendant with whom plaintiffs' counsel has been able to confer, Defendant Linwood Wilson, who is acting *pro se* and who has not provided any contact information to counsel.

**THOMAS, FERGUSON & MULLINS, L.L.P.**

/s/ William J. Thomas
William J. Thomas, II (N.C. Bar No. 9004)
119 East Main Street
Durham, NC  27701
Tel:  (919) 682-5648
Email:  thomas@tfmattorneys.com
***Attorneys for Plaintiffs***

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2008, I electronically filed the foregoing Motion To Require Defendants To Participate In The Mandatory Rule 26(F) Discovery Conference with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

**TROUTMAN SANDERS LLP**
Patricia P. Kerner (N.C. State Bar No. 13005)
434 Fayetteville Street, Suite 1900
Raleigh, NC  27601
Tel:  (919) 835-4117
Fax:  (919) 829-8714
Email:  tricia.kerner@troutmansanders.com
*Counsel for Defendants Steven Chalmers, Patrick Baker, Beverly Council, Ronald Hodge, Jeff Lamb, Stephen Mihaich, Michael Ripberger, and Lee Russ*

**FAISON & GILLESPIE**
Reginald B. Gillespie, Jr. (N.C. State Bar No. 10895)
5517 Durham Chapel Hill Boulevard, Suite 2000
Durham, NC  27727-1729
Tel:  (919) 489-9001
Fax:  (919) 489-5774
Email: rgillespie@faison-gillespie.com
*Counsel for Defendantst City of Durham, North Carolina and Steven Chalmers*

**STEPTOE & JOHNSON LLP**
Roger E. Warin*
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Tel:  (202) 429-3000
Fax:  (202) 429-3902
E-Mail:  rwarin@steptoe.com
*(Motion for Special Appearance to be filed)
*Counsel for Defendant City of Durham, North Carolina*

**SMITH MOORE LLP**
J. Donald Cowan, Jr. (N.C. State Bar No. 0968)
Dixie T. Wells (N.C. State Bar No. 26816)
P.O. Box 21927
300 N. Greene Street, Suite 1400
Greensboro, NC  27401
Tel:  (336) 378-5329
Fax:  (336) 378-5400
Email:  don.cowan@smithmoorelaw.com
Email:  Dixie.wells@smithmoorelaw.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Jamie Gorelick* (DC Bar No. 101370)
1875 Pennsylvania Avenue, NW
Washington, DC  20006
Tel:  (202) 663-6500
Fax:  (202) 663-6363
Email:  Jamie.gorelick@wilmerhale.com
*Counsel for Defendants Duke University, Aaron Graves, Robert Dean, Richard H. Brodhead, Peter Lange, Tallman Trask, III, John Burness, Larry Moneta, Victor J. Dzau, M.D., Allison Halton, Kemel Dawkins, Suzanne Wasiolek, Matthew Drummond,*

*Counsel for Duke University Health Systems, Inc., Theresa Arico, and Tara Levicy*
(*motion for special appearance filed)

**POYNER & SPRUILL LLP**
Edwin M. Speas, Jr. (N.C. State Bar No. 4112)
P.O. Box 10096
Raleigh, NC  27605-0096
Tel:  (919) 783-6400
Fax:  (919) 783-1075
Email:  espeas@poyerspruill.com
*Counsel for Defendant Mark Gottlieb*

**KENNON, CRAVER, BELO, CRAIG & MCKEE, PLLC**
Joel M. Craig (N.C. State Bar No. 9179)
P.O. Box 51579
4011 University Drive, Suite 300
Durham, NC 27717-1579
Tel: (919) 490-0500
Fax: (919) 490-0873
Email: jcraig@kennoncraver.com
*Counsel for Defendant Benjamin Himan*

**MAXWELL FREEMAN & BOWMAN, P.A.**
James B. Maxwell (N.C. State Bar No. 2933)
P.O. Box 52396
Raleigh, NC 27717-2396
Tel: (919) 493-6464
Fax: (919) 493-1218
Email: jmaxwell@mfbpa.com
*Counsel for Defendant David Addison*

**PINTO COATES KYRE & BROWN, PLLC**
Kenneth Kyre Jr. (N.C. Bar # 7848)
Paul D. Coates (N.C. Bar # 9753)
P.O. Box 4848
Greensboro, NC 27404
Email: kkyre@pckb-law.com
Email: pcoates@pckb-law.com
*Counsel for J. Wesley Covington*

As of the date of this filing, no attorney has made an appearance on behalf of the following Defendant. I hereby certify that I served the following Defendants by U.S. Mail:

Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503-9700


/s/ Nicole Jo Moss

8