IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:08-CV-119

| | | |
|---|---|---|
| EDWARD CARRINGTON, CASEY J. CARROLL, MICHAEL P. CATALINO, GALE CATALINO, THOMAS V. CLUTE, KEVIN COLEMAN, JOSHUA R. COVELESKI, EDWARD J. CROTTY, EDWARD S. DOUGLAS, KYLE DOWD, PATRICIA DOWD, DANIEL FLANNERY, RICHARD GIBBS FOGARTY, ZACHARY GREER, IRENE GREER, ERIK S. HENKELMAN, STEVEN W. HENKELMAN, JOHN E. JENNISON, BEN KOESTERER, MARK KOESTERER, JOYCE KOESTERER, FRED KROM, PETER J. LAMADE, ADAM LANGLEY, CHRISTOPHER LOFTUS, DANIEL LOFTUS, BARBARA LOFTUS, ANTHONY MCDEVITT, GLENN NICK, NICHOLAS O'HARA, LYNNDA O'HARA, DANIEL OPPEDISANO, SAM PAYTON, JOHN BRADLEY ROSS, KENNETH SAUER, III, STEVE SCHOEFFEL, ROBERT SCHROEDER, DEVON SHERWOOD, DANIEL THEODORIDIS, BRET THOMPSON, CHRISTOPHER TKAC, TRACY TKAC, JOHN WALSH, JR., MICHAEL WARD, ROBERT H. WELLINGTON, IV, WILLIAM WOLCOTT, and MICHAEL YOUNG, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ANSWER OF DEFENDANT J. WESLEY COVINGTON TO PLAINTIFFS' COMPLAINT, INCLUDING A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| DUKE UNIVERSITY, DUKE UNIVERSITY HEALTH SYSTEM, INC., RICHARD BRODHEAD, PETER LANGE, LARRY MONETA, JOHN BURNESS, | ) ) ) ) | |

TALLMAN TRASK, SUZANNE             )
WASIOLEK, MATTHEW DRUMMOND,        )
AARON GRAVES, ROBERT DEAN,         )
TARA LEVICY, THERESA ARICO, J.     )
WESLEY COVINGTON, KATE             )
HENDRICKS, VICTOR DZAU, CITY OF    )
DURHAM, LINWOOD WILSON, MARK       )
GOTTLIEB, BENJAMIN HIMAN,          )
PATRICK BAKER, STEVEN              )
CHALMERS, RONALD HODGE, LEE        )
RUSS, STEPHEN MIHAICH, BEVERLY     )
COUNCIL, JEFF LAMB, MICHAEL        )
RIPBERGER, and DAVID ADDISION,     )
                                   )
        Defendants.                )

Defendant J. Wesley Covington (hereinafter referred to as "Wes Covington" or "Covington"), by and through counsel, hereby responds to and answers Plaintiffs' Complaint.

## FIRST DEFENSE AND MOTION TO DISMISS
### (*Failure to State a Claim; Rule 12(b)(6)*)

Plaintiffs' Complaint fails to state legally cognizable claims against Wes Covington upon which relief may be granted, and therefore, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Wes Covington should be dismissed from this lawsuit, and he so moves. Specific grounds and reasons for a dismissal are set forth in a supporting brief being filed contemporaneously herewith.

## SECOND DEFENSE
### (*Responses to Specific Allegations of the Complaint*)

1.      It is admitted that this lawsuit (termed an "action for damages" in Plaintiffs' Complaint) is brought by 38 members of the 2006 Duke University men's lacrosse team

and by certain members of some of the lacrosse team members' families. It is also admitted that "a black exotic dancer" was not gang raped and sodomized by any member of Duke University men's lacrosse team. It is denied that any act or omission of Wes Covington caused Plaintiffs any injuries, let alone "tremendous suffering and grievous, lasting injuries." Most of the other allegations contained in paragraph 1 of Plaintiffs' Complaint read more like jury argument instead of allegations contemplated by Rule 8(a) of the Federal Rules of Civil Procedure, and therefore jury argument-type allegations create unnecessary difficulty in responding to such allegations. Nevertheless, Wes Covington's counsel will seek to respond as best they can under the circumstances presented by the unusual format and form of the Complaint. With respect to the allegations of paragraph 1 of Plaintiffs' Complaint not directly addressed above, Wes Covington is without knowledge or information sufficient to form a belief as to the truth of such allegations.

2.     It is admitted that Crystal Mangum is not a named defendant in this lawsuit. It is further admitted that Mangum's allegations of a gang rape shocked and outraged some unknown number of individuals on the Duke University campus, in Durham, and in the United States. It is further admitted that Mangum exhibited unusual behavior and provided inconsistent and not credible versions of what happened on March 13 and 14, 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.     With respect to the first sentence of paragraph 3 of Plaintiffs' Complaint, it

is admitted that the individual defendants named in this lawsuit are chiefly current or former Durham officials and employees and current or former officials and employees of Duke University. All other allegations contained in the first sentence are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 3 of Plaintiffs' Complaint, except it is expressly denied that Wes Covington was an official, employee, agent, or representative of Duke University, the Duke University Health System, or the City of Durham.

4.      The implication in the first sentence of paragraph 4 of Plaintiffs' Complaint that Wes Covington is a villain is denied, and such allegation is subject to being stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because of its impertinent, unnecessarily pejorative, and improper nature. Additionally, the implication that all defendants are villains is denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 4 of Plaintiffs' Complaint.

5.      Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.      Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Complaint, except it is admitted that Michael Nifong is not named as a defendant because of the automatic stay provision of the federal bankruptcy law.

7.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.     The allegations contained in the third and fifth sentences of paragraph 10 of Plaintiffs' Complaint are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11.     The allegations contained in the seventh sentence of paragraph 11b of Plaintiffs' Complaint are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 and its subparagraphs.

12.     Reading the allegations of paragraph 12 of Plaintiffs' Complaint in its proper context and as it relates to the other allegations of the Complaint, paragraph 12 does not apply to Wes Covington because he was not a subordinate, agent, or representative of Duke University, the Duke University Health System, or the City of Durham. Therefore, the allegations of paragraph 12 are denied as to Wes Covington. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 which pertain to other defendants.

13.	The allegations contained in paragraph 13 of Plaintiffs' Complaint are denied as to Wes Covington. The allegations that Plaintiffs have suffered lasting injuries and irreparable harm to their reputations are denied as they relate to other defendants. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 which pertain to other defendants.

10. [second paragraph 10]	It is admitted that Plaintiff Edward Carrington was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second paragraph 10 of Plaintiffs' Complaint.

11. [second paragraph 11]	It is admitted that Plaintiff Casey J. Carroll was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second paragraph 11 of Plaintiffs' Complaint.

12. [second paragraph 12]	It is admitted that Plaintiff Michael P. Catalino was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second paragraph 12 of Plaintiffs' Complaint.

13. [second paragraph 13]	It is admitted that Plaintiff Thomas Clute was a Duke

University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second paragraph 13 of Plaintiffs' Complaint.

14.   It is admitted that Plaintiff Kevin Coleman was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.   It is admitted that Plaintiff Joshua R. Coveleski was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.   It is admitted that Plaintiff Edward J. Crotty was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.   It is admitted that Plaintiff Edward S. Douglas was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.   It is admitted that Plaintiff Kyle Dowd was a Duke University

undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.     It is admitted that Plaintiff Daniel Flannery was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.     It is admitted that Plaintiff Richard Gibbs Fogarty was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.     It is admitted that Plaintiff Zachary Greer was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     It is admitted that Plaintiff Erik S. Henkelman was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.     It is admitted that Plaintiff John E. Jennison was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester

of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.     It is admitted that Plaintiff Ben Koesterer was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.     It is admitted that Plaintiff Fred Krom was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.     It is admitted that Plaintiff Peter J. Lamade was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.     It is admitted that Plaintiff Adam Langley was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     It is admitted that Plaintiffs Christopher Loftus and Daniel Loftus were Duke University undergraduates and members of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.     It is admitted that Plaintiff Anthony McDevitt was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     It is admitted that Plaintiff Glenn Nick was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     It is admitted that Plaintiff Nicholas O'Hara was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.     It is admitted that Plaintiff Daniel Oppedisano was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.     It is admitted that Plaintiff Sam Payton was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.     It is admitted that Plaintiff John Bradley Ross was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     It is admitted that Plaintiff Kenneth J. Sauer, III was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     It is admitted that Plaintiff Steve Schoeffel was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.     It is admitted that Plaintiff Robert Schroeder was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     It is admitted that Plaintiff Devon Sherwood was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.     It is admitted that Plaintiff Daniel Theodoridis was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.     It is admitted that Plaintiff Brett Thompson was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.     It is admitted that Plaintiff Christopher Tkac was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     It is admitted that Plaintiff John Walsh, Jr. was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.     It is admitted that Plaintiff Michael Ward was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.     It is admitted that Plaintiff Robert Wellington was a Duke University

undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     It is admitted that Plaintiff William Wolcott was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.     It is admitted that Plaintiff Michael Young was a Duke University undergraduate and a member of the Duke men's lacrosse team during the spring semester of 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.     It is admitted that Defendant Duke University is a private, nonprofit organization incorporated in North Carolina which owns and operates educational and research facilities. It is also admitted that in 2006 and 2007 Defendant Richard Brodhead was the President of Duke University and Robert Steel was the Chairman of the Board of Trustees of Duke University. It is further admitted that Defendant Duke University Health System, Inc., is a North Carolina nonprofit corporation that operates health care facilities, including Duke University Hospital, Durham Regional Hospital, Duke Raleigh Hospital, and other health care facilities. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.     It is admitted that Duke Hospital (as defined in Plaintiffs' Complaint) is owned and operated by Defendant Duke University Health System, Inc. (referred to hereinafter as "DUHS"), and that DUHS is a nonprofit corporation. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.     It is admitted that in 2006 and 2007 Defendant Richard Brodhead was the President of Duke University, that he was the chief administrative officer of Duke University, and that he served in a supervisory and policymaking role for Duke University. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.     It is admitted that in 2006 and 2007 Defendant Peter Lange was the Provost of Duke University, and as such he was the chief academic officer for Duke University. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.     It is admitted that in 2006 and 2007 Defendant Tallman Trask was the Executive Vice President of Duke University, and as such, he was the chief administrative and financial officer of Duke University. Covington is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 of Plaintiffs' Complaint.

53.     It is admitted that in 2006 and 2007 Defendant Larry Moneta was the Vice President for Student Affairs at Duke University. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of Plaintiffs' Complaint.

54.     It is admitted that in 2006 and 2007 Defendant John Burness was the Senior Vice President for Public Affairs and Government Relations at Duke University. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of Plaintiffs' Complaint.

55.     It is admitted that in 2006 and 2007 Defendant Victor Dzau was the Chancellor of Health Affairs for Duke University and President and Chief Executive Officer of DUHS. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of Plaintiffs' Complaint.

56.     It is admitted that in 2006 and 2007 Defendant Suzanne Wasiolek was the Assistant Vice President for Student Affairs and Dean of Students at Duke University. It is also admitted that Wasiolek has been a member of the North Carolina State Bar and, in the past, worked as a practicing attorney. It is further admitted that Wasiolek is a citizen and resident of North Carolina. Covington is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58.     It is admitted that in 2006 and 2007 Defendant Tara Levicy was the a sexual assault nurse examiner (also known as a "SANE") at Duke University Hospital. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.     The allegations contained in paragraph 60 of Plaintiffs' Complaint are admitted. However, Wes Covington denies that he is a "Duke Defendant" or that it is appropriate to describe or label him as a "Duke Defendant," and therefore he objects to Plaintiffs' attempt to include him in the group of "Duke Defendants."

61.     It is admitted that in 2006 and 2007 Defendant Kate Hendricks was Deputy General Counsel in the Office of University Counsel at Duke University. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 of Plaintiffs' Complaint.

62.     It is admitted that in 2006 and 2007 Defendant Aaron Graves was Duke University's Associate Vice President for Campus Safety and Security, and as such, his duties included supervising the Duke University Police Department (hereinafter referred

to as "Duke Police Department"). It is also admitted that police officers of the Duke Police Department are commissioned under North Carolina General Statute and have the full range of police authority granted any municipal law enforcement officer on property owned by and/or under the control of Duke University, including adjacent streets and roadways. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62 of Plaintiffs' Complaint.

63.     It is admitted that in 2006 and 2007 Defendant Robert Dean was the Director and Chief of Police of the Duke Police Department, and that Dean reported directly to Defendant Graves, Duke University's Associate Vice President for Campus Safety and Security. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.     The allegations contained in the first and third sentences of paragraph 65 of Plaintiffs' Complaint are admitted. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65.

66.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67.     It is admitted that in 2006 and 2007 Defendant Mark Gottlieb was a detective employed by the Durham Police Department. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67 of Plaintiffs' Complaint.

68.     It is admitted that in 2006 and 2007 Defendant Benjamin Himan was an investigator employed by the Durham Police Department. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68 of Plaintiffs' Complaint.

69.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiffs' Complaint, except it is expressly denied that Nifong is a defendant.

70.     It is admitted that in 2006 and 2007 Defendant Patrick Baker was the City Manager for the City of Durham. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70 of Plaintiffs' Complaint.

71.     The allegations contained in the first and second sentences of paragraph 71 of Plaintiffs' Complaint are admitted. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71 of Plaintiffs' Complaint.

72.     It is admitted that in 2006 and 2007 Defendant Ronald Hodge was the Deputy Chief of Police for the Durham Police Department. Covington is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 72 of Plaintiffs' Complaint.

73.     It is admitted that in 2006 and 2007 Defendant Lee Russ was the Executive Officer to the Chief of Police for the Durham Police Department. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 73 of Plaintiffs' Complaint.

74.     It is admitted that in 2006 and 2007 Defendant Stephen Mihaich was the Commander of Investigative Services for the Durham Police Department. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 74 of Plaintiffs' Complaint.

75.     It is admitted that in 2006 and 2007 Defendant Council was the Commander of the Uniform Patrol Bureau for the Durham Police Department. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 75 of Plaintiffs' Complaint.

76.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of Plaintiffs' Complaint.

77.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of Plaintiffs' Complaint.

78.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of Plaintiffs' Complaint.

79.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of Plaintiffs' Complaint.

80.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of Plaintiffs' Complaint.

81.     It is admitted that some of the alleged claims which Plaintiffs have asserted in their Complaint arise under the United States Constitution and statutes, and some alleged claims purportedly arise under North Carolina law. It is also admitted that this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' "federal claims" against some defendants, but it is denied that Plaintiffs' have any valid and cognizable federal claims against Wes Covington. It is further admitted that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' "state claims" against some defendants, but it is denied that the Court has supplemental jurisdiction over Plaintiffs' state claims against Wes Covington. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 81 of Plaintiffs' Complaint.

82.     It is admitted that venue is proper in the Middle District of North Carolina pursuant to 28 U.S.C. § 1391. It is also admitted that a substantial part of the alleged events giving rise to Plaintiffs' claims occurred in the Middle District of North Carolina. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 82 of Plaintiffs' Complaint.

83.     It is admitted that Mike Pressler had been the coach of Duke University's men's lacrosse team for a number of years prior to March 13, 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 83 of Plaintiffs' Complaint.

84.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of Plaintiffs' Complaint.

85.     It is admitted that Duke University derived benefit from its men's lacrosse program. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 85 of Plaintiffs' Complaint.

86.     It is admitted that the success of Duke University's varsity athletic teams is a factor in Duke's fundraising, and that having successful Division I teams has increased its ability to obtain donations. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 86 of Plaintiffs' Complaint.

87.     The allegations contained in the last sentence of paragraph 87 of Plaintiffs' Complaint are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 87.

88.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of Plaintiffs' Complaint.

89.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of Plaintiffs' Complaint.

90.     It is admitted that on Monday, March 13, 2006, many players on the Duke men's lacrosse team attended an off-campus party at a house located in Durham at 610 North Buchanan Boulevard in a Durham neighborhood known as Trinity Park. It is also admitted that prior to and on March 13 three lacrosse team members, Dave Evans, Matt Zash, and Dan Flannery, were residents of the said house. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 90 of Plaintiffs' Complaint.

91.     The allegations contained in the first sentence of paragraph 91 of Plaintiffs' Complaint are admitted. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 91 of Plaintiffs' Complaint.

92.     It is admitted that the two dancers who arrived at the party were Crystal Mangum and Kim Roberts. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 92 of Plaintiffs' Complaint.

93.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of Plaintiffs' Complaint, except it is admitted that after the party at 610 North Buchanan Mangum told a false story about the Duke men's lacrosse players.

94.     Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 94 of Plaintiffs'

Complaint.

95.     It is admitted that at the party on the night of March 13 and 14, Mangum staggered and collapsed during her "dance" performance, and that the performance came to a premature end a few minutes after it had started. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 95 of Plaintiffs' Complaint.

96.     Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 96 of Plaintiffs' Complaint.

97.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of Plaintiffs' Complaint.

98.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of Plaintiffs' Complaint.

99.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of Plaintiffs' Complaint.

100.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of Plaintiffs' Complaint.

101.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of Plaintiffs' Complaint.

102.     Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 102 of Plaintiffs'

Complaint.

103.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of Plaintiffs' Complaint.

104.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of Plaintiffs' Complaint.

105.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of Plaintiffs' Complaint.

106.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of Plaintiffs' Complaint.

107.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of Plaintiffs' Complaint.

108.   It is admitted that Mangum indicated that the alleged assailants had not used condoms and that ejaculation had occurred, and it is also admitted that if what Mangum indicated was true, then it would have been extremely unlikely that none of her assailants had left DNA traces on or in her. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 108 of Plaintiffs' Complaint.

109.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of Plaintiffs' Complaint.

110.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of Plaintiffs' Complaint.

111.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of Plaintiffs' Complaint.

112.     It is admitted that no doctor or nurse found any objective and definitive medical or physical evidence that Mangum was a victim of a sexual assault. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 112 of Plaintiffs' Complaint.

113.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of Plaintiffs' Complaint.

114.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of Plaintiffs' Complaint.

115.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of Plaintiffs' Complaint.

116.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of Plaintiffs' Complaint.

117.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of Plaintiffs' Complaint.

118.     It is admitted that the Attorney General's National Protocol for Sexual Assault Medical Forensic Examinations, available at http://www.ncjrs.gov/pdffiles1/ovw/206554.pdf, refers to "the importance of examiner neutrality and objectivity during the examination." Covington is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in paragraph 118 of Plaintiffs' Complaint.

119.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of Plaintiffs' Complaint.

120.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of Plaintiffs' Complaint.

121.     The allegations contained in the first and second sentences of paragraph 121 of Plaintiffs' Complaint are admitted. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 121 of Plaintiffs' Complaint.

122.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of Plaintiffs' Complaint.

123.     The allegations contained in the second sentence of paragraph 123 of Plaintiff's Complaint are admitted. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 123 of Plaintiffs' Complaint.

124.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of Plaintiffs' Complaint.

125.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of Plaintiffs' Complaint.

126. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of Plaintiffs' Complaint.

127. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of Plaintiffs' Complaint.

128. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of Plaintiffs' Complaint.

129. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of Plaintiffs' Complaint.

130. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of Plaintiffs' Complaint.

131. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of Plaintiffs' Complaint.

132. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of Plaintiffs' Complaint.

133. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of Plaintiffs' Complaint.

134. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of Plaintiffs' Complaint, except it is admitted that Defendant Gottlieb had developed a reputation among some Duke students and others of being biased against Duke students.

135.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of Plaintiffs' Complaint.

136.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of Plaintiffs' Complaint.

137.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of Plaintiffs' Complaint, except it is admitted that Himan was assisting Gottlieb in the investigation of the alleged rape of Mangum.

138.     It is admitted that Dean Wasiolek is a lawyer and in 2006 was a member of the North Carolina State Bar. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 138 of Plaintiffs' Complaint.

139.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of Plaintiffs' Complaint.

140.     It is admitted that Dean Wasiolek did not believe that any lacrosse player had raped anyone at the party that was held on March 13, 2006. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 140 of Plaintiffs' Complaint.

141.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of Plaintiffs' Complaint.

142.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of Plaintiffs' Complaint.

143.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of Plaintiffs' Complaint.

144.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 of Plaintiffs' Complaint.

145.    Because Wes Covington does not know what Dean Wasiolek told the players, he does not know whether she knew or should have known what was said was or was not in the players' best interests. Therefore, Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of Plaintiffs' Complaint. Notwithstanding a lack of knowledge and information, Covington does not believe that Wasiolek would have told the players something that she did not believe was in their best interest.

146.    The allegations contained in paragraph 146 of Plaintiffs' Complaint are denied.

147.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of Plaintiffs' Complaint.

148.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of Plaintiffs' Complaint.

149.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of Plaintiffs' Complaint.

150.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of Plaintiffs' Complaint.

151.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 of Plaintiffs' Complaint.

152.    The allegations contained in the first sentence of paragraph 152 of Plaintiffs' Complaint are admitted. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 152.

153.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of Plaintiffs' Complaint.

154.    It is admitted that Mangum told inconsistent versions of what happened to her and she was inconsistent in her efforts to identify her alleged assailants. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 154 of Plaintiffs' Complaint.

155.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155 of Plaintiffs' Complaint.

156.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of Plaintiffs' Complaint.

157.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 of Plaintiffs' Complaint.

158.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of Plaintiffs' Complaint.

159.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 of Plaintiffs' Complaint.

160.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of Plaintiffs' Complaint.

161.     It is admitted that in 2006 and 2007 Michael Nifong was the acting District Attorney for the Fourteenth District in North Carolina (which comprises the City of Durham and Durham County), that for some period of time he directed the investigation of Mangum's rape charges, that he was subsequently disbarred by the North Carolina State Bar, that he resigned as District Attorney, that he was found guilty of contempt by the Superior Court of Durham County, and that he has filed a bankruptcy petition. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 161 of Plaintiffs' Complaint.

162.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of Plaintiffs' Complaint.

163.     It is admitted that when the Durham Police searched the house at 610 North Buchanan, the three residents of that house, Zash, Evans, and Flannery, cooperated fully with, and voluntarily assisted, the police. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 163 of Plaintiffs' Complaint.

164. It is admitted that co-captains Zash, Evans, and Flannery accompanied Durham police to the police station and voluntarily submitted to questioning by the police in the absence of counsel. It is also admitted that Zash, Evans, and Flannery were consistently cooperative. It is further admitted that Zash, Evans, and Flannery voluntarily submitted to physical inspections for signs of scratches or other injuries and that, without having counsel with them, voluntarily provided samples of their DNA. It is further admitted that Zash, Evans, and Flannery volunteered to take polygraph tests. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 164 of Plaintiffs' Complaint.

165. It is admitted that co-captains Zash, Evans, and Flannery provided the names of the men's lacrosse team members who they recalled were at the party. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 165 of Plaintiffs' Complaint.

166. The allegations contained in paragraph 166 of Plaintiffs' Complaint are admitted.

167. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 of Plaintiffs' Complaint.

168. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168 of Plaintiffs' Complaint.

169. With respect to the allegations contained in the first sentence of paragraph 169 of Plaintiffs' Complaint, Covington is without knowledge or information sufficient to

form a belief as to the truth of the allegations regarding what the players were told and by whom. However, it is admitted that Chris Kennedy telephoned Wes Covington on Friday, March 17, 2006, and asked him if he could meet with several lacrosse players regarding an alleged incident at a party. The allegations contained in the second sentence of paragraph 169 are denied, except it is admitted that Wes Covington and Dean Wasiolek are friends. The allegations contained in the fourth sentence of paragraph 169 are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 169 of Plaintiffs' Complaint.

170. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 170 of Plaintiffs' Complaint as to what Kennedy knew. It is admitted that Wes Covington received from the North Carolina State Bar a suspension of his law license for three years for a violation of the Rules of Professional Conduct that did not involve any alleged failure to protect or adequately represent the interests of his clients, but to the contrary, the incident giving rise to the State Bar's action involved Covington trying to help a client. Any implication in the first sentence of paragraph 170 that Covington was unable to practice law for three years is denied, because all but 180 days of the suspension was stayed, and thus Covington was unable to practice law for only 180 days. Except as specifically admitted herein, all other allegations contained in paragraph 170 of Plaintiffs' Complaint are denied.

171.    It is admitted that on Saturday morning, March 18, 2006, lacrosse co-captains Evans, Zash, and Flannery met with Wes Covington to seek his advice and thoughts about the accusation by one of the dancers at the lacrosse team members' party that she had been raped. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 171 of Plaintiffs' Complaint. It is also admitted that co-captains Evans, Zash, and Flannery told Covington their recollection of the events regarding the party, but it is denied that they told him that they underwent "all-night" interrogations. The allegations contained in the third, fourth, and fifth sentences of paragraph 171 of Plaintiffs' Complaint are denied.

172.    With respect to the allegations contained in the first sentence of paragraph 172 of Plaintiffs' Complaint, Wes Covington is uncertain as to the date when he first spoke with David Evans' parents, but he does recall that at some point he told Mr. and Mrs. Evans that the Durham police officer investigating the rape allegation (Gottlieb) had told him that Gottlieb did not anticipate anyone being charged. Because Covington does not presently recall a phone conversation with Mr. and Mrs. Evans on March 18, nor does he recall specifically using the words alleged in the first sentence of paragraph 172, the allegations as written in the first sentence of paragraph 172 are denied. The allegations contained in the second and third sentences of paragraph 172 are denied.

173.    It is admitted that Wes Covington did not enter into an attorney-client relationship with any of the players or their parents. Except as specifically admitted

herein, all other allegations contained in paragraph 173 of Plaintiffs' Complaint are denied.

174. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of Plaintiffs' Complaint.

175. Wes Covington does not presently recall speaking with Bruce Thompson, and therefore he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 175 of Plaintiffs' Complaint, except he expressly denies that he would have said "we're going to get this swept under the rug." The allegations contained in the remaining sentences of paragraph 175 are denied.

176. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176 of Plaintiffs' Complaint.

177. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 177 of Plaintiffs' Complaint, except it is admitted that Gottlieb wanted to obtain DNA samples from the Duke men's lacrosse team members.

178. It is admitted that during the week of March 20, 2006, Wes Covington attempted to arrange with Gottlieb to have the Duke men's lacrosse team members voluntarily provide short statements to Gottlieb and Himan so that Gottlieb and Himan would hear from all of the team members that no rape or assault had occurred at the party on March 13-14, but Covington did not intend for either Gottlieb or Himan or any police

officer to "interrogate" any player, and Covington's plan was to always have himself or his associate attorney to be present when each team member gave the short statement, so that if Gottlieb or Himan or some other police officer began to use the occasion to interrogate the team member, Covington and his associate attorney would stop it. It is denied that Covington ever planned, intended, or envisioned that any lacrosse team member would be subject to "uncounseled interrogations." It is also admitted that in addition to the team members giving short statements, the plan was for the team members to also voluntarily provide DNA samples to the Durham police. It is further admitted that Wes Covington did not want or plan to have any team member to provide a short statement to Gottlieb or Himan or to provide any DNA sample without Covington first conferring with all team members to confirm that the team members would be telling Gottlieb and/or Himan that no rape or assault had occurred at the party and that no team member had an objection to providing a DNA sample. It is further admitted that Covington was aware of the reputation of Gottlieb as having a bias against Duke students (and hence he did not intend for Gottlieb to interrogate team members or to have Gottlieb speak with team members without an attorney present). Except as specifically admitted herein, all other allegations contained in paragraph 178 of Plaintiffs' Complaint are denied.

179.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 179 of Plaintiffs' Complaint. The remaining allegations contained in 179 are denied.

180. It is admitted that at some time Kim Roberts stated that Mangum's rape charges were "a crock." Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 180 of Plaintiffs' Complaint.

181. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 181 of Plaintiffs' Complaint.

182. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 of Plaintiffs' Complaint.

183. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183 of Plaintiffs' Complaint.

184. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184 of Plaintiffs' Complaint.

185. It is admitted that the forensic examination of Mangum did not reveal any definitive evidence of "blunt force trauma" indicating sexual assault. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 185 of Plaintiffs' Complaint.

186. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186 of Plaintiffs' Complaint.

187. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187 of Plaintiffs' Complaint.

188.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188 of Plaintiffs' Complaint.

189.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 189 of Plaintiffs' Complaint.

190.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 190 of Plaintiffs' Complaint.

191.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191 of Plaintiffs' Complaint.

192.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192 of Plaintiffs' Complaint.

193.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193 of Plaintiffs' Complaint.

194.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194 of Plaintiffs' Complaint.

195.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 of Plaintiffs' Complaint.

196.    It is admitted that on or about March 21, 2006, Wes Covington met with several parents of several members of the Duke men's lacrosse team (Covington is uncertain as to the exact date), and that he likely did suggest that several "key players," such as upper classmen and leaders of the team, voluntarily give short statements to the Durham police, and that Covington would accompany the players and be in their

presence when the statements were given. Except as specifically admitted herein, all other allegations contained in paragraph 196 of Plaintiffs' Complaint are denied.

197. It is admitted that during the week of March 20, 2006, Wes Covington was speaking directly with Gottlieb in an effort to arrange to have some or all of the Duke men's lacrosse team members voluntarily provide short statements to Gottlieb and Himan in the presence of counsel and to voluntarily provide DNA samples. The admissions contained in Covington's response above to paragraph 178 of Plaintiffs' Complaint are incorporated herein by reference. It is further admitted that initially, Wednesday, March 22, 2006, was the date that was considered as the day for the lacrosse team members to provide their statements and DNA. Except as specifically admitted herein, all other allegations contained in paragraph 197 of Plaintiffs' Complaint are denied.

198. The allegations contained in paragraph 198 of Plaintiffs' Complaint are denied.

199. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199 of Plaintiffs' Complaint, except it is expressly denied that Wes Covington intended to have any lacrosse player questioned by police without any attorney being present or available.

200. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200 of Plaintiffs' Complaint.

201. It is admitted that Wes Covington may have met Larry Lamade, who Covington believes is the father of lacrosse team member Peter Lamade, but Covington

does not recall the date of such meeting. The remaining allegations contained in paragraph 201 of Plaintiffs' Complaint are denied.

202.   It is denied that Wes Covington protested the postponement of the lacrosse team members providing short statements and DNA samples to the Durham police, but it is admitted that Covington or someone with his law firm attempted to schedule a later date when the statements and DNA could be given. Covington does not presently recall Lamade insisting on the postponement of the team members providing statements or DNA, or that an e-mail was sent to Gottlieb regarding a postponement, or that a specific date was selected. Except as specifically addressed herein, all other allegations contained in paragraph 202 of Plaintiffs' Complaint are denied.

203.   Because Wes Covington does not presently recall meeting Larry Lamade a second time or meeting Tricia Dowd, he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 203 of Plaintiffs' Complaint. Because Wes Covington never planned, intended, or envisioned any team member being interviewed by Gottlieb without an attorney present, the allegations contained in the second sentence of paragraph 203 are denied.

204.   The allegations contained in the first sentence of paragraph 204 of Plaintiffs' Complaint, as written, are denied. It is admitted that Wes Covington had informed some lacrosse team members (as well as some parents of some team members), and was planning to inform all team members, that Gottlieb, Himan, or other Durham police officers wanted DNA samples from them when the team members went to the

Durham police station to provide short statements that no rape or assault had occurred at the March 13-14 party. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 204 of Plaintiffs' Complaint, except it is expressly denied that there was a plan to allow the Durham police to interrogate the lacrosse team members.

205.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 205 of Plaintiffs' Complaint.

206.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 206 of Plaintiffs' Complaint.

207.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 207 of Plaintiffs' Complaint.

208.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208 of Plaintiffs' Complaint.

209.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 209 of Plaintiffs' Complaint.

210.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 210 of Plaintiffs' Complaint.

211.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 211 of Plaintiffs' Complaint.

212.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 212 of Plaintiffs' Complaint.

213. It is admitted that Judge Ronald Stephens signed a non-testimonial order, ordering all men's lacrosse team members who were white to provide the Durham police with samples of their DNA and to have their photographs taken. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 213 of Plaintiffs' Complaint.

214. The allegations contained in paragraph 214 of Plaintiffs' Complaint are admitted.

215. The allegations contained in paragraph 215 of Plaintiffs' Complaint are denied.

216. It is admitted that the press was apparently tipped off about the NTO, and that when lacrosse team members arrived at the police station to provide DNA samples, there were at least two reporters present outside the police station. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 216 of Plaintiffs' Complaint, except the allegations contained in the last sentence of paragraph 216 are expressly denied.

217. It is admitted that for a period of time in 2006 and 2007 there was a significant amount of media coverage regarding the alleged rape and the three lacrosse players who were charged with rape. It is also admitted that certain professors were part of an ad that was critical of the lacrosse team. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 217 of Plaintiffs' Complaint.

218.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 218 of Plaintiffs' Complaint.

219.    The allegations contained in the third sentence of paragraph 219 of Plaintiffs' Complaint are admitted. The allegations contained in the first sentence of paragraph 219 are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 219.

220.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220 of Plaintiffs' Complaint.

221.    It is admitted that Nifong had fired Freda Black after he became the interim District Attorney. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 221 of Plaintiffs' Complaint.

222.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 222 of Plaintiffs' Complaint.

223.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 223 of Plaintiffs' Complaint.

224.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 224 of Plaintiffs' Complaint.

225.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 225 of Plaintiffs' Complaint.

226. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 226 of Plaintiffs' Complaint.

227. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 227 of Plaintiffs' Complaint.

228. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 228 of Plaintiffs' Complaint.

229. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 229 of Plaintiffs' Complaint.

230. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 230 of Plaintiffs' Complaint.

231. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 231 of Plaintiffs' Complaint.

232. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 232 of Plaintiffs' Complaint.

233. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 233 of Plaintiffs' Complaint.

234. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 234 of Plaintiffs' Complaint.

235. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 235 of Plaintiffs' Complaint.

236.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 236 of Plaintiffs' Complaint.

237.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 237 of Plaintiffs' Complaint.

238.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 238 of Plaintiffs' Complaint.

239.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 239 of Plaintiffs' Complaint.

240.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 240 of Plaintiffs' Complaint.

241.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 241 of Plaintiffs' Complaint.

242.    The allegations contained in the last sentence of paragraph 242 of Plaintiffs' Complaint are denied. It is also denied that Dean Wasiolek had informed the lacrosse players that Covington was going to be the players' legal adviser. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 242 of Plaintiffs' Complaint.

243.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 243 of Plaintiffs' Complaint.

244.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 244 of Plaintiffs' Complaint.

245. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 245 of Plaintiffs' Complaint.

246. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 246 of Plaintiffs' Complaint.

247. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 247 of Plaintiffs' Complaint.

248. The allegations contained in the third sentence of paragraph 248 of Plaintiffs' Complaint are admitted, except as to the allegation that the interrogation was all night. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 248 of Plaintiffs' Complaint.

249. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 249 of Plaintiffs' Complaint.

250. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 250 of Plaintiffs' Complaint.

251. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 251 of Plaintiffs' Complaint.

252. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 252 of Plaintiffs' Complaint.

253. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 253 of Plaintiffs' Complaint.

254. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 254 of Plaintiffs' Complaint.

255. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 255 of Plaintiffs' Complaint.

256. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 256 of Plaintiffs' Complaint.

257. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 257 of Plaintiffs' Complaint.

258. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 258 of Plaintiffs' Complaint.

259. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 259 of Plaintiffs' Complaint.

260. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 260 of Plaintiffs' Complaint.

261. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 261 of Plaintiffs' Complaint.

262. It is admitted that co-captains Zash, Evans, and Flannery had cooperated with Durham police, voluntarily assisting in the police search of 610 North Buchanan, providing truthful statements concerning the party, providing DNA samples, and offering to take polygraph tests. Covington is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in paragraph 262 of Plaintiffs' Complaint.

263.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 263 of Plaintiffs' Complaint.

264.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 264 of Plaintiffs' Complaint.

265.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 265 of Plaintiffs' Complaint.

266.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 266 of Plaintiffs' Complaint.

267.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 267 of Plaintiffs' Complaint.

268.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 268 of Plaintiffs' Complaint.

269.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 269 of Plaintiffs' Complaint.

270.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 270 of Plaintiffs' Complaint.

271.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 271 of Plaintiffs' Complaint.

272. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 272 of Plaintiffs' Complaint.

273. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 273 of Plaintiffs' Complaint.

274. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 274 of Plaintiffs' Complaint.

275. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 275 of Plaintiffs' Complaint.

276. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 276 of Plaintiffs' Complaint.

277. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 277 of Plaintiffs' Complaint.

278. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 278 of Plaintiffs' Complaint.

279. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 279 of Plaintiffs' Complaint.

280. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 280 of Plaintiffs' Complaint.

281. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 281 of Plaintiffs' Complaint.

282. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 282 of Plaintiffs' Complaint.

283. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 283 of Plaintiffs' Complaint.

284. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 284 of Plaintiffs' Complaint.

285. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 285 of Plaintiffs' Complaint.

286. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 286 of Plaintiffs' Complaint.

287. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 287 of Plaintiffs' Complaint.

288. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 288 of Plaintiffs' Complaint.

289. It is admitted that the remainder of the 2006 season of the men's lacrosse team was canceled. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 289 of Plaintiffs' Complaint.

290. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 290 of Plaintiffs' Complaint.

291.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 291 of Plaintiffs' Complaint.

292.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 292 of Plaintiffs' Complaint.

293.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 293 of Plaintiffs' Complaint.

294.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 294 of Plaintiffs' Complaint.

295.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 295 of Plaintiffs' Complaint.

296.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 296 of Plaintiffs' Complaint.

297.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 297 of Plaintiffs' Complaint.

298.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 298 of Plaintiffs' Complaint.

299.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 299 of Plaintiffs' Complaint.

300.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 300 of Plaintiffs' Complaint.

301. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 301 of Plaintiffs' Complaint.

302. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 302 of Plaintiffs' Complaint.

303. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 303 of Plaintiffs' Complaint.

304. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 304 of Plaintiffs' Complaint.

305. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 305 of Plaintiffs' Complaint.

306. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 306 of Plaintiffs' Complaint.

307. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 307 of Plaintiffs' Complaint.

308. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 308 of Plaintiffs' Complaint.

309. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 309 of Plaintiffs' Complaint.

310. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 310 of Plaintiffs' Complaint.

311.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 311 of Plaintiffs' Complaint.

312.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 312 of Plaintiffs' Complaint.

313.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 313 of Plaintiffs' Complaint.

314.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 314 of Plaintiffs' Complaint.

315.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 315 of Plaintiffs' Complaint.

316.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 316 of Plaintiffs' Complaint.

317.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 317 of Plaintiffs' Complaint.

318.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 318 of Plaintiffs' Complaint.

319.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 319 of Plaintiffs' Complaint.

320.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 320 of Plaintiffs' Complaint.

321. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 321 of Plaintiffs' Complaint.

322. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 322 of Plaintiffs' Complaint.

323. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 323 of Plaintiffs' Complaint.

324. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 324 of Plaintiffs' Complaint.

325. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 325 of Plaintiffs' Complaint.

326. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 326 of Plaintiffs' Complaint.

327. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 327 of Plaintiffs' Complaint.

328. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 328 of Plaintiffs' Complaint.

329. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 329 of Plaintiffs' Complaint.

330. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 330 of Plaintiffs' Complaint.

331.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 331 of Plaintiffs' Complaint.

332.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 332 of Plaintiffs' Complaint.

333.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 333 of Plaintiffs' Complaint.

334.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 334 of Plaintiffs' Complaint.

335.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 335 of Plaintiffs' Complaint.

336.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 336 of Plaintiffs' Complaint.

337.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 337 of Plaintiffs' Complaint.

338.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 338 of Plaintiffs' Complaint.

339.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 339 of Plaintiffs' Complaint.

340.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 340 of Plaintiffs' Complaint.

341.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 341 of Plaintiffs' Complaint.

342.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 342 of Plaintiffs' Complaint.

343.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 343 of Plaintiffs' Complaint.

344.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 344 of Plaintiffs' Complaint.

345.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 345 of Plaintiffs' Complaint.

346.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 346 of Plaintiffs' Complaint.

347.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 347 of Plaintiffs' Complaint.

348.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 348 of Plaintiffs' Complaint.

349.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 349 of Plaintiffs' Complaint.

350.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 350 of Plaintiffs' Complaint.

351. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 351 of Plaintiffs' Complaint.

352. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 352 of Plaintiffs' Complaint.

353. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 353 of Plaintiffs' Complaint.

354. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 354 of Plaintiffs' Complaint.

355. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 355 of Plaintiffs' Complaint.

356. It is admitted that the remainder of the 2006 men's lacrosse season was canceled, and that Coach Pressler resigned. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 356 of Plaintiffs' Complaint.

357. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 357 of Plaintiffs' Complaint.

358. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 358 of Plaintiffs' Complaint.

359. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 359 of Plaintiffs' Complaint.

360. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 360 of Plaintiffs' Complaint.

361. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 361 of Plaintiffs' Complaint.

362. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 362 of Plaintiffs' Complaint.

363. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 363 of Plaintiffs' Complaint.

364. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 364 of Plaintiffs' Complaint.

365. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 365 of Plaintiffs' Complaint.

366. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 366 of Plaintiffs' Complaint.

367. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 367 of Plaintiffs' Complaint.

368. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 368 of Plaintiffs' Complaint.

369. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 369 of Plaintiffs' Complaint.

370. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 370 of Plaintiffs' Complaint.

371. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 371 of Plaintiffs' Complaint.

372. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 372 of Plaintiffs' Complaint.

373. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 373 of Plaintiffs' Complaint.

374. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 374 of Plaintiffs' Complaint.

375. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 375 of Plaintiffs' Complaint.

376. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 376 of Plaintiffs' Complaint.

377. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 377 of Plaintiffs' Complaint.

378. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 378 of Plaintiffs' Complaint.

379. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 379 of Plaintiffs' Complaint.

380. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 380 of Plaintiffs' Complaint.

381. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 381 of Plaintiffs' Complaint.

382. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 382 of Plaintiffs' Complaint.

383. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 383 of Plaintiffs' Complaint.

384. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 384 of Plaintiffs' Complaint.

385. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 385 of Plaintiffs' Complaint.

386. It is admitted that at some point Nifong disclosed to the criminal defense attorneys for Reade Seligmann, Colin Finnerty, and David Evans that the SBI had found no lacrosse players' DNA on Mangum's body, clothing, or belongings. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 386 of Plaintiffs' Complaint.

387. It is admitted that Nifong delayed for a period of time disclosing DNA results. The allegations contained in the second and last sentences of paragraph 387 of Plaintiffs' Complaint are denied. Covington is without knowledge or information suffi-

cient to form a belief as to the truth of the remaining allegations contained in paragraph 387 of Plaintiffs' Complaint.

388.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 388 of Plaintiffs' Complaint.

389.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 389 of Plaintiffs' Complaint.

390.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 390 of Plaintiffs' Complaint.

391.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 391 of Plaintiffs' Complaint.

392.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 392 of Plaintiffs' Complaint.

393.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 393 of Plaintiffs' Complaint.

394.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 394 of Plaintiffs' Complaint.

395.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 395 of Plaintiffs' Complaint.

396.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 396 of Plaintiffs' Complaint.

397.    Covington is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 397 of Plaintiffs' Complaint.

398.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 398 of Plaintiffs' Complaint.

399.   It is admitted that the grand jury indicted two lacrosse players, Reade Seligmann and Colin Finnerty, on charges of rape and other crimes. It is also admitted that Nifong indicated that he planned to further investigate a purported third assailant. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 399 of Plaintiffs' Complaint.

400.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 400 of Plaintiffs' Complaint.

401.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 401 of Plaintiffs' Complaint.

402.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 402 of Plaintiffs' Complaint.

403.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 403 of Plaintiffs' Complaint.

404.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 404 of Plaintiffs' Complaint.

405.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 405 of Plaintiffs' Complaint.

406.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 406 of Plaintiffs' Complaint.

407.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 407 of Plaintiffs' Complaint.

408.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 408 of Plaintiffs' Complaint.

409.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 409 of Plaintiffs' Complaint.

410.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 410 of Plaintiffs' Complaint.

411.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 411 of Plaintiffs' Complaint.

412.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 412 of Plaintiffs' Complaint.

413.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 413 of Plaintiffs' Complaint.

414.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 414 of Plaintiffs' Complaint.

415.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 415 of Plaintiffs' Complaint.

416. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 416 of Plaintiffs' Complaint.

417. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 417 of Plaintiffs' Complaint.

418. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 418 of Plaintiffs' Complaint.

419. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 419 of Plaintiffs' Complaint.

420. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 420 of Plaintiffs' Complaint.

421. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 421 of Plaintiffs' Complaint.

422. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 422 of Plaintiffs' Complaint.

423. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 423 of Plaintiffs' Complaint.

424. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 424 of Plaintiffs' Complaint.

425. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 425 of Plaintiffs' Complaint.

426. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 426 of Plaintiffs' Complaint.

427. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 427 of Plaintiffs' Complaint.

428. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 428 of Plaintiffs' Complaint.

429. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 429 of Plaintiffs' Complaint.

430. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 430 of Plaintiffs' Complaint.

431. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 431 of Plaintiffs' Complaint.

432. It is admitted that Nifong sought and obtained from the Durham County grand jury an indictment of lacrosse player David Evans on charges of rape and other crimes. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 432 of Plaintiffs' Complaint.

433. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 433 of Plaintiffs' Complaint.

434. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 434 of Plaintiffs' Complaint.

435.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 435 of Plaintiffs' Complaint.

436.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 436 of Plaintiffs' Complaint.

437.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 437 of Plaintiffs' Complaint.

438.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 438 of Plaintiffs' Complaint.

439.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 439 of Plaintiffs' Complaint.

440.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 440 of Plaintiffs' Complaint.

441.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 441 of Plaintiffs' Complaint.

442.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 442 of Plaintiffs' Complaint.

443.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 443 of Plaintiffs' Complaint.

444.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 444 of Plaintiffs' Complaint.

445.    Covington is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 445 of Plaintiffs' Complaint.

446.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 446 of Plaintiffs' Complaint.

447.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 447 of Plaintiffs' Complaint.

448.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 448 of Plaintiffs' Complaint.

449.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 449 of Plaintiffs' Complaint.

450.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 450 of Plaintiffs' Complaint.

451.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 451 of Plaintiffs' Complaint.

452.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 452 of Plaintiffs' Complaint.

453.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 453 of Plaintiffs' Complaint.

454.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 454 of Plaintiffs' Complaint.

455.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 455 of Plaintiffs' Complaint.

456.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 456 of Plaintiffs' Complaint.

457.    It is admitted that Nifong was subsequently found guilty of criminal contempt and sentenced to one day in jail. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 457 of Plaintiffs' Complaint.

458.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 458 of Plaintiffs' Complaint.

459.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 459 of Plaintiffs' Complaint.

460.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 460 of Plaintiffs' Complaint.

461.    It is admitted that at some point Mangum informed investigators that she could not be sure if she had actually been raped, and Nifong subsequently dismissed the rape charges against the three previously-indicted lacrosse players, Reade Seligmann, Colin Finnerty, and David Evans, and that he continued to pursue other criminal charges against the three players. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 461 of Plaintiffs' Complaint.

462.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 462 of Plaintiffs' Complaint.

463.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 463 of Plaintiffs' Complaint.

464.    It is admitted that by January 12, 2007, Nifong sought to have the North Carolina Attorney General take over the criminal cases against Reade Seligmann, Colin Finnerty, and David Evans. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 464 of Plaintiffs' Complaint.

465.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 465 of Plaintiffs' Complaint.

466.    It is admitted that on January 24, 2007, the North Carolina State Bar filed an Amended Complaint against Nifong with the North Carolina State Bar's Disciplinary Hearing Commission.

467.    The allegations contained in paragraph 467 of Plaintiffs' Complaint are admitted.

468.    The allegations contained in paragraph 468 of Plaintiffs' Complaint are admitted.

469.    The allegations contained in paragraph 469 of Plaintiffs' Complaint are admitted.

470.    The allegations contained in paragraph 470 of Plaintiffs' Complaint are admitted.

471.     The allegations contained in paragraph 471 of Plaintiffs' Complaint are admitted.

472.     The allegations contained in paragraph 472 of Plaintiffs' Complaint which are directed against Wes Covington are denied. It is also denied that Plaintiffs have sustained "numerous injuries." Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 472 of Plaintiffs' Complaint.

473.     The allegations contained in the first and second sentences of paragraph 473 of Plaintiffs' Complaint are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 473 that a Duke professor wrote the sentence quoted.

474.     The allegations contained in paragraph 474 of Plaintiffs' Complaint are denied, although Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 474 that President Brodhead and a Duke professor stated or wrote the sentences quoted.

475.     The allegations contained in paragraph 475 of Plaintiffs' Complaint are denied, although Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 475.

476.     The allegations contained in paragraph 476 of Plaintiffs' Complaint which are directed against Wes Covington are denied. Covington is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 476 directed against other defendants.

477. The allegations contained in paragraph 477 of Plaintiffs' Complaint which are directed against Wes Covington are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 477 directed against other defendants.

478. The allegations contained in paragraph 478 of Plaintiffs' Complaint which are directed against Wes Covington are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 478 directed against other defendants.

479. The allegations contained in paragraph 479 of Plaintiffs' Complaint which are directed against Wes Covington are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 479 directed against other defendants.

480. The allegations contained in paragraph 480 of Plaintiffs' Complaint which are directed against Wes Covington are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 480 directed against other defendants.

481. The allegations contained in paragraph 481 of Plaintiffs' Complaint are denied.

## COUNT ONE

*(Alleged Intentional Infliction of Emotional Distress – I*
*Against Duke University, DUHS, Brodhead, Dzau, Arico, and Levicy)*

482.     Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 481 of Plaintiffs' Complaint.

483.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 483 of Plaintiffs' Complaint, except it is expressly denied that Plaintiffs sustained "severe emotional distress" as that phrase is recognized under North Carolina law as a compensable injury.

484.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 484 of Plaintiffs' Complaint.

485.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 485 of Plaintiffs' Complaint.

486.     The allegations contained in the second and third sentences of paragraph 486 of Plaintiffs' Complaint are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 486 of Plaintiffs' Complaint.

487.     The allegations contained in paragraph 487 of Plaintiffs' Complaint are denied.

488.     The allegations contained in paragraph 488 of Plaintiffs' Complaint are denied, except Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 488 directed against Defendant

Levicy, except it is expressly denied that Plaintiffs sustained "severe emotional distress" as that phrase is recognized under North Carolina law as a compensable injury.

## COUNT TWO
*(Alleged Negligent Infliction of Emotional Distress – I*
*Against Duke University, DUHS, Brodhead, Dzau, Arico, and Levicy)*

489.    Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 488 of Plaintiffs' Complaint.

490.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 490 of Plaintiffs' Complaint.

491.    Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 491 of Plaintiffs' Complaint.

492.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 492 of Plaintiffs' Complaint.

493.    It is denied that Defendants Duke University, DUHS, Brodhead, or Dzau ratified any alleged negligent conduct through inaction. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 493 of Plaintiffs' Complaint.

494.    The allegations contained in paragraph 494 of Plaintiffs' Complaint are denied.

495.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 495 of Plaintiffs' Complaint,

except it is expressly denied that Plaintiffs sustained "severe emotional distress" as that phrase is recognized under North Carolina law as a compensable injury.

496.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 496 of Plaintiffs' Complaint.

<div align="center">

COUNT THREE
(*Alleged Negligent Supervision of Employees Arico and Levicy*
*Against Duke University, DUHS, Brodhead, Dzau, and Arico*)

</div>

497.     Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 496 of Plaintiffs' Complaint.

498.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 498 of Plaintiffs' Complaint.

499.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 499 of Plaintiffs' Complaint.

500.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 500 of Plaintiffs' Complaint.

501.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 501 of Plaintiffs' Complaint.

502.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 502 of Plaintiffs' Complaint, except it is expressly denied that Plaintiffs sustained "irreparable reputational harm" and "severe emotional distress" as that latter phrase is recognized under North Carolina law as a compensable injury.

503.   The allegations contained in paragraph 503 of Plaintiffs' Complaint are denied.

<p style="text-align:center;">COUNT FOUR</p>

*(Alleged Breach of Duty of Care in Conducting and Reporting of Forensic Medical Exam Against Duke University, DUHS, Brodhead, Dzau, Arico, and Levicy)*

504.   Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 503 of Plaintiffs' Complaint.

505.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 505 of Plaintiffs' Complaint.

506.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 506 of Plaintiffs' Complaint, except it is expressly denied that any such alleged breach of any alleged duty of care was intentional.

507.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 507 of Plaintiffs' Complaint, except it is expressly denied that Plaintiffs sustained "irreparable reputational harm" and "severe emotional distress" as that latter phrase is recognized under North Carolina law as a compensable injury.

508.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 508 of Plaintiffs' Complaint.

509.   The allegations contained in the second sentence of paragraph 509 of Plaintiffs' Complaint are denied. Covington is without knowledge or information suffi-

cient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 509, except it is expressly denied that any such alleged breach of any alleged duty of care was intentional.

## COUNT FIVE

(*Alleged Breach of Duty to Warn and Protect Against Hazard Created by Defendants Against Duke University, DUHS, Brodhead, Dzau, Arico, and Levicy*)

510.   Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 509 of Plaintiffs' Complaint.

511.   The allegations contained in paragraph 511 of Plaintiffs' Complaint are denied.

512.   The allegations contained in paragraph 512 of Plaintiffs' Complaint are denied.

513.   The allegations contained in paragraph 513 of Plaintiffs' Complaint are denied.

514.   The allegations contained in paragraph 514 of Plaintiffs' Complaint are denied.

515.   The allegations contained in paragraph 515 of Plaintiffs' Complaint are denied.

516.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 516 of Plaintiffs' Complaint, except it is expressly denied that there was any such legal duty to breach.

517. The allegations contained in paragraph 517 of Plaintiffs' Complaint are denied.

## COUNT SIX

*(Alleged Intentional Infliction of Emotional Distress – II*
*Against Duke University, DUHS, Brodhead, Moneta, Lange, Burness, Trask,*
*Wasiolek, Dzau, Hendricks, Drummond, Dean, and Graves)*

518. Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 517 of Plaintiffs' Complaint.

519. The allegations contained in paragraph 519 of Plaintiffs' Complaint are denied.

520. The allegations contained in paragraph 520 of Plaintiffs' Complaint are denied.

521. It is denied that Defendants Duke University, DUHS, Brodhead, Burness, Dean, Drummond, Dzau, Graves, Hendricks, Lange, Moneta, Trask, or Wasiolek abused any trust in allegedly interfering with any Plaintiffs' exercise of their constitutional rights, that said Defendants conspired with Durham police and personnel to deprive Plaintiffs of their constitutional and legal rights, and that said Defendants engaged in a "fraudulent conspiracy" with Durham police and personnel. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 521 of Plaintiffs' Complaint.

522. The allegations contained in paragraph 522 of Plaintiffs' Complaint are denied.

523.     The allegations contained in paragraph 523 of Plaintiffs' Complaint are denied.

524.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 524 of Plaintiffs' Complaint.

525.     The allegations contained in paragraph 525 of Plaintiffs' Complaint are denied.

## COUNT SEVEN
*(Alleged Negligent Infliction of Emotional Distress – II*
*Against Duke University, DUHS, Brodhead, Moneta, Lange, Wasiolek,*
*Burness, Trask, Dzau, Hendricks, Drummond, Dean, and Graves)*

526.     Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 525 of Plaintiffs' Complaint.

527.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 527 of Plaintiffs' Complaint, except it is expressly denied that any such alleged breach of any alleged duty of care was intentional, reckless, or grossly negligent.

528.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 528 of Plaintiffs' Complaint.

529.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 529 of Plaintiffs' Complaint, except it is expressly denied that Plaintiffs sustained "severe emotional distress" as that phrase is recognized under North Carolina law as a compensable injury.

530.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 530 of Plaintiffs' Complaint, except it is expressly denied that the alleged actions of the defendants against whom Count Seven is asserted were malicious, willful, and wanton.

### COUNT EIGHT

*(Alleged Fraud and Conspiracy to Defraud*
*Against Duke University, Hendricks, Drummond,*
*Dean, Graves, Baker, Chalmers, Hodge, Russ, Mihaich, Council,*
*Lamb, Ripberger, Addison, and City of Durham)*

531.    Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 530 of Plaintiffs' Complaint.

532.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 532 of Plaintiffs' Complaint.

533.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 533 of Plaintiffs' Complaint.

534.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 534 of Plaintiffs' Complaint.

535.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 535 of Plaintiffs' Complaint.

536.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 536 of Plaintiffs' Complaint, except it is expressly denied that there was any conspiracy.

537.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 537 of Plaintiffs' Complaint, except it is expressly denied that there was any "concert" of action constituting a conspiracy.

538.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 538 of Plaintiffs' Complaint.

## COUNT NINE
(*Alleged Negligent Misrepresentation*
*Against Duke University, Hendricks, and Drummond*)

539.    Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 538 of Plaintiffs' Complaint.

540.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 540 of Plaintiffs' Complaint.

541.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 541 of Plaintiffs' Complaint.

## COUNT TEN
(*Alleged Abuse of Process and Conspiracy to Abuse Process*
*Against Duke University, Hendricks, Drummond,*
*Dean, Graves, Gottlieb, Himan, Wilson, and the City of Durham*)

542.    Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 541 of Plaintiffs' Complaint.

543.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 543 of Plaintiffs' Complaint.

544.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 544 of Plaintiffs' Complaint.

545.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 545 of Plaintiffs' Complaint.

546.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 546 of Plaintiffs' Complaint.

547.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 547 of Plaintiffs' Complaint.

548.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 548 of Plaintiffs' Complaint.

<u>COUNT ELEVEN</u>
(*Alleged Fraud through Abuse of Confidential Relationship
Against Duke University, Brodhead, Trask, Wasiolek, and Covington*)

549.    Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 548 of Plaintiffs' Complaint.

550.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 550 of Plaintiffs' Complaint.

551.    The allegations contained in paragraph 551 of Plaintiffs' Complaint are denied.

552.    The allegations contained in paragraph 552 of Plaintiffs' Complaint are denied.

553. The allegations contained in paragraph 553 of Plaintiffs' Complaint are denied.

554. The allegations contained in paragraph 554 of Plaintiffs' Complaint are denied.

555. The allegations contained in paragraph 555 of Plaintiffs' Complaint are denied.

556. Because there was no constructive fraud, the allegations contained in paragraph 556 of Plaintiffs' Complaint are denied.

557. The allegations contained in paragraph 557 of Plaintiffs' Complaint are denied.

<div align="center">

COUNT TWELVE

*(Alleged Breach of Duty of Care in the Conduct of a Voluntary Undertaking*
*Against Duke University, Brodhead, Trask, Wasiolek, and Covington)*

</div>

558. Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 557 of Plaintiffs' Complaint.

559. It is admitted that soon after the allegations arose of rape at the March 13-14 party of men's lacrosse team members, Wes Covington was willing to voluntarily provide practical advice and assistance to team members in an effort to help prevent any charges being pursued by the Durham police against any team member, even though Covington had not been, and never was, retained by any team member or team member's parent to represent their legal interests with respect to what did or did not happen at the party, and even though an attorney-client relationship never was created between

Covington and any team member or team member's parent. Except as specifically admitted herein, all other allegations contained in paragraph 559 of Plaintiffs' Complaint are denied.

560. The allegations contained in paragraph 560 of Plaintiffs' Complaint are denied, and although Wes Covington denies that he assumed the legal duty to exercise due care, he asserts that he did act with due care and consistent with the interests of the lacrosse team members.

561. The allegations contained in paragraph 561 of Plaintiffs' Complaint are denied.

562. The allegations contained in paragraph 562 of Plaintiffs' Complaint are denied.

563. Because none of the lacrosse team members hired Wes Covington to represent them, no employment relationship was created, and the allegations contained in the first sentence of paragraph 563 of Plaintiffs' Complaint directed against Covington are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 563 that are directed against the other defendants, except it is expressly denied that there was a breach of any duty.

564. The allegations contained in paragraph 564 of Plaintiffs' Complaint are denied.

## COUNT THIRTEEN

(*Alleged Breach of Duty Based on Special Relationship of Mutual Benefit*
*Against Duke University and Brodhead*)

565.   Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 564 of Plaintiffs' Complaint.

566.   It is admitted that Duke University enjoyed benefits from the lacrosse team and that it exerted some control over the men's lacrosse team and its players. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 566 of Plaintiffs' Complaint.

567.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 567 of Plaintiffs' Complaint.

568.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 568 of Plaintiffs' Complaint.

569.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 569 of Plaintiffs' Complaint.

570.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 570 of Plaintiffs' Complaint.

571.   Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 571 of Plaintiffs' Complaint, except it is expressly denied that Plaintiffs sustained "irreparable reputational harm" and "severe emotional distress" as that latter phrase is recognized under North Carolina law as a compensable injury.

572.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 572 of Plaintiffs' Complaint.

573.    The allegations contained in paragraph 573 of Plaintiffs' Complaint are denied.

## COUNT FOURTEEN
*(Alleged Breach of Duty to Protect Students*
*from Unknown Dangers and Harassment*
*Against Duke University)*

574.    Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 573 of Plaintiffs' Complaint.

575.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 575 of Plaintiffs' Complaint.

576.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 576 of Plaintiffs' Complaint.

577.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 577 of Plaintiffs' Complaint.

578.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 578 of Plaintiffs' Complaint, except it is expressly denied that Duke intentionally incited, participated in, promoted, or ratified the alleged harassment.

579.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 579 of Plaintiffs' Complaint, except it is expressly denied that Plaintiffs sustained "irreparable reputational harm" and

"severe emotional distress" as that latter phrase is recognized under North Carolina law as a compensable injury.

580.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 580 of Plaintiffs' Complaint.

581.    The allegations contained in paragraph 581 of Plaintiffs' Complaint are denied.

<div align="center">

COUNT FIFTEEN
(*Alleged Breach of Contract
Against Duke University*)

</div>

582.    Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 581 of Plaintiffs' Complaint.

583.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 583 of Plaintiffs' Complaint.

584.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 584 of Plaintiffs' Complaint.

585.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 585 of Plaintiffs' Complaint.

586.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 586 of Plaintiffs' Complaint.

587.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 587 of Plaintiffs' Complaint.

588.    Covington is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 588 of Plaintiffs' Complaint.

589.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 589 of Plaintiffs' Complaint.

590.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 590 of Plaintiffs' Complaint.

591.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 591 of Plaintiffs' Complaint.

592.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 592 of Plaintiffs' Complaint.

593.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 593 of Plaintiffs' Complaint.

594.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 594 of Plaintiffs' Complaint.

595.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 595 of Plaintiffs' Complaint.

596.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 596 of Plaintiffs' Complaint.

### COUNT SIXTEEN
(*Alleged Tortious Breach of Contract*
*Against Duke University*)

597.    Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 596 of Plaintiffs' Complaint.

598. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 598 of Plaintiffs' Complaint.

599. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 599 of Plaintiffs' Complaint, except it is expressly denied that there was any conspiracy.

600. The allegations contained in the second sentence of paragraph 600 of Plaintiff's Complaint are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 600.

601. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 601 of Plaintiffs' Complaint, except it is expressly denied that Plaintiffs sustained "irreparable reputational harm" and "severe emotional distress" as that latter phrase is recognized under North Carolina law as a compensable injury.

## COUNT SEVENTEEN
(*Alleged Promissory Estoppel
Against Duke University*)

602. Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 601 of Plaintiffs' Complaint.

603. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 603 of Plaintiffs' Complaint.

604.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 604 of Plaintiffs' Complaint.

605.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 605 of Plaintiffs' Complaint.

<u>COUNT EIGHTEEN</u>
*(Alleged Intrusion upon Seclusion, Solitude, and Private Affairs*
*Against Duke University, Brodhead, Trask, Lange, Burness, and Moneta)*

606.    Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 605 of Plaintiffs' Complaint.

607.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 607 of Plaintiffs' Complaint, except it is expressly denied that any "intrusions" could occur by alleged failures to act.

608.    The allegations contained in paragraph 608 of Plaintiffs' Complaint are denied.

609.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 609 of Plaintiffs' Complaint, except it is expressly denied that any alleged intrusions by the defendants against whom Count Eighteen is asserted were intentional.

610.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 610 of Plaintiffs' Complaint.

611.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 611 of Plaintiffs' Complaint.

612. The allegations contained in paragraph 612 of Plaintiffs' Complaint are denied.

## COUNT NINETEEN
*(Alleged Negligent Supervision of Duke Professors and Employees*
*Against Duke University, Brodhead, Moneta, Lange, and Trask)*

613. Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 612 of Plaintiffs' Complaint.

614. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 614 of Plaintiffs' Complaint.

615. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 615 of Plaintiffs' Complaint.

616. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 616 of Plaintiffs' Complaint.

617. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 617 of Plaintiffs' Complaint, except it is expressly denied that Plaintiffs sustained "irreparable reputational harm" and "severe emotional distress" as that latter phrase is recognized under North Carolina law as a compensable injury.

618. The allegations contained in the second sentence of paragraph 618 of Plaintiffs' Complaint are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of

paragraph 618, except it is expressly denied that any such alleged breach of any alleged duty of care was intentional.

## COUNT TWENTY

*(Alleged Violation of and Conspiracy to Violate Fourth Amendment Rights under 42 U.S.C. § 1983 – Key Card Reports Against Duke University, Hendricks, Drummond, Dean, Graves, Wilson, Gottlieb, Himan, and City of Durham)*

619.    Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 618 of Plaintiffs' Complaint.

620.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 620 of Plaintiffs' Complaint.

621.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 621 of Plaintiffs' Complaint, except it is expressly denied that there was a conspiracy.

622.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 622 of Plaintiffs' Complaint, except any implication or inference of a conspiracy is expressly denied, and it is denied that there was "an agreement and meeting of the minds."

623.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 623 of Plaintiffs' Complaint, except it is expressly denied that Defendants Duke University, Hendricks, Drummond, and the Duke Police acted maliciously.

624.     The allegations contained in paragraph 624 of Plaintiffs' Complaint are denied.

625.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 625 of Plaintiffs' Complaint.

626.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 626 of Plaintiffs' Complaint.

<div align="center">

COUNT TWENTY-ONE

*(Alleged Violation of and Conspiracy to Violate Fourth Amendment Rights
under 42 U.S.C. § 1983 – DNA Samples
Against Duke University, DUHS, Arico, Levicy,
Wilson, Gottlieb, Himan, and City of Durham)*

</div>

627.     Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 626 of Plaintiffs' Complaint.

628.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 628 of Plaintiffs' Complaint.

629.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 629 of Plaintiffs' Complaint.

630.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 630 of Plaintiffs' Complaint.

631.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 631 of Plaintiffs' Complaint, except it is expressly denied that Defendants Duke University, DUHS, and Arico acted maliciously.

632. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 632 of Plaintiffs' Complaint.

633. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 633 of Plaintiffs' Complaint.

634. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 634 of Plaintiffs' Complaint.

## COUNT TWENTY-TWO
*(Alleged Violation of and Conspiracy to Violate Fourteenth Amendment Rights under 42 U.S.C. § 1983 – Malicious Investigation Against All Defendants)*

635. Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 634 of Plaintiffs' Complaint.

636. The allegations contained in paragraph 636 of Plaintiffs' Complaint are denied.

637. The allegations contained in paragraph 637 of Plaintiffs' Complaint directed against Defendants Duke University, DUHS, Arico, Brodhead, Burness, Dean, Drummond, Dzau, Graves, Hendricks, Lange, Moneta, Trask, Wasiolek, and Wes Covington are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 637 directed against other defendants, except it is expressly denied that there was a conspiracy.

638. The allegations contained in paragraph 638 of Plaintiffs' Complaint are denied.

639. The allegations contained in paragraph 639 of Plaintiffs' Complaint directed against Wes Covington are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 639 directed against other defendants, except it is expressly denied that Plaintiffs sustained "severe emotional distress" as that phrase is recognized under North Carolina law as a compensable injury.

640. The allegations contained in paragraph 640 of Plaintiffs' Complaint are denied.

641. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 641 of Plaintiffs' Complaint, except it is expressly denied that there was any conspiracy.

642. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 642 of Plaintiffs' Complaint.

<u>COUNT TWENTY-THREE</u>
(*Alleged Obstruction of and Conspiracy to Obstruct Public Justice*
*Against All Defendants*)

643. Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 642 of Plaintiffs' Complaint.

644. The allegations contained in paragraph 644 of Plaintiffs' Complaint directed against Defendants Duke University, DUHS, Arico, Brodhead, Burness, Dean, Drummond, Dzau, Graves, Hendricks, Lange, Levicy, Moneta, Trask, Wasiolek, and Wes Covington are denied. Covington is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 644 directed against other defendants, except any implication or inference of a conspiracy is expressly denied.

645.  The allegations contained in paragraph 645 of Plaintiffs' Complaint directed against Defendants Duke University, DUHS, Arico, Brodhead, Burness, Dean, Drummond, Dzau, Graves, Hendricks, Lange, Levicy, Moneta, Trask, Wasiolek, and Wes Covington are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 645 directed against other defendants, except any implication or inference of a conspiracy is expressly denied.

646.  The allegations contained in paragraph 646 of Plaintiffs' Complaint directed against Defendants Duke University, DUHS, Arico, Brodhead, Burness, Dean, Drummond, Dzau, Graves, Hendricks, Lange, Levicy, Moneta, Trask, Wasiolek, and Wes Covington are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 646 directed against other defendants, except it is expressly denied that Plaintiffs sustained "severe emotional distress" as that phrase is recognized under North Carolina law as a compensable injury.

647.  The allegations contained in paragraph 647 of Plaintiffs' Complaint directed against Defendants Duke University, DUHS, Arico, Brodhead, Burness, Dean, Drummond, Dzau, Graves, Hendricks, Lange, Levicy, Moneta, Trask, Wasiolek, and Wes Covington are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 647 directed against other defendants.

648. The allegations contained in paragraph 648 of Plaintiffs' Complaint directed against Defendants Duke University, DUHS, Arico, Brodhead, Burness, Dean, Drummond, Dzau, Graves, Hendricks, Lange, Levicy, Moneta, Trask, Wasiolek, and Wes Covington are denied. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 648 directed against other defendants.

<div align="center">

COUNT TWENTY-FOUR

*(Alleged Deprivation of Property without Due Process of Law
in Violation of 42 U.S.C. § 1983
Against Gottlieb, Himan, Wilson, Addison, Baker, Chalmers, Council,
Hodge, Lamb, Mihaich, Ripberger, Russ, and City of Durham)*

</div>

649. Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 648 of Plaintiffs' Complaint.

650. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 650 of Plaintiffs' Complaint.

651. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 651 of Plaintiffs' Complaint.

652. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 652 of Plaintiffs' Complaint.

653. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 653 of Plaintiffs' Complaint.

## COUNT TWENTY-FIVE

(*Alleged False Public Statements in Violation of 42 U.S.C. § 1983
Against Gottlieb, Himan, Wilson, Addison, and City of Durham*)

654.     Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 653 of Plaintiffs' Complaint.

655.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 655 of Plaintiffs' Complaint.

656.     It is admitted that Nifong falsely asserted that three members of the lacrosse team had perpetrated a brutal, racially-motivated gang rape, that lacrosse players had refused to cooperate with the police in the investigation, that the physical and medical evidence indicated that a rape had occurred, and that condoms may have been used. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 656.

657.     It is admitted that the media reported false statements by Nifong. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 657.

658.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 658 of Plaintiffs' Complaint.

659.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 659 of Plaintiffs' Complaint.

660.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 660 of Plaintiffs' Complaint.

661. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 661 of Plaintiffs' Complaint.

662. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 662 of Plaintiffs' Complaint.

663. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 663 of Plaintiffs' Complaint.

664. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 664 of Plaintiffs' Complaint.

## COUNT TWENTY-SIX
*(Alleged Violations of 42 U.S.C. § 1983 under Monell v. Dep't of Soc. Servs.*
*Against City of Durham, Gottlieb, Himan, and Wilson in their official capacities,*
*and Addison, Baker, Chalmers, Council, Hodge, Lamb, Mihaich,*
*Ripberger, and Russ in their official capacities)*

665. Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 664 of Plaintiffs' Complaint.

666. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 666 of Plaintiffs' Complaint.

667. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 667 of Plaintiffs' Complaint.

668. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 668 of Plaintiffs' Complaint.

669. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 669 of Plaintiffs' Complaint.

670. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 670 of Plaintiffs' Complaint.

671. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 671 of Plaintiffs' Complaint.

672. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 672 of Plaintiffs' Complaint.

673. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 673 of Plaintiffs' Complaint.

674. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 674 of Plaintiffs' Complaint.

675. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 675 of Plaintiffs' Complaint.

676. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 676 of Plaintiffs' Complaint.

677. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 677 of Plaintiffs' Complaint.

678. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 678 of Plaintiffs' Complaint.

679. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 679 of Plaintiffs' Complaint.

680. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 680 of Plaintiffs' Complaint.

681. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 681 of Plaintiffs' Complaint.

682. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 682 of Plaintiffs' Complaint.

683. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 683 of Plaintiffs' Complaint.

684. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 684 of Plaintiffs' Complaint.

685. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 685 of Plaintiffs' Complaint.

686. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 686 of Plaintiffs' Complaint.

687. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 687 of Plaintiffs' Complaint.

688. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 688 of Plaintiffs' Complaint.

689. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 689 of Plaintiffs' Complaint.

690.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 690 of Plaintiffs' Complaint.

691.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 691 of Plaintiffs' Complaint.

692.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 692 of Plaintiffs' Complaint.

693.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 693 of Plaintiffs' Complaint.

694.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 694 of Plaintiffs' Complaint.

695.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 695 of Plaintiffs' Complaint.

COUNT TWENTY-SEVEN
*(Alleged Negligent Supervision of the Durham Investigators*
*in Violation of 42 U.S.C. § 1983*
*Against Addison, Baker, Chalmers, Council, Hodge, Lamb,*
*Mihaich, Ripberger, and Russ)*

696.     Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 695 of Plaintiffs' Complaint.

697.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 697 of Plaintiffs' Complaint.

698.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 698 of Plaintiffs' Complaint.

699. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 699 of Plaintiffs' Complaint.

700. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 700 of Plaintiffs' Complaint.

701. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 701 of Plaintiffs' Complaint.

702. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 702 of Plaintiffs' Complaint.

703. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 703 of Plaintiffs' Complaint.

704. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 704 of Plaintiffs' Complaint.

705. It is admitted that as of March 2006, some individuals had the impression that Gottlieb had a bias against Duke students. Covington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 705 of Plaintiffs' Complaint.

706. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 706 of Plaintiffs' Complaint.

707. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 707 of Plaintiffs' Complaint.

708.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 708 of Plaintiffs' Complaint.

709.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 709 of Plaintiffs' Complaint.

710.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 710 of Plaintiffs' Complaint.

711.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 711 of Plaintiffs' Complaint.

712.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 712 of Plaintiffs' Complaint.

713.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 713 of Plaintiffs' Complaint.

714.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 714 of Plaintiffs' Complaint.

715.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 715 of Plaintiffs' Complaint.

716.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 716 of Plaintiffs' Complaint.

717.     Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 717 of Plaintiffs' Complaint.

718. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 718 of Plaintiffs' Complaint.

719. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 719 of Plaintiffs' Complaint.

720. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 720 of Plaintiffs' Complaint.

COUNT TWENTY-EIGHT
(*Alleged Intentional Infliction of Emotional Distress – III*
*Against Gottlieb, Himan, Wilson, Addison, Baker, Chalmers, Council,*
*Hodge, Lamb, Mihaich, Ripberger, Russ, and City of Durham*)

721. Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 720 of Plaintiffs' Complaint.

722. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 722 of Plaintiffs' Complaint, except it is expressly denied that Plaintiffs sustained "severe emotional distress" as that phrase is recognized under North Carolina law as a compensable injury.

723. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 723 of Plaintiffs' Complaint.

724. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 724 of Plaintiffs' Complaint.

725. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 725 of Plaintiffs' Complaint.

726. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 726 of Plaintiffs' Complaint, except it is expressly denied that Plaintiffs sustained "severe emotional distress" as that phrase is recognized under North Carolina law as a compensable injury.

727. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 727 of Plaintiffs' Complaint.

728. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 728 of Plaintiffs' Complaint.

<u>COUNT TWENTY-NINE</u>
*(Alleged Negligent Infliction of Emotional Distress – III*
*Against Addison, Baker, Chalmers, Council, Hodge, Lamb, Mihaich,*
*Ripberger, Russ, Gottlieb, Himan, Wilson, and City of Durham)*

729. Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 728 of Plaintiffs' Complaint.

730. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 730 of Plaintiffs' Complaint.

731. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 731 of Plaintiffs' Complaint.

732. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 732 of Plaintiffs' Complaint, except it is expressly denied that Plaintiffs sustained "severe emotional distress" as that phrase is recognized under North Carolina law as a compensable injury.

733. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 733 of Plaintiffs' Complaint.

<div align="center">

COUNT THIRTY

*(Alleged Negligence by Durham Police*
*Against Gottlieb, Himan, Wilson, Addison, Baker, Chalmers, Council,*
*Hodge, Lamb, Mihaich, Ripberger, Russ, and City of Durham)*

</div>

734. Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 733 of Plaintiffs' Complaint.

735. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 735 of Plaintiffs' Complaint.

736. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 736 of Plaintiffs' Complaint.

737. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 737 of Plaintiffs' Complaint.

738. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 738 of Plaintiffs' Complaint.

739. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 739 of Plaintiffs' Complaint.

740. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 740 of Plaintiffs' Complaint.

741. Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 741 of Plaintiffs' Complaint.

## COUNT THIRTY-ONE

*(Alleged Negligent Hiring, Training, Supervision,*
*Retention, and Discipline by Durham Police*
*Against Addison, Baker, Chalmers, Council,*
*Hodge, Lamb, Mihaich, Ripberger, Russ, and City of Durham)*

742.    Covington incorporates herein by reference his responses above to the allegations contained in paragraphs 1 through 741 of Plaintiffs' Complaint.

743.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 743 of Plaintiffs' Complaint.

744.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 744 of Plaintiffs' Complaint.

745.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 745 of Plaintiffs' Complaint.

746.    Covington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 746 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

747.    Because paragraph 747 of Plaintiffs' Complaint is a prayer for relief, no formal response is required. However, in the event a specific response is deemed necessary, then Wes Covington denies that Plaintiffs are entitled to receive from him any damages of any kind or nature and any attorneys' fees, and hence Covington denies the allegations contained in paragraph 747 of Plaintiffs' Complaint which are directed against him. Additionally, lacking sufficient knowledge and information to form any

belief as to whether Plaintiffs are entitled to any damages of any kind from any other defendant, Covington denies that Plaintiffs are entitled to any damages.

FURTHER RESPONDING TO PLAINTIFFS' COMPLAINT, WES COVINGTON ASSERTS THE FOLLOWING ADDITIONAL DEFENSES:

## THIRD DEFENSE

1.     Any alleged act or omission of Wes Covington did not proximately cause any compensable injury or damage to Plaintiffs, and without proximate cause, Plaintiffs' claims against Covington should be dismissed.

## FOURTH DEFENSE

2.     The acts and omissions of others, especially Michael Nifong, constitute intervening and superseding acts and omissions, and therefore Wes Covington is not and cannot be liable for the damages which Plaintiffs are seeking in this lawsuit.

WHEREFORE, having answered Plaintiffs' Complaint, Defendant Wes Covington requests the Court:

(1)     That Plaintiffs have and recover nothing of him in this action;

(2)     That this action be dismissed;

(3)     That the costs of this action be taxed against Plaintiffs;

(4)     That Wes Covington's attorneys' fees for defending this action be awarded as part of the costs of this action pursuant to 42 U.S.C. § 1988(b) and/or N.C. Gen. Stat. § 6-21.5 ; and

(5)     That the Court grant to Wes Covington such other and further relief as may

be just and proper.

DEFENDANT WES COVINGTON REQUESTS A TRIAL BY JURY ON ALL

TRIABLE ISSUES.

This the 30th day of May, 2008.

<div style="margin-left: 50%;">

/s/ Kenneth Kyre, Jr.
N.C. State Bar Number:  7848
Attorney for Defendant Covington
Pinto Coates Kyre & Brown, PLLC
P.O. Box 4848
Greensboro, NC 27404
Telephone:  (336) 282-8848
Fax:  (336) 282-8409
E-mail:  kkyre@pckb-law.com

/s/ Paul D. Coates
N.C. State Bar Number:  9753
Attorney for Defendant Covington
Pinto Coates Kyre & Brown, PLLC
P.O. Box 4848
Greensboro, NC 27404
Telephone:  (336) 282-8848
Fax:  (336) 282-8409
E-mail:  pcoates@pckb-law.com

</div>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of May, 2008, I electronically filed the foregoing Answer to Plaintiffs' Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

- **CHARLES J. COOPER**
  ccooper@cooperkirk.com,nmoss@cooperkirk.com
- **JAMES DONALD COWAN , JR**
  don.cowan@smithmoorelaw.com,kathy.hawkins@smithmoorelaw.com,leighann.robinson@smithmoorelaw.com
- **JOEL MILLER CRAIG**
  jcraig@kennoncraver.com,rrogers@kennoncraver.com,hsappenfield@kennoncraver.com
- **REGINALD B. GILLESPIE , JR**
  rgillespie@faison-gillespie.com,diane.taylor@faison-gillespie.com,avoss@steptoe.com,susan.veasey@faison-gillespie.com,Kelly.Troy@durhamnc.gov,Kimberly.Grantham@durhamnc.gov,susan.groves@faison-gillespie.com,RWarin@steptoe.com,Beverly.Thompson@durhamnc.gov
- **JAMIE S. GORELICK**
  jamie.gorelick@wilmerhale.com
- **LESLIE COOPER HARRELL**
  cooper.harrell@smithmoorelaw.com,linda.hassell@smithmoorelaw.com
- **PATRICIA P. KERNER**
  tricia.kerner@troutmansanders.com,melissa.bowling@troutmansanders.com,tracy.bowling@troutmansanders.com
- **KENNETH KYRE , JR**
  kkyre@pckb-law.com,eadams@pckb-law.com
- **WILLIAM F. LEE**
  william.lee@wilmerhale.com
- **JAMES B. MAXWELL**
  jmaxwell@mfbpa.com,lrosemond@mfbpa.com
- **DAN JOHNSON MCLAMB**
  dmclamb@ymwlaw.com,cyounger@ymwlaw.com
- **JENNIFER M. O'CONNOR**
  jennifer.oconnor@wilmerhale.com,whdukelacrosseassociates@wilmerhale.com,whdukelacrosseparalegals@wilmerhale.com
- **SHIRLEY MARING PRUITT**
  spruitt@ymwlaw.com
- **HENRY W. SAPPENFIELD**
  hsappenfield@kennoncraver.com,rrogers@kennoncraver.com

- **EDWIN M. SPEAS , JR**
  espeas@poynerspruill.com,sstutts@poyners.com
- **ERIC P. STEVENS**
  estevens@poyners.com,rclarke@poyners.com,eweston@poyners.com,johale@poynerspruill.com
- **HANNAH GRAY STYRON**
  hannah.styron@troutmansanders.com,nella.johnson@troutmansanders.com
- **WILLIAM JOHN THOMAS , II**
  thomas@tfmattorneys.com,tfm@tfmattorneys.com
- **DAVID H. THOMPSON**
  dthompson@cooperkirk.com
- **D. MARTIN WARF**
  martin.warf@troutmansanders.com,nella.johnson@troutmansanders.com
- **DIXIE THOMAS WELLS**
  dixie.wells@smithmoorelaw.com,kathy.hawkins@smithmoorelaw.com
- **PAUL R.Q. WOLFSON**
  Paul.Wolfson@wilmerhale.com
- **THOMAS CARLTON YOUNGER , III**
  cyounger@ymwlaw.com

The said Answer was served upon the following party who has entered an appearance in this lawsuit but to whom electronic notification will not be sent by the Clerk of Court by mailing the Answer via first class U.S. Mail to:

Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503

This the 30th day of May, 2008.

/s/ Kenneth Kyre, Jr.
N.C. State Bar Number:  7848
Attorney for Defendant Covington
Pinto Coates Kyre & Brown, PLLC
P.O. Box 4848
Greensboro, NC 27404
Telephone:  (336) 282-8848
Fax:  (336) 282-8409
E-mail:  kkyre@pckb-law.com