# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO. 1:08-CV-119

| | |
|---|---|
| **EDWARD CARRINGTON**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **DEFENDANT** |
| v. ) | **CITY OF DURHAM,** |
| ) | **NORTH CAROLINA'S** |
| **DUKE UNIVERSITY**, *et al.*, ) | **MOTION TO DISMISS** |
| ) | **COMPLAINT** |
| **Defendants.** ) | |

Defendant the City of Durham, North Carolina (the "City"), by and through its attorneys, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves the Court to dismiss the following purported claims asserted against the City in Plaintiffs' Complaint, for failure to state a claim upon which relief can be granted.

IN SUPPORT WHEREOF, the City respectfully shows the Court the following:

1. To the extent that any of Plaintiffs' Causes of Action against the City (Counts 8, 10, 20-31) are based upon the actions of District Attorney Michael Nifong, they must fail because Nifong was at all times a state official with no municipal authority under North Carolina law.

2. Plaintiffs' Causes of Action regarding the receipt by Durham police of "key card" information supplied by Duke University fail. Plaintiffs' fraud claim (Count 8) against the City fails because no allegations are made as to actions taken by City officials. Plaintiffs' abuse of process claim (Count 10) fails for similar reasons: Nifong had sole authority to issue the subpoena, and allegations of malicious intent alone cannot support a

claim under North Carolina law. *See* Ex. 1, Subpoenas (certified copies attached hereto). Plaintiffs' Fourth Amendment claim (Count 20) fails because they did not have a reasonable expectation of privacy in key card information.

3. Plaintiffs' Fourth Amendment claim arising from a nontestimonial order (NTO) for DNA samples (Count 21) fails because the NTO—issued in strict accordance with North Carolina law—was fully consistent with the Fourth Amendment. *See* N.C. Gen. Stat. § 15A-273; Ex. 2, Notestimonial Identification Order (Nov. 23, 2006) (Stevens, J) (certified copy attached hereto).

4. Plaintiffs' due process claims likewise do not state a claim as a matter of law. Plaintiffs' "malicious investigation" claim (Count 22) fails for the same reasons that the Supreme Court rejected a "malicious prosecution" due process claim in *Albright v. Oliver*. Their claims of deprivation of property without due process (Counts 24 and 25) fail because the harm alleged—loss of educational, business, intercollegiate sports, or any other opportunities allegedly resulting from reputational harm—are not legally cognizable under the Due Process Clause.

5. Plaintiffs' claim against the City under *Monell v. Department of Social Services* fails because the alleged "selective enforcement" theory of City liability is not sufficiently similar to, or connected with, the deprivations of which Plaintiffs complain.

6. Plaintiffs' additional state law claims likewise fail. Plaintiffs have alleged neither the "extreme and outrageous" conduct nor the "severe emotional damages" sufficient to sustain an intentional infliction of emotional distress action (Count 28). Moreover, the intentional acts alleged by Plaintiffs doom their negligent infliction of

emotional distress claim (Count 29).  Finally, Plaintiffs' obstruction of justice claim fails because for allegations such as those at issue—focusing squarely on allegations of a malicious investigation—North Carolina common law provides no relief (Count 23).

7. Finally, Plaintiffs' demand for punitive damages against the City set forth in paragraph 747.b. of their Complaint must be dismissed, because the City is absolutely immune from liability for punitive damages under longstanding federal and state law.

IN FURTHER SUPPORT of this motion, the City respectfully offers and relies on the following exhibits, attached to this motion:

1. Exhibit 1 – Certified Copy of Subpoenas Issued to Duke University
2. Exhibit 2 – Certified Copy of Order Granting Application for Non-Testimonial Order (Mar. 23, 2006) (Stephens, J.)

IN FURTHER SUPPORT of this motion, the City offers and relies on the accompanying Brief in Support of Defendant City of Durham, North Carolina's Motion to Dismiss.

WHEREFORE, Defendant the City of Durham, North Carolina prays that this motion be granted, that Plaintiffs' claims, as set forth above and in the accompanying brief, be dismissed, and that the City be awarded such other and further relief as is just and proper.

This the 30th day of May, 2008.

| FAISON & GILLESPIE | STEPTOE & JOHNSON LLP |
|---|---|
| By: /s/ Reginald B. Gillespie, Jr.<br>Reginald B. Gillespie, Jr.<br>North Carolina State Bar No. 10895<br>5517 Chapel Hill Boulevard, Suite 2000<br>Post Office Box 51729<br>Durham, North Carolina  27717-1729<br>Telephone:  (919) 489-9001<br>Fax: (919) 489-5774<br>E-Mail: rgillespie@faison-gillespie.com | By: /s/ Roger E. Warin<br>Roger E. Warin*<br>Michael A. Vatis*<br>Matthew J. Herrington*<br>John P. Nolan*<br>Ana H. Voss*<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC  20036<br>Telephone: (202) 429-3000<br>Fax: (202) 429-3902<br>E-Mail: rwarin@steptoe.com<br>*(Motion for Special Appearance to be filed) |

Attorneys for Defendant City of Durham, North Carolina

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record, to each of whom the NEF will be transmitted, except that, with respect to the following party, a copy is being transmitted via first class mail to the address listed below:

    Linwood Wilson
    *Pro Se*
    [Home Address redacted per LR 7.1(b), MDNC and ECF P&P Manual, part J]

This the 30th day of May, 2008.

                              FAISON & GILLESPIE

                              By: /s/ Reginald B. Gillespie, Jr.
                                  Reginald B. Gillespie, Jr.
                                  North Carolina State Bar No. 10895