

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EDWARD CARRINGTON, et al.,
Plaintiffs,
v.
DUKE UNIVERSITY, et al.,
Defendants.

Civil Action No. 1:08-cv-00119

## MOTION TO DISQUALIFY ATTORNEY WILLIAM J. THOMAS UNDER 27 NCAC02 RULE 3.7 LAWYER AS WITNESS; UNITED STATES DISTRICT COURT AS DEFINED IN LR83.53.7 OF NORTHERN DISTRICT OF ILLINOIS LAWYER AS WITNESS

Defendant Linwood Wilson hereby moves for an Order disqualifying William J. Thomas as the NC Attorney for Plaintiffs.

In support of this Motion, Defendant Wilson states as follows:

1. On November 2, 2006, Defendants Linwood Wilson and Benjamin Himan conducted and interview of Attorney William J. Thomas in Mr. Thomas' law offices. The interview was a result of comments made in the Print Media (Newspaper) concerning facts about the criminal case: State of North Carolina vs. David Evans, Reade Seligmann and Colin Finnerty. A written statement by both Defendants Wilson and Himan was prepared from the interview of Attorney William J. Thomas and contained certain facts that was important to the criminal investigation. That report is now in the possession of the North Carolina Attorney General and has been ordered sealed by the North Carolina Attorney General. Mr. Thomas was not an attorney for either of the parties in the criminal case and had no privilege. Mr. Thomas was interviewed as a material factual witness.

1

During the interview of Mr. Thomas, the discussions got loud with some of the discussions taking place in the open office area and then moving into the conference room. Several of Mr. Thomas' office staff and law partners overheard the interview and are therefore possible witnesses as well. Attorney James "Butch" Williams was also present and came out into the office area and stated to Mr. Thomas that the interview needed to be done out of the public area at which time the interview moved into the conference room, already having captured the interest of everyone in the office. Some of the information provided by Attorneys Thomas and Williams became evidence in the criminal case, thus making both Attorney Thomas and Williams witnesses in 1:08CV00119, which Attorney Thomas is an Attorney of record for the Plaintiffs.

2. Defendant Wilson, *pro se*, is also a defendant in Civil Action No. 1:07-CV-00739 also in The United States District Court For The Middle District Of North Carolina and intends to call Attorney William J. Thomas as a witness in that case.

3. Defendant Wilson, *pro se*, is also a defendant in Civil Action No. 1:07-CV-00953 also in The United States District Court For The Middle District Of North Carolina and intends to call Attorney William J. Thomas as a witness in that case.

4. It is also reasonable for the court to assume the possibility that other Defendants in the three cases pending, will call Attorney Thomas as a witness as well.

5. Defendant Wilson, *pro se*, files this motion early in this action to avoid causing any hardship on the plaintiffs and unnecessary costs.

6. Defendant Wilson, *pro se*, states the following Rules of Professional Conduct as a basis for the motion to disqualify Attorney Thomas and Attorney Thomas' law firm from this action:

>27 NCAC02 RULE 3.7 LAWYER AS WITNESS;
>UNITED STATES DISTRICT COURT AS DEFINED IN
>LR83.53.7 OF NORTHERN DISTRICT OF ILLINOIS LAWYER
>AS WITNESS

27 NCAC02 Rule 3.7 Lawyer As Witness states:
(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
    (1)    the testimony relates to an uncontested issue;
    (2)    the testimony relates to the nature and value of legal services rendered in the case; or
    (3)    disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9. *(Attachment 1)*

LR83.53.7. Lawyer as Witness
Rules of Professional Conduct
(a) A lawyer shall not act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably should know that the lawyer may be called as a witness therein on behalf of the client, except that the lawyer may do so and may testify:
(1) if the testimony will relate to an uncontested matter;
(2) if the testimony will relate to a matter of formality and the lawyer reasonably believes that no substantial evidence will be offered in opposition to the testimony;
(3) if the testimony will relate to the nature and value of legal services rendered in the case by the lawyer or the firm to the client; or
(4) as to any other matter, if refusal to act as an advocate would work a substantial hardship on the client.
(b) If a lawyer knows or reasonably should know that the lawyer may be called as a witness other than on behalf of the client, the lawyer may act as an advocate in a

trial or evidentiary proceeding unless the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client.
(c) Except as prohibited by LR83.51.7 or LR83.51.9, a lawyer may act as advocate in a trial or evidentiary proceeding in which another lawyer in the lawyer's firm may be called as a witness, and nothing in this rule shall be deemed to prohibit a lawyer barred from acting as advocate in a trial or evidentiary proceedings from handling other phases of the litigation. *(Attachment 2)*

Missouri *(Attachment 3)* Supreme Court Rules and New Hampshire *(Attachment 4)* also have similar rules of professional conduct. Most States have the same or similar rules of professional conduct regarding Lawyers As Witnesses.

Defendant Wilson believes that any attorney in Mr. Thomas' firm is a potential witness in this case as well as in the other pending cases stated above.

**WHEREFORE**, Defendant Wilson requests that the Court disqualify and remove Attorney William J. Thomas and his Law Firm of Thomas, Ferguson & Mullins, L.L.P Attorneys At Law, from any participation in this action.

Dated: June 10, 2008                                 Respectfully submitted,

*(signature)*
LINWOOD WILSON
6910 Innesbrook Way
Bahama, NC 27503

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EDWARD CARRINGTON, et al.,
Plaintiffs,
v.

Civil Action No. 1:08-cv-00119

DUKE UNIVERSITY, et al.,
Defendants.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Defendant Linwood Wilson's Motion To Disqualify Attorney William J. Thomas by depositing a copy of the same in an official depository of the US Postal Service in a postage-paid envelope addressed to the following:

Reginald B. Gillespie, Jr.
FAISON & GILLESPIE
5517 Durham-Chapel Hill Blvd., Ste. 2000
P.O. Box 51729
Durham, N.C. 27717-1729
*Counsel for Defendant City of Durham, N.C.
And Edward Sarvis*

Joel M. Craig
Henry W. Sappenfield
KENNON CRAVER BELO CRAIG & MCKEE, PLLC
4011 University Drive, Suite 300
P.O. Box 51579
Durham, N.C. 27717-1579
*Counsel for Defendant Benjamin Himan*

James B. Maxwell,
MAXWELL, FREEMAN & BOWMAN, P.A.
P.O. Box 52396
Durham, N.C. 27717-2396
*Counsel for Defendant David Addison, Kammie
Michaels, Richard Clayton and James T. Soukup*

Edwin M. Speas
Eric P. Stevens
POYNER & SPRUILL, LLP
3600 Glenwood Avenue
Raleigh, N.C. 27612
*Counsel for Defendant Mark Gottlieb*

Patricia P. Kerner
D. Martin Warf
Hannah G. Styron
TROUTMAN SANDERS LLP
434 Fayetteville Street, Suite 1900
Raleigh, N.C. 27601
*Counsel for Defendants Steven Chalmers, Patrick Baker, Beverly Council, Ronald Hodge, Jeff Lamb, Stephen Mihaich, Michael Ripberger, Laird Evans and Lee Russ*

Roger E. Warin
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. N.W.
Washington, D.C. 20036
*Counsel for Defendant City of Durham, N.C.*

J. Donald Cowan, Jr., Esq.
Dixie T. Wells, Esq.
Leslie Cooper Harrell
SMITH MOORE LLP
P. O. Box 21927
Greensboro, NC 27420
*Counsel for Defendants Duke University, Duke University Police Department, Aaron Graves, Robert Dean, Leila Humphries, Phyllis Cooper, William F. Garber, II, James Schwab, Joseph Fleming, Jeffrey O. Best, Gary N. Smith, Greg Stotsenberg, Robert K. Steel, Richard H. Brodhead, Ph.D., Peter Lange, Ph.D., Tallman Trash, III, Ph.D., Johan Burness, Larry Moneta, Ed.D., Victor J. Dzau, M.D., Allison Halton, Kemel Dawkins, Suzanne Wasiolek, Stephen Bryan, and Matthew Drummond*

William F. Lee
Jamie Gorelick
Paul R. Q. Wolfson
Jennifer M. O'Connor
WILMER CUTLER PICKERING HALE AND DORR, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
*Counsel for Defendants Duke University, Duke University Police Department, Aaron Graves, Robert Dean, Leila Humphries, Phyllis Cooper, William F. Garber, II, James Schwab, Joseph Fleming, Jeffrey O. Best, Gary N. Smith, Greg Stotsenberg, Robert K. Steel, Richard H. Brodhead, Ph.D., Peter Lange, Ph.D., Tallman Trash, III, Ph.D., Johan Burness, Larry Moneta, Ed.D., Victor J. Dzau, M.D., Allison Halton, Kemel Dawkins, Suzanne Wasiolek, Stephen Bryan, and Matthew Drummond, Duke University Health Systems, Inc., Private Diagnostic Clinic, PLLC, Julie Manly, M.D., Theresa Arico, R.N., and Tara Levicy, R.N.*

Dan J. McLamb
Shirley M. Pruitt
Thomas Carlton Younger, III
YATES, McLAMB & WEYHER, LLP
One Bank of America Plaza, Ste 1200
421 Fayetteville Street
Raleigh, NC 27601
*Counsel for Defendants Duke University Health Systems, Inc., Private Diagnostic Clinic, PLLC, Julie Manly, M.D., Tara Levicy, R.N. and Theresa Arico, R.N.*

Kenneth Kyre Jr.
Paul D. Coates
PINTO COATES KYRE & BROWN, PLLC
P.O. Box 4848
Greensboro, NC 27404
*Counsel for J. Wesley Covington*

William J. Thomas, II
119 East Main Street
Durham, NC 27701
*Counsel for Plaintiffs*

Charles J. Cooper
David H. Thompson
Nicole Jo Moss
1523 New Hampshire Ave., NW
Washington, DC 20036
*Counsel for Plaintiffs*

THIS, the 10th day of June, 2008.

*[signature: Linwood Wilson]*

---
Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503-9700