UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:08-CV-00119

|  |  |
|---|---|
| EDWARD CARRINGTON, *et al.*, | ) )  ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| DUKE UNIVERSITY, *et al.,* | ) |
| Defendants. | ) ) |

## **MEMORANDUM IN RESPONSE TO MOTION TO REQUIRE DEFENDANTS TO PARTICIPATE IN THE MANDATORY RULE 26(F) DISCOVERY CONFERENCE**

NOW COME Defendants the City of Durham, North Carolina, Mark Gottlieb, Benjamin Himan, Patrick Baker, Steven Chalmers, Ronald Hodge, Lee Russ, Stephen Mihaich, Beverly Council, Jeff Lamb, Michael Ripberger, and David Addison (collectively, the "City Defendants"), herein by and through their respective counsel of record, and pursuant to LR7.3(f), MDNC, submit this memorandum in response to the Plaintiffs' Motion to Require Defendants to Participate in the Mandatory Rule 26(F) Discovery Conference (docket no. 57).

### STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT

Plaintiffs' motion asks this Court to impose the burdens and costs of full discovery on the City Defendants before comprehensive motions to dismiss and questions of immunity for individual defendants are resolved. Plaintiffs' motion does not recite that the parties have already met and agreed to exchange detailed information regarding the

efforts undertaken to preserve potentially relevant electronically-stored information. Thus, Plaintiffs' assertion that the City Defendants have unilaterally ordered a stay of discovery is simply not true. The City Defendants have sought, consistent with local practice, both to protect themselves from costly discovery on claims that should be dismissed and to preserve information for any claim that may persist. Particularly because there are immunity defenses at issue here, this Court should not require the parties to begin the costly process of full discovery before the contours of Plaintiffs' claims have been decided. The City Defendants therefore respectfully request that this Court deny the Plaintiffs' motion.

STATEMENT OF THE FACTS

Plaintiffs filed their Complaint against the City Defendants, Duke University and its associated personnel (collectively, the "Duke Defendants"), Linwood Wilson, and J. Wesley Covington on February 21, 2008, asserting 14 causes of action against the City Defendants (docket nos. 1-5). After this filing, the parties agreed to, and this Court set, a scheduling order for filing responsive pleadings (docket no. 51). This scheduling order modified the requirements of this Court's Local Rules with regard to page numbers and response/reply deadlines, acknowledging the complexity of the case and the parties' counsels' cooperative request and agreement. According to this scheduling order, the City Defendants filed their motions to dismiss and their opening briefs on May 30, 2008 (docket nos. 58, 59, 60, 61, 66, 67, 68, 69, 72, 73). These motions to dismiss collectively request dismissal of virtually all of Plaintiffs' causes of action against the City Defendants. The individual City Defendants moved to dismiss Plaintiffs' claims on

grounds of qualified and public official immunities, among other reasons. Similarly, the Duke Defendants and Defendant J. Wesley Covington have also filed motions to dismiss and opening briefs (docket nos. 62, 63, 64, 65, 71, 74).[1]

Before any of the defendants filed their motions to dismiss, the Plaintiffs moved the Court for an order requiring the defendants to participate in a discovery conference under Federal Rule of Civil Procedure 26(f) (docket no. 57). That motion incorrectly assumes the City Defendants' unwillingness to preserve information relevant to the prosecution and defense of the asserted claims based on their belief the claims should be dismissed as a matter of law.

However, the parties—including the City Defendants—participated in a conference call on June 3, 2008 to discuss Plaintiffs' main concern: the preservation of types of electronically stored information ("ESI") that may be relevant to this dispute. At that conference, the City Defendants and the Duke Defendants represented that they have already taken substantial steps to preserve ESI. To further assuage Plaintiffs' concerns without Court intervention, the parties agreed to exchange correspondence outlining the potential sources of ESI in each party's possession and the efforts that have been undertaken to preserve that material at the end of June 2008. Also during that conference, counsel for the Duke Defendants requested that Plaintiffs put their motion on hold until after the exchange of these letters addressing some of the very concerns Plaintiffs raised there. Plaintiffs' counsel agreed to consider the request, but stated that they had

---

[1] Defendant Linwood Wilson's answer or motion to dismiss is not due until June 27, 2008.

additional concerns beyond ESI. Plaintiffs' counsel subsequently stated their intention to proceed with the motion. Accordingly, the City Defendants submit this response in opposition to Plaintiffs' motion.

QUESTION PRESENTED

Should the parties be required to participate in a Rule 26(f) discovery conference, when comprehensive motions to dismiss are pending, when the contours and existence of Plaintiffs' claims have not been determined, and when individual defendants' substantial demands for immunity from suit have not been addressed?

ARGUMENT

There is no requirement under the Federal Rules that the parties undertake a discovery conference prior to the resolution of motions to dismiss. In fact, Rule 26(f) gives this Court discretion to modify the timing of the Rule 26(f) conference. FED. R. CIV. P. 26(f)(1) (providing an exception to general timing rules "when the court orders otherwise"). That discretion, together with the extraordinary length of Plaintiffs' complaint, the novelty of the claims asserted, and the complexity of the questions presented, has already led this Court to approve significant expansions of the page limits and deadlines for briefs relating to the defendants' motions to dismiss. The City Defendants believe that the Plaintiffs' formal request for the Court's intervention is premature and should be denied for the reasons set forth below.

## I. Discovery Should Not Go Forward Before this Court Resolves the City Defendants' Motions to Dismiss.

Rule 26(f) requires the parties to meet and confer to "consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." FED. R. CIV. P. 26(f)(2). Parties must thereafter set forth in a discovery plan information, including "the subjects on which discovery may be needed." FED. R. CIV. P. 26(f)(3)(B). Likewise, under the Federal Rules, discovery is limited to "nonprivileged matter that is *relevant* to any party's claim or defense." FED. R. CIV. P. 26(b) (emphasis added).

Here, the Plaintiffs are seeking to start discovery before the parties know what will be relevant. Plaintiffs' claims against the City range from a wide variety of activities— from alleged involvement in a conspiracy to disclose key card information to a Fourth Amendment claim based on a nontestimonial identification order and an alleged City policy to target Duke students for enforcement of criminal laws. The City Defendants respectfully submit that they have presented strong arguments for why many, if not all, of the claims should be dismissed. The motions to dismiss have the potential to accomplish wholesale elimination of substantial categories of discovery. For example, dismissal of the claims based on the alleged City policy to target Duke students would eliminate costly discovery regarding hundreds of unrelated incidents.

Moreover, there are overlapping issues and claims brought up in the related cases of *Evans v. City of Durham*, 1:07-CV-739, and *McFadyen v. Duke University*, 1:07-CV-953, which could create burdensome, duplicative discovery for the City Defendants if

Plaintiffs here are allowed to start discovery. And, additional subjects and sources of information could arise if Michael Nifong is added as a Defendant in this case.[2] It is therefore impossible at this early stage to know what the scope of discovery should be or what matters might be relevant. It is impracticable to hold a 26(f) conference before the motions to dismiss are decided and these other preliminary matters are addressed.

## II. The Individual City Defendants Are Entitled to Qualified or Public Official Immunity and Should Not Be Subject to Discovery.

As shown in the motions to dismiss, the individual City Defendants are entitled to qualified immunity from suit on Plaintiffs' federal claims and public official immunity for many of Plaintiffs' state law claims. *See* docket no. 59 at 8-9; docket no. 61 at 32-34, 40-

---

[2] At the national press conference organized by the publicist hired by Plaintiffs' counsel to promote the filing of this lawsuit, the follow exchange between a television news reporter and Plaintiffs' counsel occurred:

> Mr. DAN BOWENS (WRAL-TV): My name is Dan Bowens from WRAL-TV in Raleigh. One name clearly missing from the lawsuit is Mike Nifong. And I know you mentioned that he's in the middle of his bankruptcy hearing. Depending on the outcome of the hearing, is it possible that there is a time when his name could be added to this lawsuit?

> Mr. COOPER: His name in the drafting of the suit was definitely in it as a defendant. And it was only because of his bankruptcy filing that he was deleted. If it turns—comes to pass that he will no longer be protected by federal bankruptcy law from the lawsuit, we will add him as a defendant.

[Transcript of press conference February 21, 2008, at 8-9 (docket no. 10-7, Pages 9-10 of 15)] At the conference call of attorneys on June 3, 2008 regarding the instant motion, Plaintiffs' counsel were asked about their intentions regarding Nifong in light of the Bankruptcy Court's recent decision to lift the bankruptcy stay with regard to the claims asserted by plaintiffs in *Evans v. City of Durham*, 1:07-CV-739. Notwithstanding the above statement made at the press conference, Plaintiffs' counsel responded that they had not decided whether to seek to add Nifong as a defendant in the present case.

46; docket no. 67 at 28-34; and docket no. 69 at 24-29. These immunities protect the substantial rights of the individual City Defendants not to be subject to the burdens and expenses of a lawsuit. *Saucier v. Katz*, 533 U.S. 194, 200 (2001) ("Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation."); *Farrell v. Transylvania County Bd. of Educ.*, 625 S.E.2d 128, 133 (N.C. Ct. App. 2007) (reversing on interlocutory appeal the denial of motion to dismiss on public official and qualified immunity grounds stating "a valid claim of immunity is more than a defense in a lawsuit; it is in essence immunity from suit") (internal quotation omitted). Entire sets of claims against the individual defendants may be dismissed as a result of the pending motions, obviating the need for costly discovery and narrowing the potential scope of discovery. It would be burdensome to proceed until these immunity issues are resolved.[3]

### III. The Parties Have Already Met and Agreed to Discuss the Preservation of ESI.

The main concern expressed in Plaintiffs' motion is the preservation of ESI. They argue that the risk that evidence may be lost is "especially paramount for [ESI] such as email that due to the routine operation of a computer system may get overwritten or made significantly more burdensome and expensive to retrieve with the passage of time." Motion at 3. This concern, however, has already been, and continues to be, addressed by all parties. At the parties' teleconference on June 3, 2008, the City Defendants explained

---

[3] Even if this Court is unable to sustain immunity at the motion to dismiss stage of this case, the full-blown discovery Plaintiffs seek in their motion would still be inappropriate. *See, e.g., Iqbal v. Hasty*, 490 F.3d 143, 158 (2d Cir. 2007) (conclusory allegations of knowledge that survive a motion to dismiss should be met with "some limited and tightly controlled reciprocal discovery" to flesh out immunity issues and amplification of a plaintiff's claim).

that the City had, prior to the filing of this lawsuit, begun the process of preserving certain ESI that may be relevant to this case. Counsel for the City Defendants, the Duke Defendants, and Plaintiffs agreed to provide more information regarding their efforts and the potential sources of ESI in letters to be exchanged at the end of this month. This is precisely the type of conference and ongoing cooperation for which Plaintiffs have moved. The Court does not need to intervene and order more formalized cooperation among the parties, and therefore, should deny Plaintiffs' motion as premature.

Should this Court decide to enter a scheduling order, the City Defendants respectfully request that any Rule 26(f) conference be set no earlier than November 30, 2008 or at such other time that will allow this Court to consider and address the City Defendants' arguments set forth in their motions to dismiss.

## CONCLUSION

WHEREFORE, Defendants City of Durham, North Carolina, Mark Gottlieb, Benjamin Himan, Patrick Baker, Steven Chalmers, Ronald Hodge, Lee Russ, Stephen Mihaich, Beverly Council, Jeff Lamb, Michael Ripberger, and David Addison request that the Court deny the Plaintiffs' motion (docket no. 57), or in the alternative, request that that this Court issue a scheduling order setting the Rule 26(f) conference for no earlier than November 30, 2008.

This the 16th day of June, 2008.

        FAISON & GILLESPIE

        By: /s/ Reginald B. Gillespie, Jr.
            Reginald B. Gillespie, Jr.
            North Carolina State Bar No. 10895

            Attorneys for Defendant the City of
               Durham, North Carolina
            Post Office Box 51729 [27717-1729]
            5517 Chapel Hill Boulevard, Suite 2000
            Durham, North Carolina  27707
            Telephone:  (919) 489-9001
            Fax: (919) 489-5774
            E-Mail: rgillespie@faison-gillespie.com

        POYNER & SPRUILL LLP

        By: /s/ Edwin M. Speas
            Edwin M. Speas
            North Carolina State Bar No. 4112

            Attorneys for Defendant Mark Gottlieb
            3600 Glenwood Avenue
            Raleigh, North Carolina  27612
            Telephone:  (919) 783-6400
            Fax: (919) 783-1075
            E-Mail: espeas@poynerspruill.com

        KENNON, CRAVER, BELO, CRAIG &
            MCKEE, PLLC

        By: /s/ Joel M. Craig
            Joel M. Craig
            North Carolina State Bar No. 9179

            Attorneys for Defendant Benjamin Himan
            4011 University Drive, Suite 300
            Post Office Box 51579
            Durham, North Carolina  27717-1579
            Telephone:  (919) 490-0500
            Fax: (919) 490-0873
            E-Mail: jcraig@kennoncraver.com

***SIGNATURES OF COUNSEL CONCLUDED ON NEXT PAGE***

TROUTMAN SANDERS LLP

By: /s/ Patricia P. Kerner
    Patricia P. Kerner
    North Carolina State Bar No. 13005

    Attorneys for Defendants Patrick Baker, Steven Chalmers, Ronald Hodge, Lee Russ, Stephen Mihaich, Beverly Council, Jeff Lamb, and Michael Ripberger
    434 Fayetteville Street Mall
    Two Hannover Square, Suite 1100
    Raleigh, North Carolina 27601
    Telephone: (919) 835-4100
    Fax: (919) 829-8714
    E-Mail: tricia.kerner@troutmansanders.com

MAXWELL, FREEMAN & BOWMAN, P.A.

By: /s/ James B. Maxwell
    James B. Maxwell
    North Carolina State Bar No. 2933

    Attorneys for Defendant David Addison
    Post Office Box 52396
    Durham, North Carolina 27717
    Telephone: (919) 493-6464
    Fax: (919) 493-1218
    E-Mail: jmaxwell@mfbpa.com

<u>CERTIFICATE OF ELECTRONIC FILING AND SERVICE</u>

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record, to each of whom the NEF will be transmitted, except that, with respect to the following parties, a copy is being transmitted via first class mail to the address listed below:

    Mr. Linwood Wilson
    *Pro Se*
    [Home Address redacted per LR 7.1(b), MDNC and ECF P&P Manual, part J]

This the 16th day of June, 2008.

                          FAISON & GILLESPIE

                          By: /s/ Reginald B. Gillespie, Jr.
                              Reginald B. Gillespie, Jr.