IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

No 1:08-cv-119

| | |
|---|---|
| EDWARD CARRINGTON, et al.<br><br>                  Plaintiffs,<br><br>      v.<br><br>DUKE UNIVERSITY, et al.,<br><br>                  Defendants. | Response of Duke Defendants and SANE Defendants to Plaintiffs' Motion to Require Defendants to Participate in the Rule 26(f) Discovery Conference |

## NATURE OF THE PROCEEDINGS

Plaintiffs have asked the Court to require Defendants to participate in a discovery conference, pursuant to Federal Rule of Civil Procedure 26(f), or to set an initial scheduling conference, even though Defendants have filed motions to dismiss Plaintiffs' 225-page complaint. The Court should deny Plaintiffs' request. *First*, the Federal and Local Rules do not mandate that the parties convene a discovery conference at this time. *Second*, it is premature to commence discovery now, when resolution of the motions to dismiss may eliminate several issues and parties or may result in the dismissal of the complaint in its entirety. *Third*, there is ample case law supporting the wisdom of beginning discovery after the Court's ruling on dispositive motions, particularly under the circumstances of this case. *Fourth*, the basis for Plaintiffs' request to commence discovery now has been addressed already by voluntary actions that Defendants have

offered or already taken.  In addition, there are three other related and pending cases in the Middle District of North Carolina ("Middle District")[1] -- all before this Court and all with substantially overlapping factual issues and legal claims.  The scope of permissible discovery in one case, which only can be gleaned once the motions to dismiss are decided, necessarily will affect the availability of information and witnesses in the other lawsuits, as well as the body of information that must be preserved.  For these reasons, the Duke Defendants and SANE Defendants request that the Court decline to grant Plaintiffs' motion.

**STATEMENT OF FACTS**

In October 2007, before Plaintiffs filed the initial complaint in this action, counsel for Plaintiffs and counsel for the Duke Defendants and SANE Defendants exchanged letters, in which each advised the other of their preservation obligations.  (Ex. 1, 10/5/07 Letter to Cooper; Ex. 2, 10/12/07 Letter to Payton.)  In addition, the Duke Defendants and SANE Defendants volunteered that "Duke has instructed all individuals employed by Duke who are likely to have relevant information to preserve documents and electronically stored information regarding this matter."  (Ex. 1, 10/5/07 Letter to Cooper.)

---

[1] In addition to the case at bar, three related federal cases are pending (two of them before this Court):  *Evans v. City of Durham*, No. 07-739 (M.D.N.C.); *McFadyen v. Duke University*, No. 07-953 (M.D.N.C.); and *In re Nifong*, No. 08-80034 (Bankr. M.D.N.C.).

On April 1, 2008, Nicole Moss, counsel for Plaintiffs, contacted Dixie Wells, counsel for the Duke Defendants, to request that the parties meet and confer, pursuant to Federal Rule 26(f). Ms. Wells, in an electronic mail communication the following day, conveyed the Duke Defendants' position – namely that, under the Federal and Local Rules, the parties do not convene a Rule 26(f) discovery conference until after the Court has calendared a scheduling conference; and, in her experience, the typical practice of the Middle District is to defer such a conference until after resolution of the motions to dismiss and after all answers have been filed, and that Plaintiffs' request therefore was premature.

On May 22, 2008, Plaintiffs filed their motion, asking the Court to (i) require all Defendants to participate in a Rule 26(f) conference or (ii) set an initial scheduling conference. Specifically, in their motion, Plaintiffs expressed particular concern regarding the preservation of electronically stored information, including electronic mail communications, and the possibility that relevant information may be lost or destroyed. (Pls.' Mot. at 2-3.) Counsel for the Duke Defendants and the SANE Defendants wrote to Plaintiffs' counsel, re-stating the position that earlier had been conveyed by Ms. Wells and explaining that commencing discovery now, before the motions to dismiss are resolved, "would be a waste of our collective resources." In addition, the Duke Defendants' counsel suggested that the parties meet to discuss a reasonable accommodation that would address the issues described in Plaintiffs' motion, "without the need to consume the Court's resources." (Ex. 3, 5/28/08 Letter to Thompson.)

The following day, Plaintiffs agreed to meet (Ex. 4, 5/29/08 Letter to O'Connor); and, on June 3, 2008, the parties – with the exception of David Addison and Benjamin Himan – met by teleconference to discuss Plaintiffs' motion and any preliminary preservation protocols on which the parties could agree. Counsel for the Duke Defendants and SANE Defendants again explained the futility and inefficiency of commencing discovery now and proposed several preservation protocols designed to address the concerns that Plaintiffs articulated in their motion – including (i) the imaging of computer hard-drives belonging to any individually-named parties and some others who likely have discoverable, non-privileged information; (ii) the preservation of electronic mail messages sent to or by individuals who likely have discoverable information; (iii) the preservation of any internet communications and internet-based profiles maintained by individually-named parties; and (iv) the adoption of an end-date for document preservation purposes. In addition, the parties agreed to exchange, by June 30, 2008, letters in which they would delineate the preservation steps they have taken to date – including the names of custodians whose information has been preserved. Any party will be able to suggest additional custodians whose information should be preserved, an unusual step that demonstrates the strong commitment of the parties to ensure that all relevant, discoverable information is safeguarded.

In light of the parties' agreement to exchange by the end of the month information regarding their preservation efforts, counsel for the Duke Defendants and the SANE Defendants asked Plaintiffs' counsel to withdraw their motion pending the exchange of

information – on the premise that it is premature to invoke the judicial apparatus where Plaintiffs' electronic and other document preservation concerns are in the process of being addressed. Plaintiffs' counsel expressed an unwillingness to withdraw their motion even temporarily because, in addition to preserving data, Plaintiffs wish to begin the full range of discovery, including the preservation of "memories" – in other words, they would like to begin depositions now. (Ex. 5, Summary of Parties' 6/3/08 Teleconference;[2] Ex. 6, 6/16/08 Email from Moss; Pls.' Mot. at 3 (noting that "[m]emories fade" as justification for commencing discovery now).)

## QUESTION PRESENTED

Whether discovery should be commenced prior to the Court's ruling on the pending motions to dismiss, which will determine which parties and claims are properly before the Court in this case, and thus what information is relevant.

---

[2] During the 6/3/08 teleconference, counsel for the Duke Defendants and the SANE Defendants agreed to circulate a summary of the meeting for the group's review and, if necessary, correction. On June 10, 2008, counsel circulated the attached summary to all parties and asked everyone to comment if they had any edits or if they believed any aspect of the summary constituted a mischaracterization of the teleconference. Counsel for the Duke Defendants and the SANE Defendants has received no such comment.

## ARGUMENT

**1.  The Federal And Local Rules Do Not Mandate That The Parties Convene A Discovery Conference At This Time.**

The Federal and Local Rules do not require that the Rule 26(f) conference be held now, while motions to dismiss are pending.  As Plaintiffs acknowledge (Pls.' Mot. at 2), Federal Rule 26(f) requires that the parties confer "at least 21 days before a scheduling conference is to be held <u>or</u> a scheduling order is due under Rule 16(b)."  Fed. R. Civ. P. 26(f) (emphasis added).  The Middle District adopted Local Rule 16.1, which effectively chooses the first of two options permitted under Federal Rule 26(f).[3]  Local Rule 16.1 requires that the clerk of the court "schedule an initial pretrial conference and give at least thirty (30) days notice thereof," and that the parties "hold their Fed. R. Civ. P. 26(f) meeting at least 14 days before the scheduled initial pretrial conference and submit to the court their report within 10 days thereafter."  Under the Local Rule, the timing of the Rule 26(f) discovery conference is triggered by the Court's calendaring of a scheduling

---

[3] The Middle District acted within the authority afforded it under Federal Rule 83 (allowing a district court to adopt rules governing its practice) when it adopted its Local Rules.

conference, which has not occurred in this case.[4] Where, as here, the Court has not calendared the scheduling conference, there is no obligation to convene a Rule 26(f) conference.[5]

2.  **It Is Premature To Commence Discovery Now, When Resolution Of The Motions To Dismiss May Eliminate Several Issues And Parties Or May Result In The Dismissal Of The Complaint In Its Entirety.**

Plaintiffs filed a 225-page complaint, and Defendants have filed motions arguing the dismissal of each and every one of Plaintiffs' claims. Resolution of the motions to

---

[4] As far as Defendants are aware, the uniform practice of this Court is not to calendar a scheduling conference until after motions to dismiss are decided. This practice is fully consistent with the considerable latitude provided to this Court by the Federal Rules to time discovery according to the needs of a particular case. *See, e.g.*, Fed. R. Civ. P. 26(f)(1) (providing a court-ordered exemption from the requirement that the parties "must confer as soon as practicable . . . [or] at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)"); Fed. R. Civ. P. 26(f) advisory committee's note (stating that "[t]he court may order that the [Rule 26(f)] conference need not occur in a case where otherwise required"); Fed. R. Civ. P. 26(d) (permitting the court to set the timing and sequence of discovery). Thus, it is within the Court's authority not to schedule the initial pre-trial conference until after the Court decides the motion to dismiss. *See, e.g.*, *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) ("'Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999))).

[5] The Court plainly has authority under its rules to manage this case by, among other things, awaiting the determination of motions to dismiss before scheduling a conference or permitting discovery to begin. Even were this not the case, the Court has the authority to effect this outcome under Federal Rule 26(c): "Under Rule 26(c), the Court may, on a showing of good cause, enter an order to stay discovery in order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' District courts have broad discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss under Rule 12(b)(6)." *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *2 (N.D.Cal. 2007) (quoting *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987)).

dismiss may eliminate all or many issues and parties and, in the process, streamline discovery or eliminate it entirely. The Court's ruling on the motions necessarily will affect any discovery plan, including the scope of relevant and discoverable information; the range of initial disclosures; the timing of discovery requests; the number, extent and schedule of depositions; and much more. If discovery were to proceed before resolution of the motions, it will result in wasteful inefficiencies, including the likely need to ask this Court to resolve disputes such as requests for information that may be irrelevant or otherwise improper once the motions are decided and attempts to depose witnesses who may have no knowledge of the issues, if any, that survive a ruling on the motions.

Moreover, the task of arriving at an efficient discovery plan is complicated by the fact that there are three other pending cases in this District that would be affected by a decision to commence discovery now in this case. Coordination among the many parties involved in these multiple lawsuits and their counsel will be necessary and challenging, given the volume of potential witnesses and issues that are common to all the matters. Any discovery plan in this action should be fashioned in a manner that will accommodate, but not unnecessarily duplicate, discovery needs in the other cases. The most efficient and sensible way to achieve this aim is to proceed with discovery after all the motions to dismiss in the pending cases have been resolved by the Court, whereupon the parties in the various cases can assess which claims against which parties remain to be litigated and can then develop a coordinated discovery plan. *See In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 (stating that "adjudicating the

motions to dismiss will shed light on the best course for discovery"). Under these circumstances, where discovery may prove superfluous[6] and unnecessary costs of early discovery may be avoided, proceeding with discovery only after resolution of the motions to dismiss is warranted.[7] *See Tschirn v. Kurzweg*, No. 03-0369, 2003 WL 21087741, at *2 (E.D. La. May 9, 2003) (granting the defendants' motion for stay of all discovery pending ruling on motion to dismiss and completion of Rule 26(f) conference, where parties otherwise would have "incur[red] the expense of litigating over the scope of the discovery and conducting the discovery and this may be unnecessary").

---

[6]     Discovery in these cases will be extensive. For example, the City of Durham has at least 60 document custodians. There is a total of 53 plaintiffs, all of whom presumably have email accounts, computer hard-drives and internet Facebook or other web-based profiles. Discovery, including the production of electronically stored information from multiple servers and hard-drives, must be coordinated across multiple parties in 4 federal actions.

[7]     In addition, within the last two weeks, Plaintiffs have represented that they may add another party, former District Attorney Michael Nifong, to this case, which would affect any discovery plan that the parties might now craft. (Ex. 5, Summary of Parties' 6/3/08 Teleconference.) If Plaintiffs ultimately decide to expand their complaint and name Mr. Nifong as a defendant or if Mr. Nifong is indeed required to litigate the claims against him in the *Evans* litigation (pursuant to the bankruptcy court's recent decision in *In re Nifong*, No. 08-80034, 2008 WL 2203149 (Bankr. M.D.N.C. May 27, 2008, lifting the stay of the district court proceedings with respect to Mr. Nifong), the parties to this action would be compelled to re-visit any discovery decisions they make now, in order to accommodate the additional party and amended complaint – especially given the central role that Mr. Nifong played in the underlying facts. Under these circumstances, where the addition of a new party and the submission of an amended complaint may be imminent, it is premature to commence discovery. *See In re Flash Memory Antitrust Litig.*, No. 07-0086, 2008 WL 62278, at *2, *4 (N.D. Cal. Jan. 4, 2008) (refusing to allow discovery before the plaintiffs filed their amended consolidated complaints and definitely named certain defendants).

### 3. Courts Regularly Defer Discovery In Large, Complicated Matters Until Resolution Of Motions To Dismiss.

Federal courts commonly defer discovery until resolution of motions to dismiss – even if that means discovery does not commence until a year or more after a complaint is filed. *See, e.g.*, *Patterson v. Brown*, No. 06-476, 2008 WL 219965, at *7 (W.D.N.C. Jan. 24, 2008) (concluding, more than a year and a half after the lawsuit was initiated, that plaintiff's discovery requests, which were promulgated while motions to dismiss were pending and before the Rule 26(f) had occurred, were improper). So long as the parties take appropriate preservation actions, the relevant material ultimately will be available when discovery begins. As the court explained in *Walker v. White*, "[b]y placing such limits on court-enforceable discovery, the court can give its full attention to … preliminary issues such as a motion to dismiss, … without the distraction of discovery disputes." No. 06-350, 2007 WL 812113, at *1 (W.D.N.C. Mar. 14, 2007) (denying plaintiff's motion to compel discovery).

The federal courts based in North Carolina are not unique in this regard. Courts in other jurisdictions regularly defer discovery until after they have considered motions to dismiss. *See, e.g.*, *Montgomery v. United States*, 933 F.2d 348, 350 (5th Cir. 1991) (affirming district court's denial of the plaintiff's motion to require a Rule 26(f) discovery conference, on the ground that it was appropriate to postpone discovery until the court could consider the motion to dismiss); *Mulero v. Bridgeport Bd. of Educ.*, No. 07-1206, 2008 WL 2185928, at *4 (D. Conn. May 22, 2008) (ordering the parties to "confer for the purposes described in Fed. R. Civ. P. 26(f)," after ruling on defendant's

motion to dismiss); *Meier v. Green*, No. 07-11410, 2007 WL 1725383, at *3 (E.D. Mich. June 7, 2007) (stating that, "[i]n light of the pending motion to dismiss, the court will not conduct a scheduling conference until the motion to dismiss has been resolved" and that "no discovery should be taken until, at the earliest, the motion to dismiss has been resolved").

Even jurisdictions that generally disfavor a stay of discovery pending resolution of motions to dismiss would likely defer premature discovery under the circumstances of the instant case. For example, in *Hall v. Witteman*, the court noted:

> The court does not ordinarily favor staying discovery pending resolution of dispositive motions or motions to dismiss because of the delay such a stay may occasion in obtaining a timely resolution of the matter. However, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided … where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful."

The court continued:

> Additionally, the court has not yet entered an order directing the parties to confer and formulate a plan for completion of discovery pursuant to Fed. R. Civ. P. 26(f) . . . . [and] [t]here is a potential for rulings on the pending motions to dismiss to be completely dispositive, to eliminate one or more defendants from the action, or to narrow the issues remaining for discovery . . . . Accordingly, by imposing a stay on discovery now, before discovery activities have truly begun, the court can prevent any waste of the parties' resources from the conduct of discovery on any aspect of the case that does not survive the pending motions.

The court therefore concluded:

> [A] stay of discovery would not prejudice any party, will allow the parties to have knowledge of what, if any, claims remain prior to expending resources on discovery, and is appropriate in this instance.

No. 07-4128, 2008 WL 1743439, at *2 (D. Kan. Apr. 14, 2008) (refusing to permit discovery until trial judge decided all pending motions to dismiss).

4. **The Facts In This Case Do Not Support An Argument That Discovery Should Commence Now Or That Plaintiffs Would Be Harmed If It Does Not.**

Beginning discovery prematurely in this case is not necessary, given that Defendants have offered to address all the preservation issues that Plaintiffs suggested in their motion were of greatest concern to them. (Pls.' Mot. at 2-3 (explaining that "[a] significant part of a Rule 26(f) conference is discussing the preservation steps the parties are taking to ensure that relevant evidence is not lost"), at 3 (expressing concern regarding the preservation of electronically stored information, including electronic mail), at 3 (noting the possibility that relevant information may be lost or destroyed due to servers that crash and backup tapes that are overwritten).)

Defendants, including the Duke Defendants and SANE Defendants, have sought to negotiate a reasonable preservation protocol with Plaintiffs that would address legitimate concerns regarding preservation of information, while allowing the Court to decide without discovery distractions which, if any, of Plaintiffs' claims will survive the motions to dismiss. *See In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 (concluding that "first resolving the motions to dismiss is the better course. After full ventilation of the viability *vel non* of the complaint, we will all be in a much better

position to evaluate how much, if any, discovery to allow."). As noted above, at an early stage of this case, counsel for the Duke Defendants and SANE Defendants informed Plaintiffs' counsel that "Duke has instructed all individuals employed by Duke who are likely to have relevant information to preserve documents and electronically stored information regarding this matter." (Ex. 1, 10/5/07 Letter to Cooper.) More recently, Defendants proposed several protocols in an effort to address Plaintiffs' specific concerns, including the preservation of electronic mail messages sent to or by individually named defendants and other individuals who likely have discoverable information, the preservation of data on computer hard-drives used by such persons, and the preservation of any internet communications and internet-based profiles maintained by individually-named parties. In addition, Defendants agreed to delineate in writing the preservation steps that each of them has undertaken to date. (Ex. 5, Summary of Parties' 6/3/08 Teleconference.) Despite these efforts, the lack of any issues requiring expedited discovery and apparently without regard to the strong interests in avoiding waste, Plaintiffs press forward as if to discount any potential ruling on Defendants' motions to dismiss. *See In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 (staying all discovery and disclosures pending resolution of motions to dismiss and noting that "we have no urgent need for immediate discovery . . . . [and therefore] have time enough to critique the complaint and to then consider the best course for discovery").

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to require Defendants to participate in a Rule 26(f) discovery conference should be denied.

Respectfully submitted, this the 16th day of June, 2008.


/s/ Jamie S. Gorelick
_____
Jamie S. Gorelick
District of Columbia Bar No. 913384
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6500
Facsimile: (202) 663-6363
Email: Jamie.gorelick@wilmerhale.com

/s/ J. Donald Cowan, Jr.
_____
J. Donald Cowan, Jr.
N.C. State Bar No. 0968
Smith Moore LLP
P.O. Box 21927 [27420]
300 N. Green Street, Suite 27401
Telephone: (336) 378-5329
Facsimile: (336) 378-5400
Email: don.cowan@smithmoorelaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2008, I electronically filed the foregoing Response of Duke Defendants and SANE Defendants to Plaintiffs' Motion to Require Defendants to Participate in the Rule 26(f) Discovery Conference with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> *Counsel for the Plaintiffs*
> William J. Thomas, II
> Email: thomas@tfmattorneys.com
>
> Charles J. Cooper
> Email: ccooper@cooperkirk.com
>
> David H. Thompson
> Email: dthompson@cooperkirk.com
>
> *Counsel for J. Wesley Covington*
> Kenneth Kyre, Jr.
> Email: kkyre@pckb-law.com
>
> *Counsel for City of Durham*
> Reginald B. Gillespie, Jr.
> Email: rgillespie@faison-gillespie.com
>
> *Counsel for Mark Gottlieb*
> Edwin M. Speas, Jr.
> Email: espeas@poynerspruill.com
>
> Eric P. Stevens
> Email: estevens@poyners.com
>
> *Counsel for Benjamin Himan*
> Henry W. Sappenfield
> Email: hsappenfield@kennoncraver.com
> Joel Miller Craig

Email: jcraig@kennoncraver.com

*Counsel for Patrick Baker, Steven Chalmers, Ronald Hodge, Lee Russ, Stephen Mihaich, Beverly Council, Jeff Lamb, Michael Ripberger*
    Patricia P. Kerner
    Email: tricia.kerner@troutmansanders.com

    D. Martin Warf
    Email: martin.warf@troutmansanders.com

    Hannah Gray Styron
    Email: hannah.styron@troutmansanders.com

*Counsel for David Addison*
    James B. Maxwell
    Email: jmaxwell@mfbpa.com

As of the date of this filing, no attorney has made an appearance on behalf of Defendant Linwood Wilson. I hereby certify that I served Mr. Wilson by U.S. Mail:

    Linwood Wilson
    6910 Innesbrook Way
    Bahama, NC 27503-9700

This 16th day of June 2008.

    /s/ Jamie S. Gorelick
    Jamie S. Gorelick

    Attorney for Duke University, Duke University Health System, Inc., Richard Brodhead, Peter Lange, Larry Moneta, John Burness, Tallman Trask, Suzanne Wasiolek, Matthew Drummond, Aaron Graves, Robert Dean, Tara Levicy, Theresa Arico, Kate Hendricks, Victor Dzau