IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:08-CV-119

| | |
|---|---|
| EDWARD CARRINGTON, *et al.*, ) | |
| ) | **DEFENDANT** |
| Plaintiffs, ) | **J. WESLEY COVINGTON'S** |
| ) | **RESPONSE BRIEF** |
| vs. ) | **IN OPPOSITION** |
| ) | **TO PLAINTIFFS' MOTION** |
| DUKE UNIVERSITY, *et al.*, ) | **REGARDING** |
| ) | **A RULE 26(f) CONFERENCE** |
| Defendants. ) | |

## STATEMENT OF NATURE OF MATTER BEFORE THE COURT

Defendant J. Wesley Covington (hereinafter referred to as "Wes Covington" or "Covington"), by and through his counsel, presents herewith his opposition to Plaintiffs' Motion to Require Defendants to Participate in the Mandatory Rule 26(f) Discovery Conference. Plaintiffs have filed their Complaint against 29 defendants, alleging a total of 32 claims for relief, including claims based upon alleged constitutional and civil rights violations and North Carolina state law claims. All claims generally arise from or allegedly are related in some manner to what has become known as the "Duke lacrosse incident."

## STATEMENT OF FACTS

Plaintiffs' Complaint was filed on February 21, 2008. In accordance with the Court's April 14, 2008, Order, all Defendants filed motions to dismiss all claims of Plaintiffs pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on May 30, 2008. Along with his motion to dismiss, Wes Covington also filed an Answer to the

Complaint on May 30. The undersigned attorney for Wes Covington was informed by a deputy clerk of the United States District Court for the Middle District of North Carolina shortly before he filed Covington's Answer and Motion to Dismiss that the practice and procedure followed by the Middle District Court with regard to Rule 26(f) conferences is that if the defendants file motions to dismiss near the beginning of the case, then no order is issued by the Court to have the parties' attorneys conduct a Rule 26(f) conference. One of the main reasons for such a policy and practice is to have the parties avoid the cost and efforts of such a meeting and discovery when there is a possibility that the case will be dismissed without the need for any discovery.

Plaintiffs' counsel now wish to hold a Rule 26(f) conference, establish a discovery scheduling order, and proceed with discovery, despite the pending Rule 12(b)(6) motions to dismiss, and they have filed a motion to do so.

## **QUESTIONS PRESENTED**

1.   Is the Court justified in not initially ordering that a Rule 26(f) conference be held until the defendants' 12(b)(6) motions to dismiss are ruled upon?

2.   Even if a Rule 26(f) conference must be held pursuant to the Federal Rules of Civil Procedure, should the Court limit the scope of such conference and enter a stay of any discovery until the defendants' 12(b)(6) motions to dismiss are ruled upon?

# **ARGUMENT**

## *I. The Court is Justified in Not Ordering that a Rule 26(f) Conference of Attorneys be Held Pending a Decision on Defendants' Rule 12(b)(6) Motions to Dismiss.*

Rule 26(f)(1) of the Federal Rules of Civil Procedure provides that "the parties must confer [to prepare a proposed discovery plan] as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." If, due to practice and procedure, the Court does not intend to hold a scheduling conference or to enter a scheduling order while Rule 12(b)(6) motions to dismiss are pending, then the attorneys should not be required to do the useless act of meeting to discuss a proposed discovery order that will not be entered until the motions to dismiss are resolved. A Rule 26(f) conference makes sense if a court will be entering some discovery scheduling order pursuant to Rules 16 and 26 following the attorney conference, but without the prospect of a court so entering such an order, there is no need to initially hold a Rule 26(f) conference. If in the future not all parties are dismissed pursuant to the pending motions in the present case, then a Rule 26(f) conference can be, and will be, held. Defense counsel are not shirking their responsibilities by abiding by the Middle District's policy and practice of not having Rule 26(f) conferences while motions to dismiss are pending. To the contrary, they are attempting to respect and follow the Court's policy and practice.

"Pending a case surviving a motion to dismiss under Rule 12(b)(6), . . . the district court *may* wish to postpone the issuance of a scheduling order until it decides whether the case merits further factual development." *Alpha Kappa Alpha Sorority, Inc. v. Converse,*

*Inc.*, 175 Fed. Appx. 672, 682 (5th Cir. 2006) (emphasis in original). The Middle District Court is therefore permitted to delay ordering a Rule 26(f) conference until the Court rules upon the pending motions to dismiss. *See Meier v. Green*, No. 07-CV-11410, 2007 WL 1725383, at *3 (E.D. Mich. June 14, 2007) ("In light of the pending motion to dismiss, the court will not conduct a scheduling conference until the motion to dismiss has been resolved."). *See also Batiste v. Bonin*, No. 06-1352, 2007 WL 1772010 (W.D. La. June 15, 2007) (no Rule 26(f) conference had been ordered or held, with motion to dismiss pending).

Postponing the Rule 26(f) conference in this lawsuit will lead to greater efficiencies and should reduce the cost of litigation. If a Rule 26(f) conference were held and then discovery would begin, it would impose upon Defendant Wes Covington an unduly heavy and costly burden. As described in Covington's brief in support of his motion to dismiss, Plaintiffs' own Complaint reveals that he is a very minor player in the events that serve as the basis for Plaintiffs' numerous claims, and to expect him to endure a lengthy and costly discovery process when he very well may be dismissed would be unfair and unjustified. If discovery proceeds while the motions to dismiss are pending, Covington's counsel foresees well over 150 depositions taken in this lawsuit, since there are 73 named parties who would be deposed, and there are a large number of additional witnesses who would be deposed, including Duke University faculty, unsued Durham police officers, records custodians, and former and current Duke students. The scope of discovery will likely be reduced by the Court's rulings on the various motions to dismiss,

since even if not all defendants are dismissed, some (if not many) of the 32 claims likely will be.

Rule 26(f)(1) of the Federal Rules of Civil Procedure expressly states that no conference of attorneys for discovery planning purposes is required "when the court orders otherwise." The Middle District's practice of not ordering a scheduling conference can be considered an implied internal order that no such attorney conference be held until the Court issues its notice scheduling a conference. Additionally, Middle District Local Rule 16.1(b) contemplates that it is the Court, not the attorneys, who decides when an initial attorney conference on discovery is to be held. Therefore, defense counsel are abiding by the Middle District's local rules by declining to engage in a Rule 26(f) conference. It is Plaintiffs' counsel who are seeking an exception to the Middle District's local rules and practice, and they have failed to show why an exception should be made and why discovery should proceed at this juncture of the lawsuit.

## II. *Even if a Rule 26(f) Conference Must Be Held Pursuant to the Federal Rules of Civil Procedure, the Court Should Limit the Scope of Such Conference and Enter a Stay of Any Discovery until Defendants' 12(b)(6) Motions to Dismiss Are Ruled Upon.*

If the Court interprets the applicable rules of procedure as requiring the parties' attorneys to hold a Rule 26(f) conference, it must be remembered that '[u]nder Rules 26(c) and (d), Federal Rules of Civil Procedure, a court may limit the scope of discovery or control its sequence. Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted . . . ." *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6,

2007). *Accord*, *Meier v. Green*, No. 07-CV-11410, 2007 WL 1725383, at *3 (E.D. Mich. June 14, 2007) (acknowledging that the court has the authority "to alter the timing and sequence of discovery pursuant to Rule 26(d)"). Stays of discovery pending the resolution of Rule 12(b)(6) motions "are granted with substantial frequency. Indeed, some [federal] districts have a rule that prohibits discovery during the pendency of such a motion, and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery." *Bilal*, at *1. Furthermore, stays of discovery are "appropriate where the motion to dismiss can resolve the case – at least as to the moving party." *Id.* Numerous cases have allowed stays of discovery "in the face of a Rule 12(b)(6) challenge." *Id.*

The present Court should do what the *Meier* court did, order "pursuant to Rule 26(d), that no discovery should be taken until, at the earliest, the motion to dismiss has been resolved." *Meier*, at *3. Such a stay of discovery is warranted in light of judicial and practical efficiency and the cost savings for the parties.

Even in the absence of Rule 26(d), "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir 1987). *Accord*, *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). *See also Securities & Exchange Commission v. Small Cap Research Group, Inc.*, 226 Fed. Appx. 656, 657 (9th Cir. 2007) (noting that while a defendant's motion to dismiss is pending, the court can hold discovery in abeyance); *Thomas v. Independence Township*, 463 F.3d 285, 302 (3rd Cir.

2006) (instructing district court to stay all discovery pending resolution of a motion to dismiss).

As the court explained in *Moore v. Potter*, 141 Fed. Appx. 803 (11th Cir. 2005):

[W]e have instructed that:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

We further . . . advised that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible."

141 Fed. Appx. at 807-08 (citations omitted). *See also Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) ("[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending").

The Fifth Circuit Court of Appeals' observation in *Petrus* is fully applicable in the present lawsuit: "Nothing that [the plaintiff] . . . could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion. We hold that the district court properly deferred discovery while deciding [the Rule 12(b)(6) motion] . . . ." *Petrus v. Bowen*, 833 F.2d at 583.

If the Court feels that it does not have the authority to stay discovery in the absence of a formal motion by a defendant, and it does proceed to order a Rule 26(f)

conference, then Defendant Wes Covington will file a motion to stay all discovery until the rule 12(b)(6) motions are ruled upon. However, Defendant Covington believes that the Court does have the authority on its own to honor the Middle District's policy and practice of not having discovery proceed while Rule 12(b)(6) motions to dismiss are pending.

If the Court agrees with Plaintiffs' concern expressed in their motion regarding the preservation of relevant or discoverable evidence (including electronically stored information), Defendant Wes Covington and his counsel certainly are agreeable to attempting to fashion some agreement or proposed order preserving such evidence. In fact, a telephone conference of attorneys for most of the parties was held on June 3, 2008, to explore such an agreement. However, any preservation of evidence agreement or order should not be used as a basis for allowing discovery to proceed.

## **CONCLUSION**

For the reasons expressed above, the Court should deny Plaintiffs' motion and should not require that the attorneys hold a Rule 26(f) conference. However, if such a conference is deemed necessary under the rules, then the Court should order that such a conference be limited to crafting an agreement or proposed order preserving relevant or discoverable evidence, including electronically stored information, and the Court should order that all discovery be stayed pending the resolution of the motions to dismiss.

Respectfully submitted, this the 16th day of June, 2008.

/s/ Kenneth Kyre, Jr.
N.C. State Bar Number: 7848

Attorney for Defendant Covington
Pinto Coates Kyre & Brown, PLLC
P.O. Box 4848
Greensboro, NC 27404
Telephone:  (336) 282-8848
Fax:  (336) 282-8409
E-mail:  kkyre@pckb-law.com

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2008, I electronically filed the foregoing Defendant Covington's Response Brief in Opposition to Plaintiffs' Motion Regarding a Rule 26(f) Conference with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

- **CHARLES J. COOPER**
  ccooper@cooperkirk.com,nmoss@cooperkirk.com
- **JAMES DONALD COWAN , JR**
  don.cowan@smithmoorelaw.com,kathy.hawkins@smithmoorelaw.com,leighann.robinson@smithmoorelaw.com
- **JOEL MILLER CRAIG**
  jcraig@kennoncraver.com,rrogers@kennoncraver.com,hsappenfield@kennoncraver.com
- **REGINALD B. GILLESPIE , JR**
  rgillespie@faison-gillespie.com,mherrington@steptoe.com,lquadrino@steptoe.com,diane.taylor@ faison-gillespie.com,susan.veasey@faison-gillespie.com,Kelly.Troy@durhamnc.gov,susan.groves@faison-gillespie.com,Kimberly.Grantham@durhamnc.gov,JPNolan@steptoe.com,RWarin@steptoe.com,Beverly.Thompson@durhamnc.gov,mvatis@steptoe.com
- **JAMIE S. GORELICK**
  jamie.gorelick@wilmerhale.com
- **LESLIE COOPER HARRELL**
  cooper.harrell@smithmoorelaw.com,linda.hassell@smithmoorelaw.com
- **PATRICIA P. KERNER**
  tricia.kerner@troutmansanders.com,melissa.bowling@troutmansanders.com,tracy.bowling@troutmansanders.com
- **WILLIAM F. LEE**
  william.lee@wilmerhale.com
- **JAMES B. MAXWELL**
  jmaxwell@mfbpa.com,lrosemond@mfbpa.com
- **DAN JOHNSON MCLAMB**
  dmclamb@ymwlaw.com,cyounger@ymwlaw.com
- **JENNIFER M. O'CONNOR**
  jennifer.oconnor@wilmerhale.com,whdukelacrosseassociates@wilmerhale.com,whdukelacrosseparalegals@wilmerhale.com
- **SHIRLEY MARING PRUITT**
  spruitt@ymwlaw.com
- **HENRY W. SAPPENFIELD**
  hsappenfield@kennoncraver.com,rrogers@kennoncraver.com

- **EDWIN M. SPEAS , JR**
  espeas@poynerspruill.com,sstutts@poyners.com
- **ERIC P. STEVENS**
  estevens@poyners.com,rclarke@poyners.com,eweston@poyners.com,johale@poynerspruill.com
- **HANNAH GRAY STYRON**
  hannah.styron@troutmansanders.com,nella.johnson@troutmansanders.com
- **WILLIAM JOHN THOMAS , II**
  thomas@tfmattorneys.com,tfm@tfmattorneys.com
- **DAVID H. THOMPSON**
  dthompson@cooperkirk.com
- **D. MARTIN WARF**
  martin.warf@troutmansanders.com,nella.johnson@troutmansanders.com
- **DIXIE THOMAS WELLS**
  dixie.wells@smithmoorelaw.com,kathy.hawkins@smithmoorelaw.com
- **PAUL R.Q. WOLFSON**
  Paul.Wolfson@wilmerhale.com
- **THOMAS CARLTON YOUNGER , III**
  cyounger@ymwlaw.com

The said Brief was served upon the following party who has entered an appearance in this lawsuit but to whom electronic notification will not be sent by the Clerk of Court by mailing the Answer via first class U.S. Mail to:

Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503

This the 16th day of June, 2008.

/s/ Kenneth Kyre, Jr.
N.C. State Bar Number: 7848
Attorney for Defendant Covington
Pinto Coates Kyre & Brown, PLLC
P.O. Box 4848
Greensboro, NC 27404
Telephone: (336) 282-8848
Fax: (336) 282-8409
E-mail: kkyre@pckb-law.com