IN THE UNTED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:08-CV-119

| | |
|---|---|
| EDWARD CARRINGTON, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| DUKE UNIVERSITY, *et al.*, | ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' RESPONSE TO DEFENDANT LINWOOD WILSON'S MOTION TO DISQUALIFY ATTORNEY WILLIAM J. THOMAS

### NATURE OF THE MATTER BEFORE THE COURT

Plaintiffs in this action, 38 members of the Duke University lacrosse team and several parents of certain members, hereby respectfully file this response to Defendant Linwood Wilson's "Motion to Disqualify Attorney William J. Thomas Under 27 NCAC02 Rule 3.7 Lawyer as Witness; United States District Court as Defined in LR83.53.7 of Northern District of Illinois Lawyer as Witness". Wilson's motion seeks the entry of an order from this Court disqualifying and removing Attorney William J. Thomas, II and the law firm of Thomas, Ferguson & Mullins, L.L.P. from this action.

### STATEMENT OF THE FACTS

On February 21, 2008 Plaintiffs filed this civil action against Duke University, its medical affiliate, and several of its officers and employees and against the City of Durham and several of its officers, employees and agents including Defendant Linwood Wilson. For the purposes of this response, Plaintiffs incorporate by reference each and every factual allegation contained in the Complaint filed in this civil action. Before filing

the Complaint, attorney William J. Thomas, II was retained to act as local counsel in North Carolina for the Plaintiffs and subsequently reviewed, signed and jointly submitted said Complaint to this Court. Mr. Thomas is currently one of several attorneys representing the Plaintiffs in this lawsuit. Prior to his involvement in this case, Mr. Thomas individually represented one of the Plaintiffs, Brett Thompson, both before and after the institution of criminal proceedings against David Evans, Reade Seligmann and Colin Finnerty.

## QUESTION PRESENTED

The question presented by Wilson's motion is whether attorney William J. Thomas, II should be disqualified from representing the Plaintiffs under Rule 3.7 of the North Carolina Revised Rules of Professional Conduct based upon the bare assertion that Wilson intends to call Mr. Thomas as a witness in this case.

## ARGUMENT

### I. Standard Of Review

The decision whether to disqualify counsel is one within the discretion of the trial judge. *Plant Genetic Systems, N.V. v. Ciba Seeds*, 933 F. Supp. 514, 517 (M.D.N.C. 1996); *Berkeley Fed. Sav. & Loan Assoc. v. Terra Del Sol, Inc.*, 111 N.C. App. 692, 711, 433 S.E.2d 449, 459 (1993). While a court has the authority to disqualify an attorney from representation in a particular case, such action is ordinarily not taken without a strong showing. The party seeking the sanction has the burden of proving that compelling circumstances exist to justify disqualification. *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 145-46 (4th Cir. 1992); *Stanwood Corp. v. Barnum*, 575 F. Supp. 1250 (W.D.N.C. 1983); *Terra Del Sol, Inc.*, 111 N.C. App. at 692, 433 S.E.2d at 449.

## II. Defendant's Motion To Disqualify Must Be Viewed With Heightened Scrutiny

Courts have noted that "motions to disqualify lawyer opponents upon alleged ethical grounds have become increasingly common in the litigation process." *International Electronics Corp. v. Flanzer*, 527 F.2d 1288 (2d Cir. 1975). However, it is well established that disqualification of an attorney is rare and disfavored. The "drastic step of disqualification of counsel" should be viewed with caution and is ordinarily not taken without a strong showing of support. *Shaffer*, 966 F.2d at 145-46; *Stanwood Corp.* 575 F. Supp. at 1251. Courts should "always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Shaffer*, 966 F.2d at 146 (*citing Woods v. Covington County Back*, 537 F.2d 804, 813 (5th Cir. 1976)); *see also FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304 (5th Cir. 1995) (stating that "[s]uch an objection should be viewed with caution...for it can be misused as a technique of harassment.") Because of this concern, motions to disqualify opposing counsel are viewed negatively and must be assessed by the court with heightened scrutiny. *Paramount Commc'ns, Inc. v. Donaghy*, 858 F. Supp. 391 (S.D.N.Y. 1995); *see also Kalmanovitz v. G. Heileman Brewing Co.*, 610 F. Supp. 1319 (D. Del.), *aff'd.*, 769 F.2d 152 (3d Cir. 1985) (motions to disqualify "are often disguised attempts to divest opposing parties of their counsel of choice"); *Shabbir v. Pak. Int'l Airlines*, 443 F.Supp.2d 299, 304 (E.D.N.Y. 2005) (motions for disqualification are "generally disfavored" and are viewed with "fairly strict scrutiny").

## III. The North Carolina Revised Rules Of Professional Conduct Do Not Mandate Disqualification Of William J. Thomas, II As An Attorney For Plaintiffs In This Case

### A. The North Carolina Revised Rules Of Professional Conduct Govern The Court's Decision To Disqualify An Attorney

The North Carolina Revised Rules of Professional Conduct provide the framework for reviewing any motion to disqualify counsel on ethical grounds in this case. As set forth in Rule 505(b) of the Local Rules of the United States District Court for the Middle District of North Carolina:

> The Code of Professional Responsibility adopted by this Court is the Code of Professional Responsibility adopted by the Supreme Court of North Carolina, as amended from time-to-time by that state court, except as otherwise provided by a specific rule of this court.

Pursuant to Rule 3.7 of the North Carolina Revised Rules of Professional Conduct, a lawyer may not be an advocate at trial if he is a necessary witness. Specifically, Rule 3.7 provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

### B. Under Rule 3.7 An Attorney Must Be A Necessary Witness To Be Disqualified

In determining whether to disqualify an attorney under Rule 3.7, a court must determine whether the attorney is a "necessary" witness. "A necessary witness is one

whose evidence is material to issues in litigation, and which cannot be obtained elsewhere." Cunningham v. Sams, 161 N.C. App. 295, 588 S.E.2d 484, 487 (N.C. Ct. App. 2003). Federal District courts in North Carolina have consistently applied a three-part test to Motions to Disqualify under Rule 3.7 holding that an attorney may be disqualified as a "necessary witness" only if the movant has made a substantial showing that: (1) the attorney will give evidence material to the issues to be determined; (2) the evidence cannot be obtained elsewhere; and (3) the testimony is prejudicial or may be prejudicial to the testifying attorney's client. *Ohio Cas. Ins. Co. v. Fireman's Ins. Co.*, 2008 U.S. Dist. LEXIS 12360 (E.D.N.C. Feb. 13, 2008); *Metro. P'ship, Ltd. v. Harris*, 2007 U.S. Dist. LEXIS 68606 (W.D.N.C. Sept. 17, 2007).

    C.    **Wilson Has Failed To Forecast Any Evidence That Attorney William Thomas' Testimony Would Be Material To The Issues To Be Determined Or Would Be Prejudicial To The Plaintiffs**

In support of his motion, Wilson alleges that both he and Defendant Benjamin Himan conducted an interview of Plaintiff's attorney William Thomas and another attorney James Williams on November 2, 2006 at Mr. Thomas' law office in Durham, North Carolina. Wilson asserts that this interview was conducted as a result of comments made in the print media concerning facts about the criminal cases of State v. David Evans, Reade Seligman and Colin Finnerty and that following the interview both Wilson and Himan prepared a written statement that later became evidence in that criminal case. Wilson argues that on the basis of this interview, he intends to call Mr. Thomas as a witness in this case and thus Mr. Thomas should be disqualified from representing the Plaintiffs.

Under the facts presented in this motion, Wilson has not made even a threshold showing that attorney William Thomas is a necessary witness subject to disqualification under Rule 3.7 of the North Carolina Revised Rules of Professional Conduct. In fact, Wilson wholly fails in his motion to set forth even the most basic facts regarding the nature and content of his interview of Mr. Thomas and more importantly, how these communications are relevant or material to a determination of any of the claims presented in this case. By failing to provide this Court with any guidance as to the content of his communications with Mr. Thomas or their relationship with this case, Wilson has not and can not shoulder the burden of showing either that Mr. Thomas' testimony would be material to the issues to be determined or would in any way be prejudicial to the Plaintiffs. Instead, relying on a vaguely described interview, the factual nature of which is unsupported by either affidavit or other admissible evidence in the court file, Wilson simply concludes that his desire to call Mr. Thomas as a witness for some unspecified reason should be sufficient to disqualify not only Mr. Thomas, but his entire law firm as counsel for the Plaintiffs. Depriving a client of his right to chosen counsel should not, as a matter of sound judicial policy, be based on this type of speculation and conjecture.

D. **Any Evidence That Could Conceivably Be Provided By Attorney William Thomas Is Readily Obtainable From Other Sources**

Furthermore, even assuming Wilson has made or could make a substantial showing that Mr. Thomas' testimony would be material to this case, any information that would be provided by Mr. Thomas at trial could easily be obtained by numerous other sources, most notably through Wilson himself. By his own admission, Wilson states that in addition to Mr. Thomas, he, Defendant Benjamin Himan, and attorney James Williams were also present during the interview. In addition to testifying about the nature and

content of the interview in his own behalf, Wilson would be free at trial to call either Himan or attorney James Williams to corroborate his recollection of events concerning what transpired on November 2, 2006. Wilson has not argued that Mr. Thomas has any relevant information concerning this case outside of what transpired during this interview and Wilson clearly states that both Himan and attorney James Williams were present during the entire series of events. If relevant to this case, both Himan and Williams could provide the same information as Mr. Thomas at trial, without divesting the Plaintiffs of their chosen counsel.

IV. Conclusion

Based on the foregoing arguments and authorities, Plaintiffs respectfully request that the Court deny Defendant's Motion to Disqualify William J. Thomas and the law firm of Thomas, Ferguson, & Mullins, L.L.P. from acting as counsel for Plaintiffs and grant such other and further relief as the Court deems just and proper.

This the 2nd day of July, 2008.

  Respectfully submitted,

      **COOPER & KIRK, PLLC**

      By: /s/ Charles J. Cooper
        Charles J. Cooper*
        David H. Thompson*
        Nicole Jo Moss (N.C. Bar # 31958)
        1523 New Hampshire Avenue, NW
        Washington, DC 20036
        Tel. (202) 220-9600
        Email: ccooper@cooperkirk.com
        Email: dthompson@cooperkirk.com
        Email: nmoss@cooperkirk.com

      (* motion for special appearance has been filed)

-and-

**THOMAS, FERGUSON & MULLINS, L.L.P.**

By: /s/ William J. Thomas
    William J. Thomas, II (N.C. Bar # 9004)
    119 East Main Street
    Durham, NC 27701
    Tel. (919) 682-5648
    Email: thomas@tfmattorneys.com
    *Attorneys for Plaintiffs*

# CERTITICATE OF SERVICE

I hereby certify that on July 2, 2008, I electronically filed the foregoing Plaintiff's Response To Defendant Linwood Wilson's Motion To Disqualify Attorney William J. Thomas with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

**TROUTMAN SANDERS LLP**
Patricia P. Kerner (N.C. State Bar No. 13005)
434 Fayetteville Street, Suite 1900
Raleigh, NC 27601
Tel: (919) 835-4117
Fax: (919) 829-8714
Email: tricia.kerner@troutmansanders.com
*Counsel for Defendants Steven Chalmers, Patrick Baker, Beverly Council, Ronald Hodge, Jeff Lamb, Stephen Mihaich, Michael Ripberger, and Lee Russ*

**FAISON & GILLESPIE**
Reginald B. Gillespie, Jr. (N.C. State Bar No. 10895)
5517 Durham Chapel Hill Boulevard, Suite 2000
Durham, NC 27727-1729
Tel: (919) 489-9001
Fax: (919) 489-5774
Email: rgillespie@faison-gillespie.com
*Counsel for Defendantst City of Durham, North Carolina and Steven Chalmers*

**STEPTOE & JOHNSON LLP**
Roger E. Warin*
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
E-Mail: rwarin@steptoe.com
*(Motion for Special Appearance to be filed)
*Counsel for Defendant City of Durham, North Carolina*

**SMITH MOORE LLP**
J. Donald Cowan, Jr. (N.C. State Bar No. 0968)
Dixie T. Wells (N.C. State Bar No. 26816)
P.O. Box 21927
300 N. Greene Street, Suite 1400
Greensboro, NC 27401
Tel: (336) 378-5329
Fax: (336) 378-5400
Email: don.cowan@smithmoorelaw.com
Email: Dixie.wells@smithmoorelaw.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Jamie Gorelick* (DC Bar No. 101370)
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6500
Fax: (202) 663-6363
Email: Jamie.gorelick@wilmerhale.com
*Counsel for Defendants Duke University, Aaron Graves, Robert Dean, Richard H. Brodhead, Peter Lange, Tallman Trask, III, John Burness, Larry Moneta, Victor J. Dzau, M.D., Allison Halton, Kemel Dawkins, Suzanne Wasiolek, Matthew Drummond,*

*Counsel for Duke University Health Systems, Inc., Theresa Arico, and Tara Levicy*
(*motion for special appearance filed)

**POYNER & SPRUILL LLP**
Edwin M. Speas, Jr. (N.C. State Bar No. 4112)
P.O. Box 10096
Raleigh, NC 27605-0096
Tel: (919) 783-6400
Fax: (919) 783-1075
Email: espeas@poyerspruill.com
*Counsel for Defendant Mark Gottlieb*

**KENNON, CRAVER, BELO, CRAIG & MCKEE, PLLC**
Joel M. Craig (N.C. State Bar No. 9179)
P.O. Box 51579
4011 University Drive, Suite 300
Durham, NC 27717-1579
Tel: (919) 490-0500
Fax: (919) 490-0873
Email: jcraig@kennoncraver.com
*Counsel for Defendant Benjamin Himan*

**MAXWELL FREEMAN & BOWMAN, P.A.**
James B. Maxwell (N.C. State Bar No. 2933)
P.O. Box 52396
Raleigh, NC 27717-2396
Tel: (919) 493-6464
Fax: (919) 493-1218
Email: jmaxwell@mfbpa.com
*Counsel for Defendant David Addison*

**PINTO COATES KYRE & BROWN, PLLC**
Kenneth Kyre Jr. (N.C. Bar # 7848)
Paul D. Coates (N.C. Bar # 9753)
P.O. Box 4848
Greensboro, NC 27404
Email: kkyre@pckb-law.com
Email: pcoates@pckb-law.com
*Counsel for J. Wesley Covington*

As of the date of this filing, no attorney has made an appearance on behalf of the following Defendant. I hereby certify that I served the following Defendants by U.S. Mail:

Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503-9700

**THOMAS, FERGUSON & MULLINS, L.L.P.**

By: /s/ William J. Thomas
    William J. Thomas, II (N.C. Bar # 9004)

119 East Main Street
Durham, NC  27701
Tel. (919) 682-5648
Email: thomas@tfmattorneys.com
*Attorneys for Plaintiffs*