# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### No. 1:08-cv-119

_____

)

EDWARD CARRINGTON, et al.,                )

)

Plaintiffs,            )

v.                                        )

)

DUKE UNIVERSITY, et al.,                  )

)

Defendants.           )

_____ )

## REPLY MEMORANDUM OF PLAINTIFFS IN SUPPORT OF MOTION TO REQUIRE DEFENDANTS TO PARTICIPATE IN THE MANDATORY RULE 26(f) DISCOVERY CONFERENCE

Plaintiffs, by and through counsel of record, respectfully submit this, their Reply, to the Responses of the Duke, SANE, and Durham Defendants, and Defendants Wesley Covington and Linwood Wilson in Opposition to the Plaintiffs' Motion to Require Defendants to Participate in the Mandatory Rule 26(f) Discovery Conference. *See* Doc. Nos. 76, 77, 78 and 79.

Defendants' responses make clear that their real agenda in opposing Plaintiffs' motion is forcing a *de facto* stay of discovery. Defendants, however, whether through a formal motion to stay discovery or through their attempt to unilaterally impose a *de facto* stay of discovery by refusing to participate in the mandatory Rule 26(f) conference, cannot meet the heavy burden of proving that a stay is justified. It is well established that " 'courts generally frown on motions to stay discovery and deny them in the absence of

compelling reasons.' " *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 226 (D.N.H. 2004), quoting 3 NEWBERG ON CLASS ACTIONS § 9:43, at 404 (4th ed. 2002).[1]

There are four primary ways in which the Defendants have failed to show good cause as to why this Court ought to arrest the discovery process. First, Defendants cannot demonstrate that the pending Motions to Dismiss are likely to substantially reduce the amount of discoverable material in this case. Second, Defendants' efforts to preserve electronically stored information ("ESI") are an inadequate alternative to prompt discovery. Third, both the Local and Federal Rules support the prompt commencement of the discovery process in this case. Fourth, the possibility that Michael Nifong might be added as a defendant has no relevance to the current Defendants' discovery obligations. Since, as will be shown in greater detail below, Defendants' justifications for the delay of discovery do not withstand scrutiny, this Court should grant Plaintiffs' motion requiring Defendants to promptly participate in the mandatory Rule 26(f) conference and enter an order making clear that discovery can commence.

1.  The Defendants cannot and have not shown that the pending Motions to Dismiss are likely to be dispositive of the entirety of this case. The vast majority of claims brought by the Plaintiffs are venerable causes of action, including fraud, negligence, intentional infliction of emotional distress, breach of contract, conspiracy,

---

[1] *See also* FEDERAL PROCEDURE, LAWYERS EDITION § 26:206 (motions to stay discovery "are not favored*"); Hovermale v. School Bd. of Hillsborough County*, 128 F.R.D. 287, 289 (M.D. Fla 1989) (same); *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154 (N.D. Ill. 1993) (same); *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988) ("Such motions are not favored."); *Kron Medical Corp. v. Groth*, 119 F.R.D. 636 (M.D.N.C. 1988) (same).

and violations of constitutional rights actionable under 42 U.S.C. § 1983. Such claims are rarely subject to dismissal at the motion to dismiss stage when there is a well-plead complaint, and the Plaintiffs' complaint certainly qualifies as such. Plaintiffs' complaint provides specific, detailed factual allegations in support of each cause of action. For this reason the Defendants cannot plausibly argue that the Motions to Dismiss are likely to entirely foreclose discovery in this case.

The Defendants assert that they will not know what evidence is relevant until this Court rules on their Motions to Dismiss, *see, e.g.*, Durham Response (Doc. No. 76) at 5. Plaintiffs' causes of action arise from and revolve around a core of operative facts that will be the subject of discovery even in the unlikely event that Defendants' motions to dismiss is granted in part. Further, to the extent that any one cause of action might require inquiry into a unique set of evidence beyond the core operative set of facts, one of the attributes of the required Rule 26(f) conference is that such concerns can be discussed and addressed and an appropriate discovery schedule that accounts for such concerns can be created. It is a gross overstatement to suggest that the parties at this stage have no idea about the vast majority of relevant evidence. As such, this Court's resolution of the Motions to Dismiss is likely to have little bearing on what evidence will ultimately be discoverable.

2. Second, the Defendants' efforts to delay discovery are likely to lead to the loss of ESI and other evidence essential to the just disposition of this case. While the filing of Plaintiffs' motion did prompt Defendants to agree to participate in a conference

3

to discuss preservation issues, by no means have all preservation issues been resolved or Plaintiffs' concerns regarding preservation been addressed. Notwithstanding the Defendants' preliminary efforts at preservation, evidence will remain vulnerable until the Defendants permit its discovery. As programs and hardware age, data are corrupted. As time passes, memories fade, and documents get lost, misplaced or destroyed. Some preliminary discovery may be necessary simply to ascertain the appropriate scope of preservation and sources of discoverable material. This is especially true as electronic communications among the Defendants are very likely to substantiate many of the Plaintiffs' allegations, and it is therefore essential that the discovery process begin "as soon as practicable" to preserve all such communications. *See* FED. R. CIV. P. 26(f).

3.      A third reason that the Defendants' arguments for delayed discovery must fail is because they wrongly suggest a local rule or uniform practice of staying discovery pending motions to dismiss. The Defendants attempt to construe Local Rule 16.1 as providing for a mandatory Rule 26(f) meeting only after the Court calendars a scheduling conference. Duke Response (Doc. No. 77) at 6-7. Far from requiring unwarranted delays in the discovery process, however, Local Rule 16.1 is designed to expedite discovery by specifying an absolute deadline for commencement of the discovery process. Where the need for discovery is inevitable and there are serious concerns about the preservation of evidence, Local Rule 16.1 should be interpreted in a way that is consistent with Federal Rule 26. The mandatory meeting should take place "as soon as practicable."

But the Defendants' interpretation of Local Rule 16.1 is not only inconsistent with the Federal Rules, it would also thwart "the just and prompt determination" of this case. Local Rule 1.1. The Defendants' efforts to delay discovery serve only to prolong litigation and increase the cost of these proceedings. If every litigant took this attitude toward commencement of the discovery process, judicial resources would be wasted and justice would be unnecessarily delayed. In the interest of judicial economy, this Court should order the Defendants to participate in the mandatory Rule 26(f) conference.

4. Finally, Plaintiffs' concern that Michael Nifong might be added as a defendant in this case has no bearing on the existing Defendants' discovery obligations. Defendants argue that this Court should delay discovery because Mr. Nifong could provide additional sources of discoverable evidence. Duke Response (Doc. No. 77) at 9 n.7; Durham Response (Doc. No. 76) at 6. The possibility that there might be other sources of evidence, however, hardly obviates the Defendants of their own duty to participate in the discovery process. Even if Mr. Nifong could produce evidence relevant to every factual dispute in this case, the Defendants' corroborating evidence would be no less discoverable. Moreover, Mr. Nifong could not plausibly be expected to produce a complete record of the Defendants' electronic communications: evidence central to this case that urgently needs to be preserved. In any event, Mr. Nifong will be the subject of discovery, whether he is named as a party or not. The possibility that Mr. Nifong might become a party in this suit is simply irrelevant to the issue before the Court.

For these reasons, Plaintiffs urge the Court to prevent the unnecessary delay of the discovery process. Plaintiffs respectfully request that the Court either order the Defendants to participate in a Rule 26(f) conference or schedule an initial discovery hearing pursuant to Federal Rule 16(a), which will trigger a Rule 26(f) conference. Further, in light of Defendants' responses making clear they are seeking to stay discovery, Plaintiffs respectfully request that the Court enter an order making clear that Defendants' *de facto* request to stay discovery is denied.

Dated: July 3, 2008                    Respectfully submitted,

                                       **COOPER & KIRK, PLLC**

                                       /s/ Charles J. Cooper
                                       Charles J. Cooper*
                                       David H. Thompson*
                                       Nicole Jo Moss (N.C. Bar # 31958)
                                       1523 New Hampshire Avenue, NW
                                       Washington, DC  20036
                                       Tel. (202) 220-9600
                                       Email: ccooper@cooperkirk.com
                                       Email: dthompson@cooperkirk.com
                                       Email: nmoss@cooperkirk.com

                                        (* motion for special appearance has been filed)

                                       -and-

**THOMAS, FERGUSON & MULLINS, L.L.P.**

/s/ William J. Thomas
William J. Thomas, II (N.C. Bar # 9004)
119 East Main Street
Durham, NC  27701
Tel. (919) 682-5648
Email: thomas@tfmattorneys.com
*Attorneys for Plaintiffs*

## CERTITICATE OF SERVICE

I hereby certify that on July 3, 2008, I electronically filed the foregoing Reply Memorandum in Support of Motion To Require Defendants To Participate In The Mandatory Rule 26(F) Discovery Conference with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

**TROUTMAN SANDERS LLP**
Patricia P. Kerner
N.C. State Bar No. 13005
434 Fayetteville Street, Suite 1900
Raleigh, North Carolina 27601
Phone: (919) 835-4117
Fax: (919) 829-8714
Email: tricia.kerner@troutmansanders.com
*Counsel for Defendants Steven Chalmers,*
*Patrick Baker, Beverly Council, Ronald*
*Hodge, Jeff Lamb, Stephen Mihaich, Michael*
*Ripberger, and Lee Russ*

**FAISON & GILLESPIE**
Reginald B. Gillespie, Jr.
N.C. State Bar No. 10895
5517 Durham Chapel Hill Blvd., Suite 2000
Durham, North Carolina 27727-1729
Phone: (919) 489-9001
Fax: (919) 489-5774
Email: rgillespie@faison-gillespie.com
*Counsel for Defendantst City of Durham, North*
*Carolina and Steven Chalmers*

**STEPTOE & JOHNSON LLP**
Roger E. Warin*
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
E-Mail**:** rwarin@steptoe.com
*(Motion for Special Appearance to be filed)
*Counsel for Defendant City of Durham, North*
*Carolina*

**SMITH MOORE LLP**
J. Donald Cowan, Jr.
N.C. State Bar No. 0968
Dixie T. Wells
N.C. State Bar No. 26816
P.O. Box 21927 [27420]
300 N. Greene Street, Suite 1400
Greensboro, North Carolina 27401
Phone: (336) 378-5329
Fax: (336) 378-5400
Email: don.cowan@smithmoorelaw.com
Email: dixie.wells@smithmoorelaw.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Jamie Gorelick*
(District of Columbia Bar No. 101370)
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6500
Facsimile: (202) 663-6363
Email: Jamie.gorelick@wilmerhale.com
*Counsel for Defendants Duke University, Aaron Graves, Robert Dean, Richard H. Brodhead, Peter Lange, Tallman Trask, III, John Burness, Larry Moneta, Victor J. Dzau, M.D., Allison Halton, Kemel Dawkins, Suzanne Wasiolek, Matthew Drummond,*

*Counsel for Duke University Health Systems, Inc., Theresa Arico, and Tara Levicy*
(*motion for special appearance filed)

**POYNER & SPRUILL LLP**
Edwin M. Speas, Jr.
N.C. State Bar No. 4112
P.O. Box 10096
Raleigh, North Carolina 27605-0096
Phone: (919) 783-6400
Fax: (919) 783-1075
Email: espeas@poynerspruill.com
*Counsel for Defendant Mark Gottlieb*

**KENNON, CRAVER, BELO, CRAIG & MCKEE, PLLC**
Joel M. Craig
N.C. State Bar No. 9179
P.O. Box 51579
4011 University Drive, Suite 300
Durham, North Carolina 27717-1579
Phone: (919) 490-0500
Fax: (919) 490-0873
Email: jcraig@kennoncraver.com
*Counsel for Defendant Benjamin Himan*

**MAXWELL FREEMAN & BOWMAN, P.A.**
James B. Maxwell
N.C. State Bar No. 2933
P.O. Box 52396
Raleigh, North Carolina 27717-2396
Phone: (919) 493-6464
Fax: (919) 493-1218
Email: jmaxwell@mfbpa.com
*Counsel for Defendant David Addison*

**PINTO COATES KYRE & BROWN, PLLC**
Kenneth Kyre Jr. (N.C. Bar # 7848)
Paul D. Coates (N.C. Bar # 9753)
P.O. Box 4848
Greensboro, NC 27404
Email: kkyre@pckb-law.com
Email: pcoates@pckb-law.com
*Counsel for J. Wesley Covington*

As of the date of this filing, no attorney has made an appearance on behalf of the

following Defendant.  I hereby certify that I served the following Defendants by U.S.

Mail:

Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503-9700

/s/ Nicole Jo Moss