IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:08-cv-119

_____
                                                                                 )
**EDWARD CARRINGTON, et al.,**       )
                                                                                )
                              **Plaintiffs,**     )
**v.**                                                                            )
                                                                                )
**DUKE UNIVERSITY, et al.,**        )
                                                                                )
                              **Defendants.**   )
_____ )

**PLAINTIFFS' OPPOSITION TO DEFENDANT DAVID ADDISON'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

### I.   NATURE OF PROCEEDINGS

We state the nature of the proceedings more fully elsewhere. Plaintiffs Opposition to City of Durham's Motion to Dismiss ("Pls.' Durham Opp.") Part I. This brief addresses the motion to dismiss under Rule 12(b)(6) of Corporal David Addison of the Durham Police. A correction is required with respect to the claims against Addison. As both Addison, Brief in Support of Defendant Addison's Motion to Dismiss ("Addison Br.") 4, and the Durham Supervisors, Brief in Support of Durham Supervisor Defendants' Motion to Dismiss ("Supervisor Br.") 15 n.3, point out, Addison is represented separately and, contrary to paragraph 79 of the Complaint, it is a misnomer to refer to Addison as a "Durham Supervisor." Plaintiffs regret the confusion.

To be clear, Addison is a Defendant only to the following claims: Count 22 (§ 1983 – Malicious Investigation and Conspiracy Against All Defendants); Count 23

(Obstruction of Justice and Conspiracy Against All Defendants); Count 25 (§ 1983 – False Public Statements) (which names Addison specifically); Count 26 F (§ 1983/*Monell* Claim Against Durham's Policy of Prematurely Publishing Conclusions of Guilt) (which names Addison specifically in ¶¶ 690-92); Count 28 (Intentional Infliction of Emotional Distress) (which explicitly alleges the false public statements in which Addison was a chief participant, ¶ 724); and Count 30 (Negligence by the Durham Police) (which by its title explicitly includes Addison, who is named in ¶ 737).

The Complaint's allegations that the "Durham Supervisors" contemporaneously knew of (1) the mass of evidence exonerating Plaintiffs and (2) the misconduct of other Durham Defendants in suppressing, falsifying, or fabricating evidence remain attributable to Defendant Addison because he was the police spokesman on the investigation, the police coordinator of the "Crimestoppers" program and, like the Durham Supervisors and the Durham Investigators, kept apprised of developments in the case. *See, e.g.*, Compl. ¶¶ 78, 110-11, 167, 181, 190, 195, 269, 282-84, 306-08, 312, 353, 377, 385, 404, 423 and 429.

## II. STATEMENT OF FACTS

Corporal Addison of the Durham Police, like Sergeant Gottlieb, objects to being named in a lawsuit that he believes is really against Duke University. Addison Br. 2-4; Gottlieb Br. 2-3. But Addison is not, on this Rule 12(b)(6) motion, entitled to dispute the factual allegations of the Complaint, which plead his complicity in the Duke rape hoax. Furthermore, although Plaintiffs agree, of course, that the flagrant misconduct of Tara

2

Levicy, Richard Brodhead, and the other Duke Defendants was reprehensible and indefensible, that misconduct could not have inflicted on Plaintiffs all of the harms pleaded in the Complaint without the malicious collaboration of government officers such as Corporal Addison.[1]

Addison further protests that he is given short shrift in the Complaint, being named (he says) in only one cause of action and mentioned (supposedly) in no more than five of 398 paragraphs. Addison Br. 3.[2] We are unsure where Addison is going with this argument, because he identifies no legal principle justifying dismissal of a given claim on grounds that more pages are devoted to pleading additional claims against other defendants. In any event, the cause of action against Corporal Addison (and others) for conspiracy to obstruct justice (Count 23), which incorporates a host of allegations made elsewhere, *see* Compl. ¶¶ 643-44, is sufficient to keep Addison in the center of much of the misconduct pleaded in the Complaint. Addison's publication of one of the most irresponsible and abusive calumnies in the entire rape hoax—the notorious "Wanted" posters for Duke lacrosse gang rapists—also deserves special mention. Compl. ¶ 692.

### III. QUESTIONS PRESENTED

1. Whether Addison is shielded by the doctrine of qualified immunity (Counts 22, 25, and 26 F).

---

[1] Addison appears to incorporate the briefs of the Durham Supervisors and the City of Durham. Addison Br. 4. Insofar as necessary to answer the arguments contained therein, Plaintiffs likewise incorporate here their opposition brief to the dismissal motions filed by Durham and the Durham Supervisors.

[2] The Complaint actually contains 747 paragraphs.

3

2. Whether Plaintiffs have stated a due process claim for malicious investigation (Count 22).

3. Whether Plaintiffs have stated a claim for making false public statements under 42 U.S.C. § 1983 (Count 25).

4. Whether the official-capacity claims are redundant.

IV. STANDARD OF REVIEW

Some Defendants misapprehend the pleading requirements for withstanding a motion to dismiss. *See, e.g.*, Brief in Support of Defendant Covington's Motion to Dismiss ("Covington Br.") 12-14. We state the standard of review elsewhere. *See* Pls.' Durham Opp. Part IV.

V. ARGUMENT

Defendant Addison advances a variety of challenges to Plaintiffs' claims. As explained below, some of Defendant's arguments have merit but most do not.[3]

### A. Addison Is Not Shielded from Plaintiffs' Federal Claims by the Doctrine of Qualified Immunity (Counts 22, 25, and 26 F).

Defendants' assertion of qualified immunity, *see* Addison Br. 8-9, is addressed elsewhere. *See* Plaintiffs' Opposition to Defendant Himan's and Defendant Wilson's Motions to Dismiss ("Pls.' Himan-Wilson Opp.") Part V.E. We note that Addison's defense that he was merely discharging his proper duties as spokesman for the Durham

---

[3] We incorporate into this opposition all oppositions filed today by Plaintiffs against the motions to dismiss of the Duke University Defendants, the Duke SANE Defendants, Defendant City of Durham, the Durham Supervisor Defendants, Defendant Gottlieb, Defendant Himan, Defendant Wilson, Defendant Addison, and Defendant Covington. Cross references to specific sections of Plaintiffs' other oppositions are provided throughout this brief

4

Police, *see* Addison Br. 7-9, overlooks the fact that the vitriolic media campaign that Addison and Nifong conducted to vilify the innocent lacrosse players has already gotten Nifong disbarred and jailed.

> **B.  Count 22 Adequately Pleads a Due Process Claim for Malicious Investigation**

Addison, like the other Defendants, argues that Plaintiffs cannot state a claim under the Due Process Clause.  Addison Br. 9-13.  This argument is addressed elsewhere. *See* Plaintiffs' Opposition to the Durham Supervisor Defendants' Motion to Dismiss ("Pls.' Supervisor Opp.") Part V.C.

> **C.  The Complaint's Allegations Pass the So-Called "Stigma-Plus" Standard and Count 25 Therefore Adequately Pleads a Cause of Action**

Addison, like the other Defendants, concedes that, although "injury to reputation by itself" is not an interest protected under the Fourteenth Amendment, *Siegert v. Gilley*, 500 U.S. 226, 233 (1991), the courts have held that a plaintiff may recover for reputational injury "if he alleges deprivation of a cognizable property or liberty interest in connection with the harm to reputation."  Brief in Support of Defendant City of Durham's Motion to Dismiss ("Durham Br.") 31; *see* Addison Br. 10-11.  We address this issue elsewhere.  *See* Pls.' Durham Opp. Part V.G.  We offer the following points to respond to Corporal Addison's brief in particular.

First, Addison argues (yet again) that he was just doing his job, and that it was not his place to question the veracity of the evidence being collected by his fellow officers or to second-guess or correct misstatements about the evidence and the investigation made

5

by District Attorney Mike Nifong. Addison Br. 6-8, 12-13. Addison is impermissibly contesting the facts alleged. In particular, Addison ignores: (1) the allegations in Counts 22 and 23 that he *conspired* with Gottlieb, Nifong, and others to suppress exculpatory evidence and perpetrate this public hatchet job on Plaintiffs; (2) the allegations that, as police spokesman, Addison made false statements to pillory Plaintiffs and inflame animosity toward them (Counts 22, 23, 25 and 26 F)—for example, his false statement that the lacrosse players were stonewalling the investigation and obstructing justice, when in fact the team co-captains had cooperated in all-night interrogations and volunteered to take lie-detector tests, Compl. ¶ 248; (3) Addison's leadership role in publishing "Wanted" posters falsely damning Plaintiffs as guilty of gang rape, kidnapping, and stonewalling. Compl. ¶¶ 690-92. The details of the Durham officials' conspiracy are reviewed elsewhere. *See* Pls.' Durham Opp. Part V.A.

Second, Addison offers a "no harm, no foul" defense, arguing that there is no actionable wrong here because, he assures us, "[n]one of these Plaintiffs were ever even remotely subjected to arrest, indictment, incarceration or limitation of activities." Addison Br. 10. This is untrue. Addison once again disputes the Complaint's factual allegations, which is forbidden on a Rule 12 motion:

- *All of the players* were under explicit and official threat of indictment as "aiders and abettors" of rape and kidnapping, and Nifong pointedly reminded the players and the public that "that carries the same punishment as rape." Compl. ¶ 271. This sword dangled over the lacrosse players' necks for months, until Nifong was charged with ethics violations and North Carolina's Attorney General took over the case in January

6

of 2007.  ¶¶ 272-73.[4]

- *All of the players* (except Plaintiff Sherwood) were subject to indictment for rape, kidnapping, and sexual assault due to the Durham Defendants' efforts to induce Mangum to randomly identify three alleged attackers from among the white Duke lacrosse players.  This put all Plaintiffs (except Plaintiff Sherwood) at risk of being indicted for rape at least until May 15, 2006, when the third team member, David Evans, was indicted, and Nifong announced that he did not intend to indict more players for rape.  Further, all Plaintiffs (including Plaintiff Sherwood) were subject to Nifong's threat of being indicted as accomplices, both before and after the three indictments for rape came down.  ¶¶ 343-52, 399, 432.

- *All of the players* (except Plaintiff Sherwood) were subjected to searches that violated their Fourth Amendment rights.  The shortcomings of the NTO application are detailed elsewhere.  *See* Pls.' Durham Opp. Part V.D.  A search without probable cause is just as much a Fourth Amendment violation as an arrest without probable cause.  The searches here involved stripping for body photographs to look for physical signs of the supposed rape struggle; the pulling of pubic hairs for evidence to compare to the rape kit; and the taking of DNA samples from inside the players' bodies—DNA that of course exposes myriad private details of an individual's ancestry and health.  Compl. ¶¶ 166, 214.[5]

Finally, in a truly stunning display of chutzpah, Addison actually seems to want some credit for the exoneration of Plaintiffs.  He argues that the claims should be dismissed on policy grounds, for otherwise criminal miscreants would enjoy "constitutional immunity from being investigated for an alleged criminal act when it later develops that the charge was baseless.  This should be particularly true in this case when

---

[4] This also disposes of Addison's false factual assertion—again in impermissible dispute of the Complaint—that "there was no further 'cloud' over these Plaintiffs approximately two months after the party."  Addison Br. 11.

[5] Addison labors under the misconception that there is no constitutional violation if "none of these plaintiffs were ever arrested, let alone subjected to a trial."  Addison Br. 13.  The Fourth Amendment prohibits unreasonable searches and seizures, regardless whether the government later compounds its constitutional violations by using ill-gotten evidence at trial in violation of the Due Process Clause.  *See* Pls.' Durham Opp. Part V.D.

7

the State recognized the charges had no merit and, not only dismissed the charges, but declared the charged individuals as being 'innocent.' " Addison Br. 13. The Plaintiffs were, of course, exonerated only when District Attorney Nifong and the Durham Police were removed from the case and replaced by the State's Attorney General, Roy Cooper. General Cooper's investigation, far from endorsing the work of Addison and his Durham police brethren, concluded that there was no evidence to justify their year-long witch-hunt. And in this case it most certainly did *not* "*later* develop[] that the charge was baseless." Addison Br. 13. Addison and the other Durham police knew that the charge was baseless, which explains why the female investigator originally assigned to the case closed the file—until Defendants here conspired with Tara Levicy and other Defendants to resurrect and pursue it despite the absence of evidence supporting Mangum's facially incredible accusations and the ever-mounting body of evidence refuting the charge. *See, e.g.*, Compl. ¶¶ 106, 110, 131.

Denying the motions to dismiss, and thereby recognizing the possibility of civil liability in this case, would trouble or deter only police officers and prosecutors like Nifong, Gottlieb, Himan, and Addison.

### D. The Official-Capacity Claims Are Redundant

Addison, like several other Defendants, contends that the claims against him in his official capacity should be dismissed as duplicative of Plaintiffs' identical claims (both state and federal) naming the City of Durham as a defendant. *See* Addison Br. 14-15. Plaintiffs concur. Insofar as the City concedes that it is properly named as a defendant in

8

these causes of action and that it remains the real party in interest, Plaintiffs have no objection to dismissal of the official-capacity claims against Durham employees and agents in Counts 8, 10, 20-22, 25-26, and 28-31.

## VI. CONCLUSION

For the foregoing reasons, Defendant Addison's motion to dismiss should be denied, except that it may be granted with respect to Counts 29-30 and with respect to the official-capacity claims in Counts 8, 10, 20-22, 25-26, 28, and 31, as stated above.

Dated: August 28, 2008

Respectfully submitted,

**THOMAS, FERGUSON & MULLINS, L.L.P.**

/s/ William J. Thomas
William J. Thomas, II
(N.C. Bar # 9004)
119 East Main Street
Durham, NC 27701
Tel. (919) 682-5648
Email: thomas@tfmattorneys.com

**COOPER & KIRK, PLLC**

/s/ Charles J. Cooper
Charles J. Cooper
Brian S. Koukoutchos
David H. Thompson
Howard C. Nielson, Jr.
Nicole Jo Moss
(N.C. Bar # 31958)
David Lehn*
1523 New Hampshire Avenue, NW
Washington, DC 20036
Tel. (202) 220-9600
Email: ccooper@cooperkirk.com
Email: dthompson@cooperkirk.com
Email: nmoss@cooperkirk.com

(* motion for special appearance has been filed)

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

**TROUTMAN SANDERS LLP**
Patricia P. Kerner
N.C. State Bar No. 13005
Hannah Gray Styron
D. Martin Warf
434 Fayetteville Street, Suite 1900
Raleigh, North Carolina 27601
Phone: (919) 835-4117
Fax: (919) 829-8714
Email: tricia.kerner@troutmansanders.com
Email: hannah.styron@troutmansanders.com
Email: martin.warf@troutmansanders.com
*Counsel for Defendants Steven Chalmers, Patrick Baker, Beverly Council, Ronald Hodge, Jeff Lamb, Stephen Mihaich, Michael Ripberger, and Lee Russ*

**FAISON & GILLESPIE**
Reginald B. Gillespie, Jr.
N.C. State Bar No. 10895
5517 Durham Chapel Hill Boulevard
Suite 2000
Durham, North Carolina 27727-1729
Phone: (919) 489-9001
Fax: (919) 489-5774
Email: rgillespie@faison-gillespie.com
*Counsel for Defendants City of Durham, North Carolina and Steven Chalmers*

**STEPTOE & JOHNSON LLP**
Roger E. Warin*
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000

Fax: (202) 429-3902
Email: rwarin@steptoe.com
*(Motion for Special Appearance to be filed)
***Counsel for Defendant City of Durham, North Carolina***

**ELLIS & WINTERS LLP**
J. Donald Cowan, Jr.
N.C. State Bar No. 0968
Dixie T. Wells
N.C. State Bar No. 26816
P.O. Box 21927 [27420]
100 N. Greene Street, Suite 102
Greensboro, North Carolina 27401
Phone: (336) 217-4197
Fax: (336) 217-4198
Email: don.cowan@elliswinters.com
Email: dixie.wells@elliswinters.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Jamie Gorelick*
D.C. Bar No. 101370
Jennifer M. O'Connor
William F. Lee
Paul R.Q. Wolfson
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6500
Facsimile: (202) 663-6363
Email: Jamie.gorelick@wilmerhale.com
Email: Jennifer.oconnor@wilmerhale.com
Email: William.lee@wilmerhale.com
Email: Paul.Wolfson@wilmerhale.com
***Counsel for Defendants Duke University, Aaron Graves, Robert Dean, Richard H. Brodhead, Peter Lange, Tallman Trask, III, John Burness, Larry Moneta, Victor J. Dzau, M.D., Allison Halton, Kemel Dawkins, Suzanne Wasiolek, Matthew Drummond,***

***Counsel for Duke University Health Systems,***

*Inc., Theresa Arico, and Tara Levicy*
(*motion for special appearance filed)

**YATES, McLAMB &WEYHER, L.L.P**
Dan Johnson McLamb
N.C. State Bar No. 6272
T. Carlton Younger, III
Shirley Marring Pruitt
POB 2889
Email: cyounger@ymwlaw.com
Email: spruitt@ymwlaw.com
*Counsel for Duke University Health Systems, Inc., Theresa Arico, and Tara Levicy*

**POYNER & SPRUILL LLP**
Edwin M. Speas, Jr.
N.C. State Bar No. 4112
P.O. Box 10096
Raleigh, North Carolina 27605-0096
Phone: (919) 783-6400
Fax: (919) 783-1075
Email: espeas@poynerspruill.com
*Counsel for Defendant Mark Gottlieb*

**KENNON, CRAVER, BELO, CRAIG & MCKEE, PLLC**
Joel M. Craig
N.C. State Bar No. 9179
Henry W. Sappenfield
P.O. Box 51579
4011 University Drive, Suite 300
Durham, North Carolina 27717-1579
Phone: (919) 490-0500
Fax: (919) 490-0873
Email: jcraig@kennoncraver.com
Email: hsappenfield@kennoncraver.com
*Counsel for Defendant Benjamin Himan*

**MAXWELL FREEMAN & BOWMAN, P.A.**
James B. Maxwell
N.C. State Bar No. 2933
P.O. Box 52396

3

Raleigh, North Carolina 27717-2396
Phone: (919) 493-6464
Fax: (919) 493-1218
Email: jmaxwell@mfbpa.com
***Counsel for Defendant David Addison***

**PINTO COATES KYRE & BROWN, PLLC**
Kenneth Kyre Jr. (N.C. Bar # 7848)
Paul D. Coates (N.C. Bar # 9753)
P.O. Box 4848
Greensboro, NC 27404
Email: kkyre@pckb-law.com
Email: pcoates@pckb-law.com
***Counsel for J. Wesley Covington***

As of the date of this filing, no attorney has made an appearance on behalf of the following Defendant.

Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503-9700
Email: linwoodw@aol.com

/s/ Nicole Jo Moss