IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:08-CV-119

| | | |
|---|---|---|
| EDWARD CARRINGTON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | **DEFENDANT** |
| | ) | **J. WESLEY COVINGTON'S** |
| vs. | ) | **REPLY BRIEF** |
| | ) | **IN SUPPORT** |
| DUKE UNIVERSITY, *et al.*, | ) | **OF HIS MOTION TO DISMISS** |
| | ) | **PURSUANT TO RULE 12(b)(6)** |
| Defendants. | ) | |

The prevalent theme in Plaintiffs' brief in opposition to Defendant Wes Covington's Rule 12(b)(6) motion to dismiss is that this is not Covington's time to be dismissed, that he must endure the rigors and costs of discovery before he has any chance at a dismissal. In supporting their position that Covington must wait until later, their brief often repeats the refrain that all allegations in the Complaint must be accepted as true. However, it is as if Plaintiffs argue that the allegations must be accepted as true no matter how implausible and no matter how outrageous. Frankly, there was no need for a condescending lecture about Rule 12(b)(6); Covington's brief candidly admitted that "the well-pled allegations set forth in Plaintiffs' Complaint must be accepted as true." Defendant J. Wesley Covington's Brief in Support of His Motion to Dismiss Pursuant to Rule 12(b)(6) (hereinafter "Covington's Initial Brief"), at p. 4. That brief set out eight pages of the Complaint's allegations, and Covington's arguments for dismissal flowed from those allegations, from what was alleged and what was not alleged.

Covington's brief lays out why Plaintiffs' Complaint is deficient as to him, and Plaintiffs' response brief does not effectively counter the *legal* arguments and reasoning supporting Covington's dismissal. Of course, if *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 167 L. Ed. 2d 929, 127 S. Ct. 1955 (2007), is ignored, Plaintiffs would have an easier time, since, for example, the mere conclusory incantation (or in the words of the Supreme Court, a "formulaic recitation") that "the defendants were willing participants in a joint course of conduct" (paragraph 636) and "Defendants, acting individually and in concert" (paragraph 645) might be sufficient to keep Covington chained to this unsupportable lawsuit against him. And if one were to discard common sense and the concept of plausibility, then Plaintiffs would at least improve their chances to maybe keep one or two claims alive against Covington. But *Twombly* instructs all of us that the historical liberality that plaintiffs enjoyed in combating Rule 12(b)(6) motions cannot be employed to grant Plaintiffs immunity from dismissal when faced with their Complaint's deficiencies.

Even though *Twombly* involved an antitrust action, the concerns of the Supreme Court in that case exist in the present lawsuit, that being significant cost and discovery. As observed by the Court:

> As we indicated . . . in *Associated Gen. Contractors of Cal., Inc. v. Carpenters,* 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983), "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." See also . . . Memorandum from Paul V. Niemeyer, Chair, Advisory Committee on Civil Rules, to Hon. Anthony J. Scirica, Chair, Committee on Rules of Practice and Procedure (May 11, 1999), 192 F.R.D. 354, 357 (2000) (reporting that discovery accounts for as

> much as 90 percent of litigation costs when discovery is actively employed). . . .
>
> It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through "careful case management," *post* at 1975, given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side.
> . . . .
> [A] good many judges and commentators have balked at taking the literal terms of the *Conley* passage as a pleading standard [(that being no dismissal under 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")]. See, *e.g.,* . . . *O'Brien v. DiGrazia,* 544 F.2d 543, 546, n.3 (C.A.1 1976) ("[W]hen a plaintiff . . . supplies facts to support his claim, we do not think that *Conley* imposes a duty on the courts to conjure up unpleaded facts that might turn a frivolous claim of unconstitutional . . . action into a substantial one") . . . . [O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.

*Twombly*, 127 S. Ct. at 1967, 1969. If Wes Covington remains in this lawsuit along with other defendants, he will be swept away on a torrent of huge expense. There will be well over 100 depositions and the production (on other parties' parts) of tens of thousands of pages of documents, and even though Covington's alleged role is extraordinarily small, the claims of conspiracy, if they remain against Covington after his motion is decided, will result in his attorney attending essentially all of the depositions and reviewing most of the documents produced, since Plaintiffs are attempting to weave an interconnectedness between all defendants.

The incurrence of heavy defense costs and the participation in such expansive discovery is the kind of burden that led the Supreme Court in *Twombly* to be cautious and to rethink the Rule 12(b)(6) standard that had prevailed since *Conley v. Gibson,* 355 U.S.

41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Before *Twombly*, the Fourth Circuit was sympathetic to such concerns, even when feeling bound at the time to the *Conley*-induced liberality:

> Rule 12(b)(6) . . . is not without meaning. "The presence [ ] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint" cannot support the legal conclusion. And "[a]lthough the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." *This requirement serves to prevent costly discovery* on claims with no underlying factual or legal basis. "Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."

*Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001) (citations omitted; emphasis added).

Through the use of strategically placed words, Plaintiffs may have presented a picture that the bad conduct of Wes Covington was allegedly conceivable, but such words do not transform the allegations into being plausible. In the words of the Supreme Court, "the plaintiffs here have not nudged their claims across the line from conceivable to plausible, [and] their complaint must be dismissed." *Twombly*, 127 S. Ct. at 1974. *See also Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008) (quoting same language).

By the explanation given in Plaintiffs' response brief regarding *Twombly*, see Plaintiffs' Opposition to Defendant City of Durham's Motion to Dismiss Pursuant to Rule 12(b)(6), at pp. 4-6, Plaintiffs want to believe that *Twombly* has had no impact on how federal courts are to review Rule 12(b)(6) motions now. However, there *was* a change, and such change inured to the benefit of defendants moving under Rule 12(b)(6).

Reading the distressed comments by Justice Stevens in his dissent reveals the important nature and impact of *Twombly*:

> Today, . . . the Court scraps *Conley's* "no set of facts" language. . . . Petitioners have not requested that the *Conley* formulation be retired, nor have any of the six *amici* who filed briefs in support of petitioners. I would not rewrite the Nation's civil procedure textbooks and call into doubt the pleading rules of most of its States without far more informed deliberation as to the costs of doing so. . . . The "pleading standard" label the majority gives to what it reads into the *Conley* opinion – a statement of the permissible factual support for an adequately pleaded complaint – would not, therefore, have impressed the *Conley* Court itself. Rather, that Court would have understood the majority's remodeling of its language to express an *evidentiary* standard, which the *Conley* Court had neither need nor want to explicate.
> . . . .
> Everything today's majority says would therefore make perfect sense if it were ruling on a Rule 56 motion for summary judgment and the evidence included nothing more than the Court has described. But it should go without saying . . . that a heightened production burden at the summary judgment stage does not translate into a heightened pleading burden at the complaint stage. . . . This case is a poor vehicle for the Court's new pleading rule . . . .
> . . . .
> In this "Big Case," the Court succumbs to the temptation that previous Courts have steadfastly resisted. While the majority assures us that it is not applying any " 'heightened' " pleading standard, . . . I have a difficult time understanding its opinion any other way.

1977, 1979, 1983 (emphasis added; footnote excluded). Elsewhere in the dissent, Justice Stevens makes reference to "the majority's new pleading rule," *id.* at 1988, and "this law-changing decision." *Id.* at 1989.

Plaintiffs' brief (at page 10, note 4) misapprehends the purpose of the Covington's brief's citation (at page 18) to *Giarratano v. Johnson*, 521 F.3d 298 (4th Cir. 2008), in connection with the insufficiency of the Complaint's allegations to allege any "hurt" to

5

Plaintiffs flowing from Covington's alleged conduct. Plaintiffs' brief appears to think it is important that there was only one case cited, and that the cited case's facts differed from the facts in the present lawsuit. However, *Giarratano* was cited for the *principle* of pleading law that allegations in a Complaint now must be *plausible* to survive a Rule 12(b)(6) motion, and *Giarratano* was similarly cited earlier in the brief for the same reason. See Covington's Initial Brief, at pp. 13-14. Covington's brief could have cited other cases supporting the same principle, including *Twombly* itself. Of course, practically each case applying the plausibility principle will have different facts, but it does not lessen the impact and import of *Twombly* and how the present Court should view the Complaint.

Plaintiffs' brief also inaccurately states that Covington's brief "concedes the significance of the time period" before March 24, 2006. See Plaintiffs' Opposition to Defendant J. Wesley Covington's Motion to Dismiss Pursuant to Rule 12(b)(6) (hereinafter "Plaintiffs' Brief in Response to Covington"), at p. 10. Neither Covington's brief nor Covington concede anything of the sort, and Covington's brief sets forth a more accurate reflection of how that short time period should be viewed, given the context of all of the time periods covered by the Complaint.

It should be noted in passing that the six cases cited in Plaintiffs' brief that purportedly support Plaintiffs' assertion that a malicious investigation conducted by the police where no charges are actually brought provide a basis for a claim for a violation of constitutional rights, do not do so. *See* Plaintiffs' Opposition to Defendant Durham

Supervisors' Motion to Dismiss Pursuant to Rule 12(b)(6), at pp. 16-17 n.9. The plaintiffs in the *White*, *Moran*, *Orem*, and *Hirsch* cases were formally charged, the plaintiff corporation's foster care facility in *Omni* was allegedly closed due to an investigation, in *Ward* the family services governmental department having the power of licensing of child care facilities asserted to the plaintiff owners of a child care facility that allegations of violations of regulations had been substantiated, and *Kottmyer* involved the right to familial association (which is not part of the present lawsuit).

Plaintiffs' response brief essentially attacks Covington's arguments that the Complaint inadequately alleges Plaintiffs' injuries were proximately caused by Covington's conduct by alluding to this being a Rule 12(b)(6) motion, and that summary judgment or trial are the proper stages to consider proximate cause. Proximate cause is an element of each Plaintiff's claim, it cannot be ignored, it cannot be taken for granted, and it must be sufficiently pled. This is where *Twombly*'s plausibility requirement for a plaintiff to withstand a Rule 12(b)(6) motion especially comes into play. *See also Mount v. Baron*, 154 F. Supp. 2d 3, 9 (D.D.C. 2001) (although pre-*Twombly*, court granted Rule 12(b)(6) motion due to plaintiff insufficiently alleging defendant's conduct proximately caused plaintiff's injuries; "plaintiffs have pled no facts that . . . would demonstrate the causal connection"); *Gaines-Tabb v. ICI Explosives USA, Inc.*, 995 F. Supp. 1304 (W.D. Okla. 1996) (although pre-*Twombly*, court granted Rule 12(b)(6) motion due to plaintiff insufficiently alleging defendant's conduct proximately caused plaintiff's injuries).

Because Plaintiffs' counsel do not speak for Wes Covington, the Court should ignore the assertion in Plaintiffs' brief that "Covington does not . . . deny that his participation contributed to the lacrosse players' being vilified and brutalized by Covington's co-conspirators for another year after his active role (may) have ended." Plaintiffs' Brief in Response to Covington, at pp. 14-15. Of course Covington denies that his "participation" contributed to any harm that any Plaintiff may have sustained, and the Complaint's failure to allege a plausible case of proximate cause between Covington's alleged conduct and the alleged harm is a significant basis for dismissing Plaintiffs' claims.

For the reasons set forth in his initial brief in support of his motion to dismiss, and for the additional reasons that appear above, Wes Covington respectfully and earnestly requests that the Court grant his motion and dismiss Plaintiffs' claims against him pursuant to Rule 12(b)(6).

This the 29th day of September, 2008.

/s/ Kenneth Kyre, Jr.
N.C. State Bar Number: 7848
Attorney for Defendant Covington
Pinto Coates Kyre & Brown, PLLC
P.O. Box 4848
Greensboro, NC 27404
Telephone: (336) 282-8848
Fax: (336) 282-8409
E-mail: kkyre@pckb-law.com

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2008, I electronically filed the foregoing Defendant Covington's Reply Brief in Support of His Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

- **CHARLES J. COOPER**
  ccooper@cooperkirk.com,nmoss@cooperkirk.com,dlehn@cooperkirk.com,jbond@cooperkirk.com
- **JAMES DONALD COWAN , JR**
  don.cowan@elliswinters.com,tamera.surber@elliswinters.com,lauren.gavin@elliswinters.com
- **JOEL MILLER CRAIG**
  jcraig@kennoncraver.com,rrogers@kennoncraver.com,hsappenfield@kennoncraver.com
- **REGINALD B. GILLESPIE , JR**
  rgillespie@faison-gillespie.com,mherrington@steptoe.com,lquadrino@steptoe.com,diane.taylor@faison-gillespie.com,susan.veasey@faison-gillespie.com,Kelly.Troy@durhamnc.gov,Kimberly.Grantham@durhamnc.gov,JPNolan@steptoe.com,RWarin@steptoe.com,Beverly.Thompson@durhamnc.gov,mvatis@steptoe.com
- **JAMIE S. GORELICK**
  jamie.gorelick@wilmerhale.com
- **PATRICIA P. KERNER**
  tricia.kerner@troutmansanders.com,melissa.bowling@troutmansanders.com,tracy.bowling@troutmansanders.com
- **WILLIAM F. LEE**
  william.lee@wilmerhale.com
- **JAMES B. MAXWELL**
  jmaxwell@mfbpa.com,lrosemond@mfbpa.com
- **DAN JOHNSON MCLAMB**
  dmclamb@ymwlaw.com,cyounger@ymwlaw.com
- **JENNIFER M. O'CONNOR**
  jennifer.oconnor@wilmerhale.com,whdukelacrosseassociates@wilmerhale.com,whdukelacrosseparalegals@wilmerhale.com

- **SHIRLEY MARING PRUITT**
  spruitt@ymwlaw.com
- **HENRY W. SAPPENFIELD**
  hsappenfield@kennoncraver.com,rrogers@kennoncraver.com
- **EDWIN M. SPEAS , JR**
  espeas@poynerspruill.com,sstutts@poyners.com
- **ERIC P. STEVENS**
  estevens@poyners.com,rclarke@poyners.com,eweston@poyners.com
- **HANNAH GRAY STYRON**
  hannah.styron@troutmansanders.com,nella.johnson@troutmansanders.com
- **WILLIAM JOHN THOMAS , II**
  thomas@tfmattorneys.com,tfm@tfmattorneys.com
- **DAVID H. THOMPSON**
  dthompson@cooperkirk.com
- **D. MARTIN WARF**
  martin.warf@troutmansanders.com,nella.johnson@troutmansanders.com
- **DIXIE THOMAS WELLS**
  dixie.wells@elliswinters.com,linda.jones@elliswinters.com,sherry.pounds@elliswinters.com
- **LINWOOD WILSON**
  LinwoodW@aol.com
- **PAUL R.Q. WOLFSON**
  Paul.Wolfson@wilmerhale.com
- **THOMAS CARLTON YOUNGER , III**
  cyounger@ymwlaw.com

This the 29th day of September, 2008.

                              /s/ Kenneth Kyre, Jr.
                              N.C. State Bar Number: 7848
                              Attorney for Defendant Covington
                              Pinto Coates Kyre & Brown, PLLC
                              P.O. Box 4848
                              Greensboro, NC 27404
                              Telephone: (336) 282-8848
                              Fax: (336) 282-8409
                              E-mail: kkyre@pckb-law.com