IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EDWARD CARRINGTON, *et al.*,  )
                   Plaintiffs,  )
                   v.  )    Civil Action No. 1:08-CV-00119
DUKE UNIVERSITY, *et al.*,  )
                   Defendants.  )

## AFFIDAVIT OF J. STEVEN LEE

J. STEVEN LEE, appearing before the undersigned notary public and being first duly sworn, deposes and says the following:

1. I am over eighteen years of age, suffer from no disability, and am competent to testify to the matters set forth herein, all of which are based upon personal knowledge and/or records of the North Carolina League of Municipalities (the "League"), except for those matters stated to be based upon information and belief.

2. I am employed as the Director of Claims for the League, and my responsibilities include, among other things, directing liability claims handling and litigation management, and assisting League participants with risk management concerns generally.

3. As the League's Director of Claims, I have knowledge of and familiarity with the Interlocal Risk Financing Fund of North Carolina ("IRFFNC"), the League's provision of claims handling services to various North Carolina municipalities in

conjunction with IRFFNC, and the terms and performance of contracts executed between the League and various municipalities relating to IRFFNC and the provision of claims handling services.

4. I have knowledge of and familiarity with the contract executed between the City of Durham, North Carolina (the "City"), IRFFNC, and the League, and the performance of that contract. In this regard, beginning in 2005, the City, IRFFNC, and the League contracted for claims handling services to be provided to the City, pursuant to that certain contract, entitled, "CONTRACT FOR THIRD PARTY ADMINISTRATOR SERVICES FOR PROPERTY AND LIABILITY CLAIMS, CITY OF Durham" (the "Contract"), made and entered into as of August 1, 2005.

5. A true and certified copy of the Contract is attached hereto as Exhibit 1, and is an exact copy of that which is on file at the League. (Due to its length, the "City of Durham Request for Proposal Dated April 22, 2005" that is referenced in paragraph 9.iii has been omitted from this exhibit.)

6. As stated in paragraph 2 of the Contract, the initial term of the Contract commenced on August 1, 2005, and was scheduled to expire June 30, 2006. Paragraph 2 of the Contract further provided that, unless terminated by the City or IRFFNC, it would renew automatically for terms that are concurrent with the City's fiscal year. The Contract has been renewed in accordance with this provision, and at present it is in effect until June 30, 2009.

7. Pursuant to the Contract, IRFFNC, through the League as third party administrator, agreed to provide claims handling services to the City. Such claims

handling services, which are described in Attachment A to the Contract (Scope of Services) have included generally, among other things, the following:

    (a)    receiving liability claims;

    (b)    investigating those claims by interviewing witnesses, gathering relevant documentation, and obtaining damages estimates and valuations;

    (c)    analyzing and evaluating the claims; and

    (d)    denying the claims on behalf of the City, or within a discretionary settlement authority limit set by the Contract, authorizing the payment of the claim out of City funds, or making recommendations to the City regarding payment of the claims out of City funds in excess of the discretionary limit specified by the Contract.

8.    In all instances, the Contract anticipated and provided that, and has been performed such that, all claims paid in accordance with the Contract were to be paid and have been paid solely with City funds. In this regard, paragraph 10 of the Contract provides in part as follows:

> The City is not a party to the interlocal agreement referred to hereinabove pursuant to which the IRFFNC was established and exists, and the City is not a participant in the risk pool therein created. This Contract is exclusively for third party administrator services only as the City is self insured.

9.    At no time during the course of the Contract has the City participated in the risk pool created by IRFFNC. At no time during the course of the contract has IRFFNC been the source of any of the funds used to pay any claims on behalf of the City.

10. With respect to the League, the programs it offers and administers, including but not limited to IRFFNC, and the contract between the City and the League described above as originally executed and as extended, the following statements of Darwin Laws, Risk Manager of the City, in his affidavit dated October 22, 2008, are entirely correct:

> 13. The City does not now participate, and has not in the past participated, in any local government risk pool pursuant to Article 23 of Chapter 58 of the North Carolina General Statutes.
>
> 14. The City is not a party to any agreement with any city, county, or other local governmental entity to pool retention of their risks for property losses and liability claims and to provide for the payment of such losses of or claims made against any member of the pool on a cooperative or contract basis with one another.
>
> 15. The City is not a party to any agreement which requires a risk pool or any other entity to pay claims for which the City incurs liability.

This the 9th day of December, 2008.

J. STEVEN LEE

Sworn to and subscribed before me this the 9th day of December, 2008.

Kathy D. Bullock
Notary Public
Wake County, NC

(Official Stamp or Seal)

Notary Public
My commission expires: 1/9/2013

8838-34\P\014 Aff S Lee