IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EDWARD CARRINGTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:08CV119 |
| ) | |
| DUKE UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

Defendant Linwood Wilson ("Wilson"), who is *pro se*, has filed a Motion to Disqualify [Doc. #75] seeking to disqualify Attorney William J. Thomas ("Thomas") as one of the attorneys for Plaintiffs in this case, based on Defendant Wilson's contention that he intends to call Attorney Thomas as a witness in this matter. Under North Carolina Rule of Professional Conduct 3.7: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."

In response, Plaintiffs contend that Defendant Wilson has failed to demonstrate that Attorney Thomas is likely to be a necessary witness in this case. Plaintiffs note that in applying Rule 3.7, "[a] necessary witness is one whose evidence is material to issues in litigation, and which cannot be obtained elsewhere." See Metropolitan P'ship, Ltd. v. Harris, 2007 WL 2733707 (W.D.N.C. Sept. 17, 2007) (citing Cunningham v. Sams, 161 N.C. App. 295, 298, 588 S.E.2d 484, 487 (2003)). Thus, Plaintiffs contend, an attorney should only be disqualified as a "necessary witness" if: "(1) the attorney will give evidence material to the issues to be

determined; (2) the evidence cannot be obtained elsewhere; and (3) the testimony is prejudicial or may be prejudicial to the testifying attorney's client." Ohio Cas. Ins. Co. v. Firemen's Ins. Co., 2008 WL 441840 (E.D.N.C. Feb. 13, 2008) (citing Metropolitan Partnership, 2007 WL 2733707 (W.D.N.C. Sept. 17, 2007)).

Having considered the contentions of the parties, the Court concludes that at this preliminary stage in the proceedings, Defendant Wilson has failed to establish that Attorney Thomas is likely to be a necessary witness in this case sufficient to justify disqualification of Attorney Thomas as counsel in this matter. However, if during later stages of these proceedings it appears that Attorney Thomas is a necessary witness, the Court will allow the parties to revisit this issue at that time.

IT IS THEREFORE ORDERED that Defendant Linwood Wilson's Motion to Disqualify Counsel [Doc. #75] is DENIED.

This, the 30th day of March, 2009.

                                              James A. Beaty
                                       United States District Court Judge