IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:08-CV-119

| | |
|---|---|
| EDWARD CARRINGTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | **DEFENDANT** |
| ) | **J. WESLEY COVINGTON'S** |
| vs. ) | **SUPPLEMENTAL BRIEF** |
| ) | **IN SUPPORT** |
| DUKE UNIVERSITY, *et al.*, ) | **OF HIS MOTION TO DISMISS** |
| ) | **PURSUANT TO RULE 12(b)(6)** |
| Defendants. ) | |

No doubt should now remain about the significant change in federal procedural law as a result of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 167 L. Ed. 2d 929, 127 S. Ct. 1955 (2007). *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009), unequivocally confirms that a plaintiff cannot now rely on the heretofore liberal and forgiving pleading principles enunciated in *Conley v. Gibson,* 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Conclusory and implausible allegations that once passed muster no longer buy a plaintiff a ticket to force expensive and extensive discovery in hopes of finding some facts that might save him from summary judgment.

Plaintiffs' arguments in response to Defendant Wes Covington's Rule 12(b)(6) motion are reminiscent of Justice Souter's dissent in *Iqbal*. Plaintiffs believe their Complaint adequately complies with Rule 8, as Justice Souter believed with respect to Plaintiff Iqbal's Complaint. However, even with the effort expended by the plaintiff's counsel in *Iqbal* to allege "the right things," the majority of the Supreme Court found the Complaint lacking, holding the plaintiff to a stricter standard under *Twombly*.

Covington's initial brief in support of his Rule 12(b)(6) motion and his reply brief already set forth the reasons why Plaintiffs have failed to adequately plead as required by *Twombly*, and so this supplemental brief (allowed by the Court's June 4, 2009, Order) will not repeat the points previously made. However, Covington will briefly highlight some of the language in *Iqbal*.

Covington had recounted in his briefs just how implausible the allegations are that his alleged conduct was the proximate cause of any injury that Plaintiffs allegedly suffered. A mere, a "sheer," possibility of proximate cause is insufficient, since proximate cause is very much an aspect of the liability of a defendant that a plaintiff must adequately plead. As noted by the Supreme Court:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but *it asks for more than a sheer possibility* that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "
>
> . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, *only a complaint that states a plausible claim for relief survives a motion to dismiss*. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the *mere possibility* of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Iqbal*, 129 S. Ct. at 1949-50 (citations omitted; emphasis added).

Covington relayed in his reply brief the specter of huge costs to be incurred if Plaintiffs get their wish and discovery proceeds, and he recited *Twombly*'s concern about expensive and extensive discovery and its rejection of a "careful case management" alternative. Covington's Reply Brief, at pp. 2-3. *Iqbal* is in accord:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 129 S. Ct. at 1953.

Wes Covington, with new aid from the United States Supreme Court and its *Iqbal* opinion, implores the present Court to apply the now-existing mandate of a stricter pleading requirement and to find that Plaintiffs have fallen short in their effort to keep the less-than-peripheral defendant in the lawsuit. If the extensive and sometimes-explicit allegations of the plaintiff in *Iqbal* failed to satisfy the majority of the Supreme Court (much to the lament of the dissenters), the less explicit and more general allegations of Plaintiffs against Wes Covington should also fail.

Respectfully submitted, this the 24th day of June, 2009.

/s/ Kenneth Kyre, Jr.
N.C. State Bar Number: 7848
Attorney for Defendant Covington
Pinto Coates Kyre & Brown, PLLC
P.O. Box 4848
Greensboro, NC 27404
Telephone: (336) 282-8848

Fax: (336) 282-8409
E-mail: kkyre@pckb-law.com

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2009, I electronically filed the foregoing Defendant Covington's Supplemental Brief in Support of His Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

- **CHARLES J. COOPER**
  ccooper@cooperkirk.com,nmoss@cooperkirk.com,dlehn@cooperkirk.com,jbond@ cooperkirk.com,mbarr@cooperkirk.com
- **JAMES DONALD COWAN , JR**
  don.cowan@elliswinters.com,tamera.surber@elliswinters.com,linda.jones@elliswinters. com,lauren.gavin@elliswinters.com,becky.byron@elliswinters.com,carole.seidel@elliswinters.com
- **JOEL MILLER CRAIG**
  jcraig@kennoncraver.com,rrogers@kennoncraver.com,hsappenfield@kennoncraver.com
- **REGINALD B. GILLESPIE , JR**
  rgillespie@faison-gillespie.com,mherrington@steptoe.com,lquadrino@ steptoe.com,diane.taylor@faison-gillespie.com,susan.veasey@faison-gillespie.com,Kelly.Troy@durhamnc.gov,Kimberly.Grantham@durhamnc.gov,JPNolan@steptoe.com,RWarin@steptoe.com,Beverly.Thompson@durhamnc.gov,mvatis@ steptoe.com
- **JAMIE S. GORELICK**
  jamie.gorelick@wilmerhale.com
- **PATRICIA P. KERNER**
  tricia.kerner@troutmansanders.com,melissa.bowling@troutmansanders.com,tracy.bowling@troutmansanders.com
- **WILLIAM F. LEE**
  william.lee@wilmerhale.com
- **DAVID M. LEHN**
  dlehn@cooperkirk.com
- **DAVID WILLIAM LONG**
  dwlong@poynerspruill.com
- **JAMES B. MAXWELL**
  jmaxwell@mfbpa.com,lrosemond@mfbpa.com

- **DAN JOHNSON MCLAMB**
  dmclamb@ymwlaw.com,cyounger@ymwlaw.com
- **JENNIFER M. O'CONNOR**
  jennifer.oconnor@wilmerhale.com,whdukelacrosseassociates@wilmerhale.com, whdukelacrosseparalegals@wilmerhale.com
- **SHIRLEY MARING PRUITT**
  spruitt@ymwlaw.com
- **HENRY W. SAPPENFIELD**
  hsappenfield@kennoncraver.com,rrogers@kennoncraver.com
- **ERIC P. STEVENS**
  estevens@poyners.com,eweston@poyners.com,jking@poyners.com
- **HANNAH GRAY STYRON**
  hannah.styron@troutmansanders.com,nella.johnson@troutmansanders.com
- **WILLIAM JOHN THOMAS , II**
  thomas@tfmattorneys.com,tfm@tfmattorneys.com
- **DAVID H. THOMPSON**
  dthompson@cooperkirk.com
- **D. MARTIN WARF**
  martin.warf@troutmansanders.com,nella.johnson@troutmansanders.com
- **DIXIE THOMAS WELLS**
  dixie.wells@elliswinters.com,becky.byron@elliswinters.com,carole.seidel@elliswinters.com,sherry.pounds@elliswinters.com
- **LINWOOD WILSON**
  LinwoodW@aol.com
- **PAUL R.Q. WOLFSON**
  Paul.Wolfson@wilmerhale.com
- **THOMAS CARLTON YOUNGER , III**
  cyounger@ymwlaw.com

This the 24th day of June, 2009.

/s/ Kenneth Kyre, Jr.
N.C. State Bar Number:  7848
Attorney for Defendant Covington
Pinto Coates Kyre & Brown, PLLC
P.O. Box 4848
Greensboro, NC 27404
Telephone:  (336) 282-8848
Fax:  (336) 282-8409
E-mail:  kkyre@pckb-law.com