IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

No. 1:08-cv-119

_____
                                            )
EDWARD CARRINGTON *et al.*,                 )
                                            )
        Plaintiffs,                         )
                                            )   CIVIL
                v.                          )   COMPLAINT
                                            )
DUKE UNIVERSITY *et al.*,                   )   JURY TRIAL
                                            )   DEMANDED
        Defendants.                         )
_____)

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiffs move for leave to file their First Amended Complaint ("Amended Complaint") in order to add Count Thirty-Two against Defendant City of Durham under Article I, Section 19 of the North Carolina Constitution, as recently reinterpreted by the North Carolina Supreme Court in *Craig v. New Hanover County Board of Education*, 678 S.E.2d 351 (N.C. 2009). The proposed Amended Complaint also makes several housekeeping changes. Exhibit 1 to this motion is a copy of the proposed Amended Complaint. Exhibit 2 to this motion is the pages of the Complaint that would be amended, with changes shown in redline. Plaintiffs' counsel have conferred with counsel for Defendants, who have stated that the City

1

of Durham and Linwood Wilson object to this motion, Wesley Covington does not consent to the motion but does not intend to file an opposition to it, and the remaining defendants take no position on the motion.

## I. NEW CONSTITUTIONAL CLAIM AGAINST DURHAM PURSUANT TO *CRAIG v. NEW HANOVER COUNTY*

On June 18, 2009, the North Carolina Supreme Court recognized the availability of a direct cause of action against a municipality under Article I, Section 19 of the North Carolina Constitution where a plaintiff's state-law claims are subject to a governmental immunity defense. *Craig v. New Hanover Cty. Bd. of Educ.*, 678 S.E.2d 351 (N.C. 2009). The court reasoned that, where a municipal defendant can assert governmental immunity—for example, because the municipality's excess liability insurance policies exclude from coverage the plaintiff's state-law claims—the application of such immunity would leave the plaintiff without an "adequate remedy at state law." *Id*. at 353. Under such circumstances, the "plaintiff may move forward in the alternative, bringing his colorable claims directly under [the North Carolina] State Constitution based on the same facts that formed the basis for his" state-law claims. *Id.* at 355.

In the case at bar, Durham has moved for partial summary judgment on all of Plaintiffs' state-law causes of action on governmental immunity grounds. As in *Craig*, the City predicates its motion on the language of the City's insurance

2

policies. *See* Durham's Mot. for Partial Summ. J. (Governmental Immunity) (Doc. 113). Although Plaintiffs have contested Durham's assertion of immunity, if the City were to prevail Plaintiffs would be left without an "adequate remedy at state law" against the City under the new rule of law announced in *Craig*. 678 S.E.2d at 352. Therefore, under *Craig*, Plaintiffs are entitled to assert a claim against the City directly under Article I, Section 19 of the North Carolina Constitution. *See id.* "[C]onstitutional rights should not be determined by the specific language of the liability insurance policies carried by" municipal defendants. *Id.* at 357.

Federal Rule of Civil Procedure 15(a) mandates that "leave to amend a complaint 'shall be freely given when justice so requires.'" *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002). "The law is well settled 'that leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (emphasis in original)).

Rule 15 and its principles direct that Plaintiffs be allowed to amend their complaint. Before *Craig*, the North Carolina Supreme Court had not addressed whether a plaintiff could assert a direct constitutional claim when the plaintiff had asserted state-law claims that might be subject to an immunity defense. In its

3

opinion in *Corum v. University of North Carolina*, 413 S.E.2d 276 (N.C. 1992), the Court held that a direct constitutional claim was available only "in the absence of an adequate state remedy." *Id.* at 289. But as *Craig* noted, "this Court did not consider the relevance of sovereign immunity" in *Corum* because "state law did not provide for the type of remedy sought by the plaintiff" in that case. 678 S.E.2d at 356. *Craig* makes clear that, in cases in which state-law claims can be pleaded, state constitutional claims also may be pleaded in the alternative in the event that the regular state-law claims are barred by governmental immunity:

> Indeed, to be considered adequate in redressing a constitutional wrong, a plaintiff must have at least the opportunity to enter the courthouse doors and present his [state-law] claim. Under the facts averred by plaintiff here, the doctrine of sovereign immunity precludes such opportunity for his common law negligence claim because the defendant Board of Education's excess liability insurance policy excluded coverage for the negligent acts alleged. . . . If plaintiff is not allowed to proceed in the alternative with his direct colorable constitutional claim, sovereign immunity will have operated to bar the redress of the violation of his constitutional rights, contrary to the explicit holding of *Corum.*

*Id.* at 355-56.

Turning to the other Rule 15 factors, there is no conceivable prejudice to Durham from, or bad faith inherent in, the proposed amendment, which arises from the same factual allegations as Plaintiffs' current claims and which—apart from the new rule undeniably announced by *Craig* itself—raises no new legal issues that have not already been exhaustively briefed in connection with the pending motions

4

to dismiss. Plaintiffs would not object to Durham's filing a supplemental brief limited to the new legal issues raised by the new Count Thirty-Two. Nor can Durham plausibly suggest that Plaintiffs' proposed amendment would be futile, in light of *Craig* and the City's own position that Plaintiffs' state-law claims are barred by governmental immunity.

## II. HOUSEKEEPING AMENDMENTS

The proposed Amended Complaint would make two housekeeping amendments. First, in accordance with Plaintiffs' briefs in opposition to the Duke University Defendants' motion to dismiss, the Amended Complaint withdraws Count 17, the promissory estoppel claim against Duke University, because Plaintiffs have conceded that claim is not viable. *See* Pls.' Opp. to Duke Univ. Defs. Mot. to Dismiss (Doc. 96) at 32, 50. Second, the Amended Complaint would correct a few small typographical errors that appeared in the original Complaint. No additional briefing would be necessary to address these housekeeping amendments.

## CONCLUSION

For these reasons, Plaintiffs respectfully submit that this Court should grant leave to file the proposed Amended Complaint.

September 1, 2009            Respectfully submitted,

**COOPER & KIRK, PLLC**

By:   /s/ Charles J. Cooper
      _____
      Charles J. Cooper
      ccooper@cooperkirk.com
      David H. Thompson
      Brian S. Koukoutchos
      Nicole Jo Moss (N.C. Bar # 31958)
      nmoss@cooperkirk.com
      David Lehn
      1523 New Hampshire Avenue, NW
      Washington, DC  20036
      Tel. (202) 220-9600

                     -and-

**THOMAS, FERGUSON & MULLINS, L.L.P.**

By:   /s/ William J. Thomas
      _____
      William J. Thomas, II (N.C. Bar # 9004)
      thomas@tfmattorneys.com
      119 East Main Street
      Durham, NC  27701
      Tel. (919) 682-5648

*Attorneys for Plaintiffs*

6

# CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

*Counsel for J. Wesley Covington*
    Kenneth Kyre, Jr.
    Email: kkyre@pckb-law.com

*Counsel for City of Durham*
    Reginald B. Gillespie, Jr.
    Email: rgillespie@faison-gillespie.com

*Counsel for Mark Gottlieb*
    David William Long
    Email: dwlong@poynerspruill.com

*Counsel for Benjamin Himan*
    Joel Miller Craig
    Email: jcraig@kennoncraver.com

*Counsel for Patrick Baker, Steven Chalmers, Ronald Hodge, Lee Russ, Stephen Mihaich, Beverly Council, Jeff Lamb, Michael Ripberger*
    Patricia P. Kerner
    Email: tricia.kerner@troutmansanders.com

*Counsel for David Addison*
    James B. Maxwell
    Email: jmaxwell@mfbpa.com

*Linwood Wilson, pro se*
    Email: LinwoodW@aol.com

*Counsel for Duke University Defendants and Duke SANE Defendants*
    Jamie S. Gorelick
    Email: jamie.gorelick@wilmerhale.com

                                                          /s/ David Lehn